# Case No. 24-10543

---

## *IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT*

---

Conghua Yan,

        *Plaintiff - Appellant*

v.

State Bar of Texas, a private company; Barrows Firm, a private company; Leslie Starr Barrows, in Individual Capacity, as Member of the State Bar of Texas; William Albert Pigg, in Individual Capacity, as Member of the State of Texas; Samantha Ybarra, in Individual Capacity, as Member of the State Bar of Texas; Luis Jesus Marin, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Daniel Eulalio Martinez, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Rachel Ann Craig, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Lori L. Deangelis, in Individual Capacity, as member of the State Bar of Texas, and Official Capacity as Assistant Judge; Tarrant County; U.S. Bank,

        *Defendants - Appellees*

---

On Appeal from the United States District Court for the

Northern District of Texas, Fort Worth Division

Civil Action No. 4:23-CV-00758-P, The Hon. Mark T Pittman, Presiding

---

# APPELLANT'S UNOPPOSED/OPPOSED MOTION TO EXTEND BRIEFING DEADLINE, TO EXCEED SIZE AND TO REQUEST JURISDICTION DETERMINATION

Coming now, pursuant to Federal Rules of Appellate Procedure 26 and 27 and local rules, Appellant Conghua Yan ("Yan" or "Appellant") hereby **requests** a 45-day extension of time to file the Opening Brief, currently due on August 12, 2024, to and including September 26, 2024. This is Yan's **first** noticed motion for an extension.

Additionally, Yan **requests** to exceed the size limit of the brief due to some extraordinary circumstances.

Finally, Yan **requests** that this Court make a jurisdiction determination in advance before any party expends unnecessary efforts.

Appellees the State Bar of Texas; Luis Jesus Marin; Daniel Eulalio Martinez; Rachel Ann Craig graciously unopposed all three requests.

Appellee William Albert Pigg opposed all three requests.

Appellees Lori L. Deangelis and Tarrant County unopposed the extension but opposed the other two requests.

Appellee U.S. Bank unopposed the extension on the condition that all Appellees are granted the extension and expressed no opinion about other two requests.

Appellees Barrows Firm; Leslie Starr Barrows; Samantha Ybarra unopposed the extension but opposed the last request, expressed no opinion about second request.

Good Cause for the Extension

This extension is necessary and justified for two reasons:

First, Yan's appeal was accepted by this Court in its final briefing notice on **July 2, 2024**, with a due date set for 40 days later, on **August 12, 2024**. However, the district court's record shows that "Electronic Record on Appeal (EROA) transmitted to Conghua Yan **on disk by mail**. [24-10543]. (tle) (Entered: **07/16/2024**)." Yan received this mail containing a CD on **July 22, 2024**, which leaves Yan, a pro se litigant, merely 20 days to review and prepare his brief. Contrarily, every opposing licensed counsel had privileged online ECF access to the EROA since **July 4, 2024**.

Second, and relatedly, under extraordinary circumstances: Yan started his **very lifetime first** pro se journey in **2023** with **zero legal experience** prior to 2023. Yan is a **first-generation immigrant** who **does not have any US educational degree**, and **English is not his native language**. **Yan did not speak English at all until his late 20s**. Additionally, Yan has a full-time job, and he can only work on drafting his brief in the evening or over the weekend.

Yan respectfully requests that this Court extend its deadline to file its answering brief by 45 days to and including September 26, 2024.

The date requested to file is a matter of precaution only, Yan believes he can file the brief prior to that time; however, he asks for until September 26, 2024, solely to make sure there is not a need for another extension.

Good Cause to Exceed Size

This request to exceed size limit is necessary and justified for extraordinary circumstances:

First, Yan's appeal raises numbers of questions of first impression.

- A complaint alleging a state-wide, decade-long pattern of *18 U.S.C. 664* RICO scheme and ERISA violations is **unprecedented and a matter of first impression in law**.
- Whether a **state** family court "associate judge" (a fancy word for "judge's master", interchangeable under **state** common law), a municipal local **county** employee, a non-elected state judicial role **expressly** created by the **state** statute, granted with **explicitly** limited statutory judicial power, when her acts are alleged to be under a clear absence of all **state** statutory explicitly granted jurisdiction (personal

and subject matter), is still entitled to **federal** common law judicial absolute immunity—typically applied only to **Article III judicial branch actors—is unprecedented and a matter of first impression in law**.

- Whether the State Bar of Texas, a state agency with hybrid functions, and its associates are still entitled to immunity when their RICO and antitrust acts are alleged to be concerning the **unlawful way of obtaining professional service fees matter** from **ERISA** protected assets is **unprecedented and a matter of first impression in law**.

- After SCOTTX expressly ruled that **state** common law immunity do not have expand to the entitlement of **federal** common law immunity in *Taylor v. Tolbert*, 644 S.W.3d 637 (Tex. 2022), whether Texas attorneys are still entitled to any federal common law immunity in federal courts, when their acts are alleged violation of federal statute and is **unprecedented and a matter of first impression in law**.

- Under factual allegation within pleading, the victims are nation-wide. Substantial justice requires addressing fully all of the issues.

Second, the final judgment summarized **six motions to dismiss** "[ECF Nos. **69, 70, 75, 83, 90, 126**]" plus **one answer to the pleading** "[ECF No. **73**]",

totaling **seven filings** into **one dismissal judgment**, creating a situation appeared partiality towards the Appellant who is a pro se litigant.

- The Appellant can only file a 13,000-word opening brief to address **seven corresponding filings** from **seven consolidated opposing parties**. The opening brief must cover all the issues concerning the seven opposing parties' filings upon de novo review. This leaves the Appellant, a pro se litigant and non-native English speaker, with **1,850 words** limit against **each party** represented by licensed counsel.
- Meanwhile, seven consolidated opposing parties (Appellees) can file counter briefs individually, each with a 13,000-word limit, to address their own issues separately.
- 1,850-word vs. 13,000-word, self-represented litigant vs. licensed attorney. This technical restriction does not appear impartial from any aspect. Its narrative does not fit legislator's intention.
- Granting an extended word limit will not prejudice the adverse party. Each of the six motions to dismiss is interlocutory appealable on separate grounds.
- If these six motion to dismiss petitions were granted separately, Yan could have 13,000 words to address each dismissal order under de novo. However, when the district court combined **six motions to**

**dismiss** plus **one answer to the pleading** into one single order, this way of handling construed an unfair legal trap disfavors a pro se litigant.

""All pleadings shall be so construed as to do substantial justice"" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Yan is at a disadvantage even before the adversary starts.

One of the seven Motion to Dismiss "[ECF No. **73**]" alone is 9,100 words. Yan believes there is no possible way he can finish the opening brief within **1,850 words** limit against **each of seven filings** to address all issues concerning all defendants in this unprecedented RICO case under the standard of review of de novo.

This size limitation upon Yan's opening brief eliminates the substantial justice. Therefore, Yan requests to exceed the size limitation of the opening brief as **required for justice**.

## Jurisdiction Determination

Appellant request this Court to determine whether the April 23, 2024 judgement, [ECF No. 149][1], is a final, appealable judgement.

---

[1] ROA.24-10543.2094

""In a lawsuit which contains multiple claims and/or multiple parties, a final judgment exists only if it meets one of two conditions: The judgment must **either adjudicate all claims, rights, and liabilities of all parties** or the district court **must expressly conclude that no just reason exists for delaying the entry of final judgment** and **must expressly order the entry of that judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure**. *Jetco Electronic Industries, Inc. v. Gardiner*, 473 F.2d 1228, 1231 (5th Cir.1973)." *Bader v. Atlantic International, Ltd.*, 986 F.2d 912 (5th Cir. 1993)."[2]

"Neither of the exceptions is met in this case. There are multiple parties, multiple claims here. The district court neither expressly determined that no just reason for the delay of final judgment existed nor directed that the judgments be deemed final as to any party. Absent those express statements, which are required by Rule 54(b), the April 23, 2024, judgment herein, [**ECF No. 149**] and its preceding April 23, 2024, 2023, order [**ECF No. 148**] must adjudicate all of the claims and all of the rights and liabilities of all of the parties. This, they do not do. The order [ECF No. 148] dispose only claims against the Defendants who filed motions to dismiss. It does not even discuss the RICO, Antitrust and 1983 claims

---

[2] ROA.24-10543.2129

(First, Second and Fifth) against the Defendant William Pigg, who **filed an answer** and never asserted any dismissal request pursuant to Rules 12(b)(1) and 12(b)(6)."[3]

"Consequently, this order [ECF No. 148] in this case is interlocutory. This order erroneously concluded that after "the Court GRANTS **all remaining motions**," "[ECF Nos. **69, 70, 75, 83, 90, 126**]," "all other Defendants have been terminated at this juncture"[4], therefore it erroneously ORDERED "that this civil action is DISMISSED." This order disregarded the answer of pleading filed by the Defendant **William Pigg**. And the subsequent judgement [**ECF No. 149**] erroneously dismissed this civil action, noncompliant to FRCP Rule 58."[5]

""[T]he Supreme Court has recently restated the general test for finality as being a decision "that `ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."'" *Newpark Shipbuilding Repair, v. Roundtree*, 723 F.2d 399, 401 (5th Cir. 1984)."[6]

Appellant asserts that the April 23, 2024 judicial action of dismissal of case does not meet the finality rule.

---

[3] ROA.24-10543.2130
[4] ROA.24-10543.2093
[5] ROA.24-10543.2130
[6] ROA.24-10543.2130

Appellant pleaded and raised this finality rule reasoning in a Rule 59e Motion[7](ECF No. 150), cited the precedent *Bader v. Atlantic International, Ltd.* 986 F.2d 912 (5th Cir. 1993), the district court disregarded his finality rule reasoning and denied the motion[8](ECF No. 153).

Appellant requests this Court to determine whether this Court has jurisdiction if the final judgment erroneously dismissed the whole case, leaving the Defendant William Pigg's answer to the pleading for the claims against him **unruled** in the district court. ([ECF No. **73**][9] is never mentioned in the final Order)

Whether a district court judge can sua sponte dismiss claims against Defendant William Pigg, pre-discovery, with prejudice, in final judgement, when Defendant William Pigg de facto responded and answered the complaint[10] [ECF No. **73**] without seeking Rule 12 dismissal, is a matter of law needs this Court to rule.

To save the judicial resource, this Court should make a determination now before every party file their brief.

---

[7] ROA.24-10543.2095-2131
[8] ROA.24-10543.16
[9] ROA.24-10543.1230
[10] ROA.24-10543.1230

CONCLUSION

Yan prays this Court to grant his requested reliefs for extension and to exceed size limit, and also make a determination of jurisdiction for this appeal.

Respectfully submitted,

/s/ Conghua Yan<br>Conghua Yan, Pro Se Plaintiff

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886] [arnold200@gmail.com]

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY

*28 U.S.C. § 1746*

My name is Conghua Yan. I am over the age of 18, and I am fully competent to execute this unsworn declaration. I am the movant in this Motion. I am the pro se litigant filing the Motion.

If executed within the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 26, 2024.

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff

# CERTIFICATE OF CONFERENCE

On July 25, 2024, Yan conferred with all Appellees.

Appellees the State Bar of Texas; Luis Jesus Marin; Daniel Eulalio Martinez; Rachel Ann Craig graciously unopposed all three requests.

Appellee William Albert Pigg opposed all three requests.

Appellees Lori L. Deangelis and Tarrant County unopposed the extension but opposed the other two requests.

Appellee U.S. Bank unopposed the extension on the condition that all Appellees are granted the extension and expressed no opinion about other two requests.

Appellees Barrows Firm; Leslie Starr Barrows; Samantha Ybarra unopposed the extension but opposed the last request, expressed no opinion about second request.

 
 
 
                             /s/ Conghua Yan
                              Conghua Yan, Pro Se Plaintiff
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092]
                              [214-228-1886] [arnold200@gmail.com]

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document has been served in a manner in compliance with Rule 25(b) and (c) of the Fed. R. App. P., on July 26, 2024, on all registered counsel of record, and has been transmitted to the Clerk of the Court.

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092]
[214-228-1886] [arnold200@gmail.com]
July 26, 2024
