Case No. 24-10543

# In the United States Court of Appeals for the Fifth Circuit

Conghua Yan,

                              Plaintiff - Appellant

v.

The State Bar of Texas, a private company; The Barrows Firm, a private company; Leslie Starr Barrows, in Individual Capacity, as Member of the State Bar of Texas; William Albert Pigg, in Individual Capacity, as Member of the State of Texas; Samantha Ybarra, in Individual Capacity, as Member of the State Bar of Texas; Luis Jesus Marin, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Daniel Eulalio Martinez, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Rachel Ann Craig, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Lori L. DeAngelis, in Individual Capacity, as member of the State Bar of Texas, and Official Capacity as Associated Judge; Tarrant County; U.S. Bank,

                              Defendants – Appellees

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division

**DEFENDANT-APPELLEE LORI L. DEANGELIS'S RESPONSE TO APPELLANT'S MOTION TO REQUEST SUPPLEMENTAL RELIEF**

TO THE HONORABLE JUDGES OF THE FIFTH CIRCUIT:

Appellant Conghua Yan has filed a motion to request supplemental relief, namely that "his case be reassigned to a different district judge outside the State of Texas upon remand." Doc. 54. Yan's motion should be denied for either of the following two reasons.

First, Yan has not met his burden to obtain a reassignment of this case in the event of a remand. His motion cites no law and no factual basis for the relief he is requesting. In short, this Court should deny the motion because it is legally and factually unsubstantiated.

This Court has recently addressed when reassignment may and may not be appropriate. *See M.D. by Stukenberg v. Abbott*, No. 24-40248, 2024 WL 4471977, at *8-9 (5th Cir. Oct. 11, 2024) (discussing 28 U.S.C. §§ 455, 2106). As a generally rule, reassignment "is an extraordinary power and should rarely be invoked." *Id.*, at *8 (quoting *United States v. Winters*, 174 F.3d 478, 487 (5th Cir. 1999)).

This Court has utilized two separate tests to decide the issue of case reassignment. *Id*. First, under a more formal approach, this Court considers the following three factors: (1) "whether the original judge would reasonably be expected upon remand to have substantial

difficulty" in putting aside her previously expressed but inappropriate views, (2) "whether reassignment is advisable to preserve the appearance of justice," and (3) "whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *Id.* (quoting *Johnson v. Sawyer*, 120 F.3d 1307, 1333 (5th Cir. 1997) (citations omitted)).

Second, "[t]his court also asks the more straightforward question 'whether the judge's role might reasonably cause an objective observer to question [the judge's] impartiality.'" *Id.*, at *9 (quoting *Miller v. Sam Houston St. Univ.*, 986 F.3d 880, 893 (5th Cir. 2021) (alteration in original) (citations and quotations omitted)). "[R]eassignment can be appropriate 'not just when actual bias or prejudice exists.'" *Id.* (quoting *Johnson*, 120 F.3d at 1333). Because "the second factor of the first test is virtually identical" to this simpler approach, the "result of each test has always been the same." *Id.* (quoting *United States v. Khan*, 997 F.3d 242, 249 n.4 (5th Cir. 2021)). The two tests are analyzed together because of this "redundancy." *Id.*

Here, Yan has not set forth any argument, nor has he pointed to anything in the record, that would demonstrate that this Court should

consider reassigning this case in the unlikely event of a remand. Indeed, were this Court to review the underlying record, there is simply no basis to conclude that the District Court is biased or impartial or that any objective observer would question the District Court's impartiality. Yan simply does not agree with the District Court's ruling. However, "'judicial rulings alone almost never constitute a valid basis' for finding bias or partiality." *Id.* (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 581 (5th Cir. 2005) (quoting *Liteky v. United States*, 510 U.S. 540, 555, (1994))).

The District Court properly analyzed Yan's pleadings under the applicable standards and the law cited in the motions to dismiss before it. In acting without bias or partiality, there is no basis for this Court to grant the extraordinary relief of reassignment that Yan has requested. This Court should, therefore, deny Yan's motion. Doc. No. 54.

Second, Yan's motion is predicated on a reversal and a remand. For all of the reasons that will be stated in Judge Lori DeAngelis's forthcoming brief, as well as the briefs of the other Defendants-Appellees, this Court should affirm, which will moot Yan's motion.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Defendant Lori DeAngelis respectfully requests this Court affirm the District Court's Final Judgment (dismissing Yan's claims against Judge DeAngelis) and deny Yan's Motion to Request Supplymental [sic] Relief." Doc. 54.

Respectfully submitted,

*/s/ David Keith Hudson*
**DAVID KEITH HUDSON**
State Bar No. 10151150
Assistant Criminal District Attorney

**PHIL SORRELLS**
**CRIMINAL DISTRICT ATTORNEY**
**TARRANT COUNTY, TEXAS**

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor – Civil Division
Fort Worth, Texas 76196
817-884-1233 – Telephone
817-884-1675 – Facsimile
E-Mail:dkhudson@tarrantcountytx.gov

**COUNSEL FOR DEFENDANT - APPELLEE, LORI DEANGELIS**

# CERTIFICATE OF SERVICE

I certify that, on October 22, 2024, a true and correct copy of the above and foregoing document was served to all parties who have entered and appeared (via their counsel), Mr. Lyle W. Cayce, Clerk of the United States Court of Appeals for the Fifth Circuit, via the Court's CM/ECF Document Filing System.

| | |
|---|---|
| Conghua Yan<br>2140 E Southlake Blvd, Suite L-439<br>Southlake, Texas 76092<br>214-228-1886<br>arnold200@gmail.com<br>**PRO SE PLAINTIFF** | *Via Regular U.S. Mail* |

*/s/ David Keith Hudson*
**DAVID KEITH HUDSON**

# CERTIFICATE OF COMPLIANCE

With Type-Volume Limitation, Typeface Requirements,
and Type Style Requirements

The undersigned counsel certifies this motion complies with the type-volume limitation of FED. R. APP. P. 27 because this motion contains 631words as computed by the word-processing system used to prepare this response.

This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface

using Microsoft Word for Windows, version 10 in 14-point Century Schoolbook typeface (other than footnotes, which are in 12-point Century Schoolbook typeface per 5TH CIR. R. 32.1).

                                                  */s/David Keith Hudson*
                                                  **DAVID KEITH HUDSON**

Dated: October 22, 2024