Case No. 24-10543

# In the United States Court of Appeals for the Fifth Circuit

---

Conghua Yan,

Plaintiff - Appellant

v.

The State Bar of Texas, a private company; The Barrows Firm, a private company; Leslie Starr Barrows, in Individual Capacity, as Member of the State Bar of Texas; William Albert Pigg, in Individual Capacity, as Member of the State of Texas; Samantha Ybarra, in Individual Capacity, as Member of the State Bar of Texas; Luis Jesus Marin, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Daniel Eulalio Martinez, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Rachel Ann Craig, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Lori L. Deangelis, in Individual Capacity, as member of the State Bar of Texas, and Official Capacity as Associated Judge; U.S. Bank,

Defendants - Appellees

---

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division

---

**BRIEF FOR DEFENDANT-APPELLEE LORI L. DEANGELIS**

---

PHIL SORRELS
Tarrant County Criminal
District Attorney

DAVID KEITH HUDSON
Texas State Bar No. 10151150
Assistant Criminal District Attorney
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor – Civil
Fort Worth, Texas 76196
817-884-1233 – Telephone
817-884-1675 – Facsimile
E-Mail:
dkhudson@tarrantcountytx.gov

COUNSEL FOR DEFENDANT-APPELLEE LORI DEANGELIS

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal:

Plaintiff-Appellant Conghua Yan, pro se;

Defendants-Appellees State Bar of Texas, Luis Jesus Marin, Daniel Eulalio Martinez, and Rachel Ann Craig, represented by Royce Lemoine and Amanda Kates;

Defendant-Appellee William Pigg, represented by William Pigg

Defendants-Appellees Samantha Ybarra, Leslie Starr Barrows, and the Barrows Firm, represented by Roland K. Johnson and Caroline M. Cyrier;

Defendant-Appellee Lori DeAngelis, represented by Melvin Keith Ogle in the District Court and David Keith Hudson in this Court; and

Defendant-Appellee U.S. Bancorp, represented by Tyler J. Hill.

*/s/David Keith Hudson*
David Keith Hudson

Counsel of Record for Defendant-Appellee Lori DeAngelis

## STATEMENT REGARDING ORAL ARGUMENT

Defendant/Appellee Lori DeAngelis contends that oral argument will not assist the Fifth Circuit in resolving the issues on appeal because the governing legal principles are well settled. Because the District Court's "Order Accepting the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and Independently Assessing Additional Motions" is thorough and well-reasoned (ROA.2076-2093), the April 23, 2024 Final Judgment (ROA.2094) should be summarily affirmed upon submission on the briefs.

However, if oral argument is granted, Defendant/Appellee Lori DeAngelis requests an opportunity to argue in response.

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS.....................................ii

STATEMENT REGARDING ORAL ARGUMENT ...........................iv

TABLE OF CONTENTS.................................................................v

TABLE OF AUTHORITIES.........................................................vii

STATEMENT OF JURISDICTION ................................................1

    A.    District Court Jurisdiction.......................................1

    B.    Court of Appeals Jurisdiction ................................1

ISSUES PRESENTED....................................................................2

STATEMENT OF THE CASE.........................................................3

    A.    Conghua Yan is challenging state family court Associate Judge Lori DeAngelis's judicial rulings in federal court. ...............................................3

    B.    Judge DeAngelis moved to dismiss all of Yan's claims.......................................................................4

    C.    The District Court correctly dismissed all of Yan's claims against Judge DeAngelis...........................5

SUMMARY OF THE ARGUMENT .................................................6

ARGUMENTS AND AUTHORITIES .............................................7

I.    This Court should affirm the dismissal of Yan's claims against Judge DeAngelis.......................................................7

    A.    12(b)(1) standard of review.....................................7

    B.    12(b)(6) standard of review.....................................7

C.     The District Court correctly determined that Yan lacked standing to sue Judge DeAngelis, who is immune from Yan's claims. .......................................................8

D.     The District Court correctly determined that it should abstain under the *Younger* abstention doctrine. ..........................................................13

II.    Alternative grounds in Associate Judge DeAngelis's motion to dismiss support an affirmance...................................14

PRAYER FOR RELIEF.........................................................16

CERTIFICATE OF SERVICE .................................................17

CERTIFICATE OF COMPLIANCE.....................................18

# TABLE OF AUTHORITIES

PAGE(S)

Cases

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ............................................................... 8

*Bauer v. Tex.,*
   341 F.3d 352 (5th Cir. 2003) ........................................... 9, 10

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ............................................................... 7

*Colonial Life & Acc. Ins. Co. v. Medley,*
   572 F.3d 22 (1st Cir. 2009) ................................................ 13

*Colonial Life Accident Insurance Company v. Medley,*
   584 F. Supp. 2d 368 (D. Mass. 2008) ............................... 13

*Daves v. Dallas Cnty., Tex.,*
   22 F.4th 522 (5th Cir. 2022) .............................................. 11

*Davis v. Tarrant Cnty. Tex.,*
   565 F.3d 214 (5th Cir. 2009) .............................................. 11

*Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys,*
   675 F.3d 849 (5th Cir. 2012) ............................................... 8

*Harry v. Lauderdale Cnty.,*
   212 F. App'x 344 (5th Cir. 2007) ..................................... 12

*In re D.L.M.,*
   982 S.W.2d 146 (Tex. App.—Houston [14th Dist.] 1998, no pet.) ....... 11

*Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga.,*
   892 F.3d 719 (5th Cir. 2018) ............................................... 7

*Kokkonen v. Guardian Life Ins. Co.,*
   511 U.S. 375 (1991) ............................................................... 7

*Krempp v. Dobbs,*
    775 F.2d 1319 (5th Cir. 1985) ............................................. 15

*Lauren C. by & through Tracey K. v. Lewisville Indep. Sch. Dist.,*
    904 F.3d 363 (5th Cir. 2018) ............................................... 14

*Machetta v. Moren,*
    726 F. App'x 219 (5th Cir. June 4, 2018) .............................. 10

*Mark v. Spears,*
    722 F. App'x 362 (5th Cir. 2018) ........................................ 15

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,*
    457 U.S. 423 (1982) .......................................................... 13

*Mireles v. Waco,*
    502 U.S. 9 (1991) .............................................................. 10

*Pennhurst State Sch. & Hosp. v. Halderman,*
    465 U.S. 89 (1984) ............................................................ 15

*R2 Invs. LDC v. Phillips,*
    401 F.3d 638 (5th Cir. 2005) ................................................ 8

*Ramming v. United States,*
    281 F.3d 158 (5th Cir. 2001) ................................................ 7

*Rodgers v. 323rd Dist. Court Tarrant Cnty. Tex.,*
    797 F. App'x 889 (5th Cir. 2020) ........................................ 11

*Ruiz v. Estelle,*
    161 F.3d 814 (5th Cir. 1998) .............................................. 10

*Spencer v. Kemna,*
    523 U.S. 1 (1998) ................................................................ 9

*Turner v. Raynes,*
    611 F.2d 92 (5th Cir. 1980) ................................................ 11

*Wood v. Parker Cnty.,*
    463 F. App'x 360 (5th Cir. 2012) .................................... 12, 13

*Yohey v. Collins*,
  985 F.2d 222 (5th Cir. 1993) ............................................................. 15

Statutes

28 U.S.C. § 1291 ................................................................................. 1

28 U.S.C. § 1331 ................................................................................. 1

28 U.S.C. § 1343(a)(3) ....................................................................... 1

42 U.S.C. § 1983 ................................................................................. 1

Tex. Fam. Code Ann. § 201.017 ....................................................... 11

Tex. Fam. Code Ann. § 201.308 ....................................................... 11

Rules

FED. R. APP. P. 32(a)(5) ..................................................................... 18

FED. R. APP. P. 32(a)(6) ..................................................................... 18

FED. R. APP. P. 32(a)(7)(B) ............................................................... 18

FED. R. APP. P. 32(f) ........................................................................... 18

Fed. R. Civ. P. 12(b)(1) ....................................................................... 7

Fed. R. Civ. P. 12(b)(6) ....................................................................... 7

## STATEMENT OF JURISDICTION

### A.    District Court Jurisdiction

Because Conghua Yan asserted a claim under the RICO Act, 42 U.S.C. § 1983, and under federal antitrust law, the District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

### B.    Court of Appeals Jurisdiction

Pursuant to 28 U.S.C. § 1291, this Court has jurisdiction over the District Court's April 23, 2024 Final Judgment, ROA.2094, which Yan timely appealed following the May 21, 2024 denial of his motion to alter the judgment, ROA.2153 (Notice of Appeal dated June 12, 2024).

# ISSUES PRESENTED

**Response to Appellant's Issues:** Yan has stated 18 issues presented, none of which specifically refer to Judge DeAngelis. Appellant's Brief at pp. 14-18. In looking at page 55 of Appellant's Brief, Yan directly challenges the District Court's granting of Judge DeAngelis's motion to dismiss. Yan contends that the District Court erred in determining that (1) he lacked standing to sue Judge DeAngelis, (2) Judge DeAngelis was entitled to judicial immunity, and (3) *Younger* abstention applied. This Court should overrule the issues raised in Yan's arguments about Judge DeAngelis.

STATEMENT OF THE CASE

**A.  Conghua Yan is challenging state family court Associate Judge Lori DeAngelis's judicial rulings in federal court.**

Appellant Conghua Yan and his wife are going through a divorce in a Texas state court. ROA.1049. Texas Associate Judge Lori DeAngelis has presided over a portion of Yan's divorce and ordered Appellant to pay attorney's fees to both Yan's and his wife's attorneys from certain funds under Yan's control. ROA.1049; ROA.1046 at ¶ 68 (complaining that Judge DeAngelis ordered Plaintiff to prepay $10,000 in attorneys' fees for both parties' attorneys), 70 (complaining that Judge DeAngelis ordered Plaintiff to pay $25,000 to attorney Barrows and $25,000 to attorney Pigg from Plaintiff's 401k); *see also* ROA.1170-1180 (the challenged judicial rulings).

Rather than challenge these rulings in state court, Yan sued in federal district court, alleging a mass conspiracy among his former lawyer (Pigg), his wife's former lawyer (Barrows), Judge DeAngelis, the State Bar of Texas, and various other Texas attorneys. ROA.1035-1037. Yan sought to recover over $2.2 million in compensatory and punitive damages from Judge DeAngelis for alleged damages arising out of her judicial rulings in Yan's ongoing divorce proceeding (ROA.1077-1078,

3

ROA.1092 at ¶¶ 199-203, 291-293), and Yan asked the District Court to issue injunctive relief defining the "bounds of the law" and which would interfere with and override Judge DeAngelis's prior judicial rulings (ROA.1076-1077 & ROA.1092 at ¶¶ 195, 290).

## B. Judge DeAngelis moved to dismiss all of Yan's claims.

Judge DeAngelis filed a motion to dismiss all of Yan's claims against her, raising the following grounds:

1.     Yan lacked standing to sue her for the judicial rulings she made in Yan's underlying state court proceeding;

2.     The district court should abstain under the *Younger* abstention doctrine;

3.     Yan's claims were barred by judicial immunity;

4.     Yan was not permitted to enjoin Judge DeAngelis;

5.     Yan's official capacity claims against Judge DeAngelis were barred by Eleventh Amendment immunity;

6.     Yan had not stated a claim; and

7.     Yan's individual capacity claims against Judge DeAngelis were barred.

ROA.1204-1205.

**C.   The District Court correctly dismissed all of Yan's claims against Judge DeAngelis.**

The United States Magistrate Judge recommended granting Judge DeAngelis's motion to dismiss, concluding that Yan lacked standing to sue Judge DeAngelis and finding that abstention under *Younger* was appropriate. ROA.1684-1687. Yan objected, ROA.1698, and Judge DeAngelis responded, ROA.1729.

The District Court overruled Yan's objections and accepted the United State Magistrate Judge's findings, conclusions, and recommendations. ROA.148. Specifically, the District Court agreed that Yan lacked standing to sue Judge DeAngelis, it determined that Judge DeAngelis was immune from Yan's claims, and it agreed that it should abstain under *Younger*. ROA.2080-2084. The District Court dismissed Yan's other claims against the other parties and signed a Final Judgment. ROA.2094. Thereafter, Yan filed a motion to alter the judgment, ROA.2095, which the District Court denied, ROA.16 (noting electronic order). Yan then appealed. ROA.2153.

## SUMMARY OF THE ARGUMENT

Conghua Yan, a Texas family court litigant, who appeared before Associate Judge Lori DeAngelis, sued Judge DeAngelis when he disagreed with her rulings about the payment of attorneys' fees. Instead of confining himself to his state court remedies, he alleged in federal court a conspiracy among lawyers, Judge DeAngelis, the State of Texas, and the State Bar.

On appeal, Conghua Yan has written a hard-to-follow brief. However, the bottom line is that the District Court did not err in granting Judge Lori DeAngelis's motion to dismiss. First, the District Court properly determined that Yan lacked standing to sue Judge DeAngelis. Second, the District Court properly determined that Judge DeAngelis was immune from suit for damages. Third, the District Court correctly found that it should abstain under the *Younger* abstention doctrine. Moreover, Judge DeAngelis raised other independent dismissal grounds that support the District Court's dismissal of Yan's claims against Judge DeAngelis.

Therefore, this Court should affirm the Final Judgment. ROA.2094.

## I. This Court should affirm the dismissal of Yan's claims against Judge DeAngelis.

For the following reasons, this Court should overrule Yan's issues on appeal and affirm the district court's Final Judgment dismissing Yan's claims against Judge Lori DeAngelis. *See* ROA.2094.

### A. 12(b)(1) standard of review

This court reviews de novo a district court's decision to dismiss based on lack of subject matter jurisdiction and applies the same standard as the district court. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the burden is on the plaintiff to establish jurisdiction to survive the motion. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1991).

### B. 12(b)(6) standard of review

This Court reviews a dismissal for failure to state a claim de novo. *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga.*, 892 F.3d 719, 726 (5th Cir. 2018). To avoid a motion to dismiss under rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). This "demands more than" alleging that "the-defendant-unlawfully-harmed-me . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

This Court accepts all well-pleaded facts as true and views all facts in the light most favorable to plaintiffs. *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012). However, this Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

**C.     The District Court correctly determined that Yan lacked standing to sue Judge DeAngelis, who is immune from Yan's claims.**

The bulk of Yan's Brief is focused on issues and case law that are simply irrelevant to the District Court's ruling dismissing Yan's claims against Judge DeAngelis. Although Yan does not state in his issues presented that he is challenging the District Court's standing determination, he argues in his brief that "[t]he FCR erred in concluding that Yan lacked 'standing to sue in federal court for unfavorable outcomes in a state court proceeding.'" Appellant's Br. at p. 55. Not so.

Simply stated, the District Court correctly analyzed Judge DeAngelis's standing arguments and correctly concluded that Yan lacked

standing to sue Judge DeAngelis. ROA.2081-2082 (referencing and agreeing with ROA.1685-1686). Article III of the Constitution limits federal court jurisdiction to live "case[s] or controversies]." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). This means that Yan had to show that he and "the defendant [Judge DeAngelis] have adverse legal interests." *See Bauer v. Tex.*, 341 F.3d 352, 358-59 (5th Cir. 2003).

All of Yan's complaints about Judge DeAngelis concern her judicial rulings in Yan's state court family law proceeding. ROA.1049; ROA.1046 at ¶ 68 (complaining that Judge DeAngelis ordered Plaintiff to prepay $10,000 in attorneys' fees for both parties' attorneys), 70 (complaining that Judge DeAngelis ordered Plaintiff to pay $25,000 to attorney Barrows and $25,000 to attorney Pigg from Plaintiff's 401k); *see also* ROA.1170-1180 (the challenged judicial rulings). Yan has no case or controversy with the judge who issued such rulings. Rather, Yan's disagreement with and about state court rulings can and should only be litigated against his actual adversary—his wife—not the judge who made the disputed rulings.

To illustrate, in *Machetta v. Moren*, a disgruntled family court litigant sued the judges who had presided over his case, seeking

injunctive and declaratory relief. 726 F. App'x 219, 219-20 (5th Cir. June 4, 2018). This Court affirmed the district court's dismissal of the case "because no case or controversy exists between 'a judge who adjudicates claims under a statute and a litigant who attacks the constitutionality of the statute.'" *Id*. at 220 (quoting *Bauer*, 341 F.3d at 361). This Court further stated that "[w]ithout a case or controversy there is no standing, and without standing, no subject matter jurisdiction." *Id*. (citing *Ruiz v. Estelle*, 161 F.3d 814, 829 (5th Cir. 1998)). This is so because the judge is not the cause of the statute being enacted or enforced. *Id*.

In making its ruling about standing, the District Court also specifically ruled that Judge DeAngelis is immune from Yan's claims in the lawsuit. ROA.2081. On appeal, Yan argues that because Judge DeAngelis is not an Article III federal judge, she is not entitled to judicial immunity. Appellant's Br. at p.55. This is not the law. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (applying judicial immunity doctrine in action brought against state court judge).

Both elected state district court judges and their appointed state court associate judges can properly invoke the doctrine of judicial

immunity.[1] ROA.2083 (citing Tex. Fam. Code Ann. § 201.017 (noting "[a]n associate judge . . . has the judicial immunity of a district judge"); *Daves v. Dallas Cnty., Tex.*, 22 F.4th 522, 532–42 (5th Cir. 2022)); *see also Davis v. Tarrant Cnty. Tex.,* 565 F.3d 214, 221 (5th Cir. 2009); *Rodgers v. 323rd Dist. Court Tarrant Cnty. Tex.*, 797 F. App'x 889 (5th Cir. 2020) (agreeing that an associate judge enjoyed absolute judicial immunity for her rulings in a state family court proceeding). As the District Court pointed out, to get around Judge DeAngelis's judicial immunity, Yan would need to have pleaded that Judge DeAngelis acted "without authority or jurisdiction"—not just that Yan thought she made the wrong judicial rulings. *See* ROA.2084 (citing *Turner v. Raynes*, 611 F.2d 92, 99 (5th Cir. 1980) ("If a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear

---

[1] Yan cannot be heard to argue that Judge DeAngelis is not a judge based on *In re D.L.M.*, 982 S.W.2d 146, 149 (Tex. App.—Houston [14th Dist.] 1998, no pet.). *See* Appellant's Br. at p. 56. *D.L.M.* stands for the proposition that only the elected district court judge can adjudicate the merits of a case unless a statute has permitted the litigant to waive his or her constitutional right to a trial before a judge. *Id.* However, as Yan has pleaded throughout his complaint, Judge DeAngelis was acting in her capacity as an associate judge in ordering the payment of attorneys' fees. *See, e.g.*, ROA.1052 at ¶ 93. Section 201 of the Texas Family Code enumerates the powers of Texas associate judges and establishes a framework for associate judge rulings that can then be challenged before the elected district court judge. *See* Tex. Fam. Code Ann. § 201.308 (enumerating the powers of associate judges), § 201.316 (discussing action a referring court can take on an associate judge's ruling), § 201.317 (providing the right to a de novo hearing).

absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.").[2] Because the District Court properly found that Yan did not plead that Judge DeAngelis acted without any authority or jurisdiction in issuing attorney's fees rulings in Yan's state family law proceeding, the District Court correctly determined that Yan could not overcome Judge DeAngelis's judicial immunity and correctly dismissed Yan's claims. ROA.2084.

Accordingly, this Court should overrule Yan's appellate challenges to the District Court's dismissal for lack of standing and based on Judge DeAngelis's immunity.

---

[2] *See also Harry v. Lauderdale Cnty.*, 212 F. App'x 344, 347 (5th Cir. 2007) (explaining that even where state appellate court held that judge acted without subject matter jurisdiction that holding was "not coterminous with the conclusion that [the judge] acted in 'complete absence of all subject matter jurisdiction' " because if "this were the case, each and every time a judge decided an issue where an appellate court later found subject matter jurisdiction lacking, that judge would have no judicial immunity," and that "proposition seems antithetical to the concerns underlying absolute judicial immunity"); *Wood v. Parker Cnty.*, 463 F. App'x 360, 361 (5th Cir. 2012) ("[T]he judges of the county court at law are entitled to immunity because they did not act in clear absence of all jurisdiction, despite the state appellate court later determining the county court lacked subject matter jurisdiction over the testamentary trust issues presented.").

**D.**    **The District Court correctly determined that it should abstain under the *Younger* abstention doctrine.**

Alternatively, this Court can affirm the District Court's dismissal of Yan's claims for injunctive and declaratory relief against Judge DeAngelis based on its decision to abstain under the *Younger* abstention doctrine. ROA.2083 at n.3. As the District Court pointed out, Yan's underlying family dispute was ongoing, the proceedings implicated Texas's strong family-law interests, and Yan had avenues to raise his challenges in state court. *Id.*; *see also* ROA.1208-1209. Abstention was appropriate. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

In his brief, Yan cites to a 2008 district court decision from Massachusetts to argue that "*Younger* abstention does not apply." Appellant's Br. at p. 59 (citing *Colonial Life Accident Insurance Company v. Medley*, 584 F. Supp. 2d 368, 375 (D. Mass. 2008)). Yan, however, did not point out that the First Circuit reversed the *Medley* case, holding that the district court should have abstained under *Younger. Colonial Life & Acc. Ins. Co. v. Medley*, 572 F.3d 22, 28 (1st Cir. 2009) ("[W]e conclude that the principles set forth in *Younger* required the district court to abstain in deference to the state proceeding already underway.").

Similarly, there is no applicable exception to *Younger* in this case, and the District Court correctly determined that it should abstain from exercising its jurisdiction.

## II. Alternative grounds in Associate Judge DeAngelis's motion to dismiss support an affirmance.

"This Court may affirm on grounds other than those relied upon by the district court when the record contains an adequate and independent basis for that result." *Lauren C. by & through Tracey K. v. Lewisville Indep. Sch. Dist.*, 904 F.3d 363, 374 (5th Cir. 2018). Associate Judge DeAngelis moved to dismiss on several alternative grounds that were not expressly reached. *Compare* ROA.1197-1216 (Judge DeAngelis's motion to dismiss), *with* ROA.2080-2084 (analyzing and dismissing on the standing, judicial immunity, and *Younger* abstention grounds).

Specifically, in addition to raising standing, judicial immunity, and *Younger* abstention dismissal grounds, Associate Judge DeAngelis moved to dismiss on the following independent bases supporting affirmance:

- Because Associate Judge DeAngelis functioned as a state judicial official in presiding over the portion of Yan's family law proceeding that he is complaining about, Yan's official-capacity claims against Associate Judge DeAngelis were barred by Eleventh Amendment

Immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). ROA.1212-1213.

- Yan did not state a civil RICO claim against Judge DeAngelis. ROA.1213-1214.

- Yan was not permitted to enjoin Judge DeAngelis under section 1983. ROA.1212.

- Yan's individual-capacity claims against Judge DeAngelis are barred by qualified immunity. ROA.1215.

- The District Court had inherent power to dismiss Yan's frivolous and malicious claims. *See Krempp v. Dobbs*, 775 F.2d 1319, 1321-22 (5th Cir. 1985) (affirming dismissal of antitrust and constitutional claims against lawyers, the State Bar of Texas, and judges arising out of a family court proceeding). ROA.1212, ROA.1368-1370.

Because Yan failed to brief any of these independent grounds for affirmance, he waived his right to challenge them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Mark v. Spears*, 722 F. App'x 362 (5th Cir. 2018). However, were this Court to examine the other grounds for dismissal stated above, those independent grounds support the affirmance of the district court's Final Judgment, ROA.2094.

## Prayer for Relief

**Wherefore, Premises Considered**, Defendant Lori DeAngelis respectfully requests the following relief from this Court: (1) overrule Conghua Yan's issues on appeal; (2) affirm the District Court's "Order Accepting the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and Independently Assessing Additional Motions" dismissing Yan's claims against Judge DeAngelis (ROA.2076-2093) and the April 23, 2024 Final Judgment (ROA.2094); and (3) grant all such further relief to which Judge DeAngelis is entitled.

Respectfully submitted,

*/s/ David Keith Hudson*

**David Keith Hudson**
State Bar No. 10151150
Assistant Criminal District Attorney

**Phil Sorrells**
**Criminal District Attorney**
**Tarrant County, Texas**

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor – Civil Division
Fort Worth, Texas 76196
817-884-1233 – Telephone
817-884-1675 – Facsimile
E-Mail:dkhudson@tarrantcountytx.gov

COUNSEL FOR DEFENDANT -
APPELLEE, LORI DEANGELIS

## CERTIFICATE OF SERVICE

I certify that, on October 23, 2024, a true and correct copy of the above and foregoing document was served to all parties who have entered and appeared (via their counsel), Mr. Lyle W. Cayce, Clerk of the United States Court of Appeals for the Fifth Circuit, via the Court's CM/ECF Document Filing System.

Conghua Yan                                   *Via Regular U.S. Mail*
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com
**PRO SE PLAINTIFF**

*/s/ David Keith Hudson*
**DAVID KEITH HUDSON**

**CERTIFICATE OF COMPLIANCE**

With Type-Volume Limitation, Typeface Requirements,
and Type Style Requirements

The undersigned counsel certifies this brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because this brief contains 2,776 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f), as computed by the word-processing system used to prepare this brief.

This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Windows, version 10 in 14-point Century Schoolbook typeface (other than footnotes, which are in 12-point Century Schoolbook typeface per 5TH CIR. R. 32.1).

*/s/David Keith Hudson*
**DAVID KEITH HUDSON**

Dated: October 23, 2024