# United States Court of Appeals for the Fifth Circuit

————

Case No. 24-10543

————

CONGHUA YAN,

*PLAINTIFF - APPELLANT*

V.

THE STATE BAR OF TEXAS, A PRIVATE COMPANY; THE BARROWS FIRM, A PRIVATE COMPANY; LESLIE STARR BARROWS, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS; WILLIAM ALBERT PIGG, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE OF TEXAS; SAMANTHA YBARRA, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS; LUIS JESUS MARIN, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS, AND OFFICIAL CAPACITY AS ASSISTANT DISCIPLINARY COUNSEL FOR THE OFFICE OF THE CDC; DANIEL EULALIO MARTINEZ, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS, AND OFFICIAL CAPACITY AS ASSISTANT DISCIPLINARY COUNSEL FOR THE OFFICE OF THE CDC; RACHEL ANN CRAIG, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS, AND OFFICIAL CAPACITY AS ASSISTANT DISCIPLINARY COUNSEL FOR THE OFFICE OF THE CDC; LORI L. DEANGELIS, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS, AND OFFICIAL CAPACITY AS ASSOCIATED JUDGE; U.S. BANK,

*DEFENDANTS – APPELLEES*

————————

*On Appeal from the United States District Court for the Northern District of Texas*
*Civil Action No. 4:23-CV-00758-P*

————————

## BRIEF OF APPELLEES
### THE STATE BAR OF TEXAS, LUIS JESUS MARIN, DANIEL EULALIO MARTINEZ, AND RACHEL ANN CRAIG

————————

SEANA WILLING
CHIEF DISCIPLINARY COUNSEL

MICHAEL GRAHAM
APPELLATE COUNSEL

ROYCE LeMOINE
DEPUTY COUNSEL FOR ADMINISTRATION
OFFICE OF THE CHIEF DISCIPLINARY
COUNSEL
COMMISSION FOR LAWYER DISCIPLINE
STATE BAR OF TEXAS
royce.lemoine@texasbar.com
P.O. BOX 12487
AUSTIN, TEXAS 78711-2487
512.427.1350; FAX: 512.427.4253

# United States Court of Appeals for the Fifth Circuit

———

Case No. 24-10543

————

CONGHUA YAN,

*PLAINTIFF - APPELLANT*

V.

THE STATE BAR OF TEXAS, A PRIVATE COMPANY; THE BARROWS FIRM, A PRIVATE COMPANY; LESLIE STARR BARROWS, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS; WILLIAM ALBERT PIGG, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE OF TEXAS; SAMANTHA YBARRA, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS; LUIS JESUS MARIN, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS, AND OFFICIAL CAPACITY AS ASSISTANT DISCIPLINARY COUNSEL FOR THE OFFICE OF THE CDC; DANIEL EULALIO MARTINEZ, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS, AND OFFICIAL CAPACITY AS ASSISTANT DISCIPLINARY COUNSEL FOR THE OFFICE OF THE CDC; RACHEL ANN CRAIG, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS, AND OFFICIAL CAPACITY AS ASSISTANT DISCIPLINARY COUNSEL FOR THE OFFICE OF THE CDC; LORI L. DEANGELIS, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS, AND OFFICIAL CAPACITY AS ASSOCIATED JUDGE; U.S. BANK,

*DEFENDANTS – APPELLEES*

————————

On Appeal from the United States District Court for the
Northern District of Texas
Civil Action No. 4:23-CV-00758-P

————————

## BRIEF OF APPELLEES
### THE STATE BAR OF TEXAS, LUIS JESUS MARIN, DANIEL EULALIO MARTINEZ, AND RACHEL ANN CRAIG

**CERTIFICATE OF INTERESTED PERSONS**
_____

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

**PLAINTIFF/APPELLANT**
CONGHUA YAN – PRO SE

**APPELLEES FILING THIS BRIEF**
The State Bar of Texas
Luis Jesus Marin
Daniel Eulalio Martinez
Rachel Ann Craig

**COUNSEL FOR APPELLEES FILING THIS BRIEF**
SEANA WILLING
Chief Disciplinary Counsel

MICHAEL GRAHAM
Appellate Counsel

ROYCE LEMOINE
DEPUTY COUNSEL FOR ADMINISTRATION
OFFICE OF THE CHIEF DISCIPLINARY COUNSEL
STATE BAR OF TEXAS
P.O. Box 12487
Austin, Texas 78711-2487
512.427.1350; 1.877.953.5535
Fax: 512.427.4253
Email: royce.lemoine@texasbar.com

| APPELLEES: | COUNSEL FOR APPELLEES |
|---|---|
| The Barrows Firm<br>Leslie Starr Barrows<br>Samantha Ybarra | J. Nathaniel James<br>Roland K. Johnson<br>Caroline M. Cyrier<br>Harris, Finley & Bogle, P.C.<br>777 Main St., Ste. 1800<br>Fort Worth, Texas 76102<br>njames@hfblaw.com<br>Tel: (817) 870-8765 |
| William Albert Pigg | William Albert Pigg – *pro se*<br>10455 N. Central Expressway<br>Dallas, Texas 75231<br>wapigg@pigglawfirm.com<br>Tel: (214) 551-9391 |
| The Honorable Lori L. DeAngelis<br>Tarrant County | David K. Hudson<br>Assistant Criminal District Attorney<br>Tarrant County Criminal District<br>Attorney's Office<br>401 W. Belknap, 9th Floor – Civil Division<br>Fort Worth, Texas 76196<br>dkhudson@tarrantcountytx.gov<br>Tel: (817) 884-1233 |
| U.S. Bank | Tyler J. Hill<br>Morgan, Lewis & Bockius LLP<br>1717 Main Street, Ste. 3200<br>Dallas, Texas 75201<br>Tyler.hill@morganlewis.com<br>Tel: (214) 466-4160 |

_____
ROYCE LEMOINE

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Because this appeal involves the application of well-established principles of law, oral argument is unnecessary to aid the Court's decisional process.

# TABLE OF CONTENTS <span style="float:right">PAGE</span>

CERTIFICATE OF INTERESTED PERSONS ........................................................4

STATEMENT REGARDING ORAL ARGUMENT ..............................................6

TABLE OF CONTENTS ................................................................................7

TABLE OF AUTHORITIES ...........................................................................8

STATEMENT OF ISSUES .............................................................................10

STATEMENT OF THE CASE ........................................................................11

SUMMARY OF THE ARGUMENTS ................................................................14

STANDARDS OF REVIEW ...........................................................................15

ARGUMENT .............................................................................................16

I.   The State Bar of Texas is an agency of the judicial branch of the State of Texas, and is entitled to immunity protection. The Eleventh Amendment (Sovereign Immunity), Official Immunity, and TRDP 17.09 bar all of Yan's claims against the State Bar of Texas, Marin, Martinez, and Craig. ...................................................................16

   A. The Eleventh Amendment bars Yan's claims against SBOT Appellees. ..................................................................................16

   B. Marin, Martinez, and Craig are also entitled to immunity protection under the TRDPs. ...................................................21

II.  Yan failed to plead a "cognizable" claim against the SBOT Appellees and does not have a "cognizable" interest in the outcome of the CDC's investigation of his disciplinary complaints against Pigg and Barrows........22

III. Yan's appeal as to the SBOT Appellees is Frivolous ...................................23

CONCLUSION ...........................................................................................25

CERTIFICATES OF SERVICE AND COMPLIANCE .........................................................26

## TABLE OF AUTHORITIES

CASES                                                                                    PAGE

*Austin Municipal Securities, Inc., et. al.,*
    757 F.2d 676 (5th Cir. 1985) .........................................................................21

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...............................................................................15, 22

*Barrera–Montenegro v. United States*,
    74 F.3d 657 (5th Cir. 1996) .........................................................................15

*Bishop v. State Bar of Texas*,
    791 F.2d 435 (5th Cir. 1986) ..................................................................20, 21

*Boyle v. United States*
    556 U.S. 938 (2009)......................................................................................20

*Coghlan v. Starkey,*
    852 F.2d 806 (5th Cir. 1988) .......................................................................25

*Diddel v. Davis,*
    No. H-04-4811, 2006 WL 8444647 (S.D. Tex. Jan. 30, 2006)....................21

*Fernandez-Montes v. Allied Pilots Ass'n,*
    987 F.2d 278 (5th Cir. 1993) .................................................................16, 22

*Green v. State Bar of Texas*,
    27 F.3d 1083 (5th Cir. 1994) .................................................................16, 20

*Krempp v. Dobbs*,
    775 F.2d 1319 (5th Cir. 1985) .....................................................................20

*Lane v. Halliburton*,
    529 F.3d 548 (5th Cir. 2008) .......................................................................15

*Linda R.S. v. Richard D.,*
    410 U.S. 614 (1973)......................................................................................23

*Martinez v. State Bar of Texas,*
    797 F.App'x. 167 (5th Cir. 2020) ..............................................................23

*Pennhurst State Sch. & Hosp. v. Halderman*
    465 U.S. 89 (1984)......................................................................................16

*Washington v. Comm'n for Lawyer Discipline*,
    Case No. 1:23-CV-00526-JRN, 2024 WL 303880
    (W.D. Tex. Jan. 25, 2024) ..........................................................................25

STATUTES AND RULES                                                                       PAGE

18 U.S.C. § 1027 .........................................................................................17
18 U.S.C. § 1349 ....................................................................................17, 19
18 U.S.C. § 1962(a) ...............................................................................17, 19
18 U.S.C. § 1962(d) ..........................................................................11, 17, 19

42 U.S.C. § 1983 .........................................................................................17

Fed. R. Civ. P. 12(b)(1)...........................................................................13, 15
Fed. R. Civ. P. 12(b)(6)...................................................................10, 15, 22
Fed. R. Civ. P. 38 .......................................................................................24

Tex. Gov't Code § 81.011(a) ..................................................................14, 20

Tex. Rules Disciplinary P. R. 2.10 .........................................................17, 18
Tex. Rules Disciplinary P. R. 2.12 .........................................................17, 18
Tex. Rules Disciplinary P. R. 2.13 .........................................................17, 18
Tex. Rules Disciplinary P. R. 5.02(D) ...................................................17, 18
Tex. Rules Disciplinary P. R. 17.09 ...........................................10, 14, 16, 21

Tex. Disciplinary R. Prof'l Conduct Preamble ¶15 ..................................24

## STATEMENT OF ISSUES

I.     Appellee, the State Bar of Texas is a governmental agency of the judicial branch of the State of Texas, and is entitled to immunity under the Eleventh Amendment (Sovereign Immunity). Appellees Marin, Martinez, and Craig are current/former employees of the State Bar of Texas and are entitled to immunity under the Eleventh Amendment (Sovereign Immunity) and Rule 17.09 of the Texas Rules of Disciplinary Procedure. Did the United States District Court (Northern District of Texas) correctly rule that Appellees are entitled to immunity protection as to all of Yan's claims against them and therefore Yan lacked standing to sue Appellees?

II.    Appellees did not dismiss Yan's disciplinary complaints against Pigg and Barrows, and Yan has not alleged a single plausible claim against them. Did the United States District Court (Northern District of Texas) correctly rule that Yan's antitrust/racketeering claims against Appellees were not "plausible" and should be dismissed pursuant to Rule 12(b)(6), of the Texas Federal Rules of Civil Procedure with prejudice?

III.   Is this appeal brought by Yan frivolous and brought in violation of FED. R. APP. P. 38?

## STATEMENT OF THE CASE

Yan filed his lawsuit concerned in this appeal on or about July 21, 2023. As to Appellees, the State Bar of Texas, Luis Marin, Daniel Martinez, and Rachel Craig (collectively, the "SBOT Appellees"), Yan's claims are based on his belief that the SBOT Appellees should not have dismissed disciplinary complaints he filed against *his* attorney, William Albert Pigg, and opposing counsel, Leslie Starr Barrows, related to his discord over the entry of a Qualified Domestic Relations Order (QDRO) in his Tarrant County divorce proceeding. ROA.18-165. Yan also claimed that the SBOT Appellees' "dismissal" of his complaints amounted to actions taken in concealment of Pigg and Barrows' misdeeds in his divorce matter and thereby made each SBOT Appellee a "RICO conspirator as defined by *18 U.S.C. 1962(d).*" ROA.46-49.

But none of the SBOT Appellees dismissed the complaints Yan filed against Pigg and/or Barrows. In fact, Yan's own documentation (attached to his pleadings) showed that his complaints were dismissed by a volunteer summary disposition panel of the District 7 Grievance Committee on or about July 13, 2023. ROA.108-109, 114-115. Said documents also show that the individual that assigned Yan's complaints to the panel was the Chief Disciplinary Counsel (CDC), and **not any of the SBOT Appellees.** Id.

SBOT Appellees filed their initial motion to dismiss Yan's lawsuit on August 10, 2023, notifying Yan that his allegations that Appellees made a "dismissal decision" concerning his complaints were *false*, and wholly contradicted by his own exhibits attached to his lawsuit. ROA.209-231. On September 8, 2023, Yan filed his *Second Amended Complaint for Civil RICO, and Antitrust etc., Demand Declaratory Relief, Injunctive Relief, Damage Relief, and Jury Demand* asserting the same above-described allegations against SBOT Appellees. ROA.692-839.

On September 18, 2023, Yan filed his *Third Amended Complaint for Civil RICO, and Antitrust etc., Demand Declaratory Relief, Injunctive Relief, Damage Relief, and Jury Demand* (the "3rd Amended Complaint"). ROA.1029-1183. This time Yan regurgitated his assertion that the SBOT Appellees' "decision *not to proceed* with these grievance complaints stems from accepting Defendant Leslie Starr Barrows' criminal solicitation." ROA.1060. Yan also requested the Northern District Court <u>award him compensatory damages in the amount of $200,000, punitive damages in the amount of $1,000,000, and treble damages in the amount of $1,000,000</u>. ROA.1077.

The SBOT Appellees' initial dismissal motion was rendered moot by the Northern District Court on September 19, 2023. On October 2, 2023, the SBOT Appellees filed their First Amended Motion to Dismiss (the "First Amended

Dismissal Motion"), asserting that Yan had, again, failed to put forth even one plausible claim against **any** of the SBOT Appellees. ROA.1325-1348.

On December 28, 2023, U.S. Magistrate Judge Jeffrey L. Cureton issued his report and recommended that the Northern District Court grant SBOT Appellees' First Amended Dismissal Motion finding: "it is clear that Yan alleges that [Appellees] role in the conspiracy was perpetuated through the denial of his complaints," and thus, "Yan lacks standing" to bring his claims against the SBOT Appellees as such claims are barred by the Eleventh Amendment. ROA.1691.

On April 23, 2024, U.S. District Judge Mark T. Pittman entered an order adopting Judge Cureton's findings, endorsing his conclusions, and accepting his recommendations in part. ROA.2076-2094. As to the SBOT Appellees specifically, Judge Pittman: (1) adopted Judge Cureton's conclusion that Yan lacked standing to bring his claims against those defendants, excepting his racketeering allegations, and dismissed all such claims *without prejudice* pursuant to FED. R. CIV. P. 12(b)(1); and (2) independently determined that Yan's "racketeering" and/or "RICO/antitrust claims" against SBOT Appellees failed to state a "plausible claim" for relief, after his third attempt to plead same, and should be dismissed *with prejudice*. ROA.2088, 2091. Yan then filed his notice of appeal on June 12, 2024. ROA.2153-2154.

The State Bar of Texas is an agency of the judicial branch of the State of Texas, and is entitled to Sovereign Immunity. TEX. GOV'T CODE ANN. § 81.011(a) (West 2017). Marin is a current Classification Attorney with the office of the Chief Disciplinary Counsel (the "CDC"). Martinez is a former Classification Attorney with the CDC's office, and Craig is a former trial attorney with the CDC's office (Dallas Region). All are entitled to Sovereign Immunity, Official Immunity, and Absolute Immunity *from suit* pursuant to Rule 17.09 of the Texas Rules of Disciplinary Procedure (the "TRDPs"), for their action(s) taken in accordance with the TRDPs.

The Northern District Court correctly held that the SBOT Appellees are entitled to immunity protection from Yan's claims related to the actions they took in assisting the CDC in her handling of his disciplinary complaints against Pigg and Barrows. ROA.2076-2094. The Court also properly determined that Yan failed to state a "plausible" claim against the SBOT Appellees related to his "RICO/antitrust claims." Id. SBOT Appellees further argue that Yan's own supporting documentation shows the frivolousness of his appeal as to the SBOT Appellees and request such a finding.

<u>**S**TANDARDS OF **R**EVIEW</u>

This Court reviews de novo the district court's dismissal under Rule 12(b)(1), just as it does with dismissals under Rule 12(b)(6). *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot and Wansbrough,* 354 F.3d 348, 351 (5th Cir. 2003)). In reviewing the dismissal order, the Court takes the well-pled factual allegations of the complaint as true and views them in the light most favorable to the plaintiff. *Id.* Under Rule 12(b)(1), the Court may find a plausible set of facts by considering any of the following: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

F**ED**. R. C**IV**. P. 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. To avoid dismissal under Rule 12(b)(6), a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice" to save a

complaint from dismissal. *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993).

**ARGUMENT**

**I. The State Bar of Texas is an agency of the judicial branch of the State of Texas, and is entitled to immunity protection. The Eleventh Amendment (Sovereign Immunity), Official Immunity, and TRDP 17.09 bar all of Yan's claims against the State Bar of Texas, Marin, Martinez, and Craig.**

**A. The Eleventh Amendment bars Yan's claims against SBOT Appellees.**

The Eleventh Amendment of the United States Constitution bars suits in federal court against a state or one of its agencies, regardless of the relief requested, by anyone other than the federal government or another state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). That is, in general, the Eleventh Amendment leaves federal courts without jurisdiction to entertain suits directed against states. *Green v. State Bar of Texas*, 27 F.3d 1083, 1087 (5th Cir. 1994).

Here, Yan filed his lawsuit seeking damages of <u>more than $2,000,000.00</u> on allegations primarily focused on the entry of a Qualified Domestic Relations Order (QDRO) by the Associate Judge of Texas' 325th District Court - Judge Lori DeAngelis - in his divorce proceeding. ROA.1066, 1077. Yan also put forth some misdirected claims against SBOT Appellees surrounding the handling of two disciplinary complaints he subsequently filed against Pigg and Barrows with the CDC's office. Those complaints were dismissed on or about July 13, 2023, by a

16

summary disposition panel of the volunteer District 7 Grievance Committee, pursuant to TRDP 2.13. ROA.1130-1131. TEX. RULES DISCIPLINARY P.R. 2.13 & 5.02(D).

While Yan's pleadings generally stated: (1) he has "lodged" claims against Appellees "under *42 U.S.C. §1983…*"; (2) the State Bar violated 18 U.S.C. §1962(d); and (3) that Marin's, Martinez's, and/or Craig's "decision" to dismiss his grievances/Complaints against Barrows and Pigg amount(ed) to violation(s) of 18 U.S.C. §1962(a), 18 U.S.C. §1027, and/or 18 U.S.C. §1349, he failed to plausibly articulate how any of the SBOT Appellees could have taken the actions he complained of, in light of the procedural requirements of the TRDPs. ROA.1030, 1061-1067, 1086. Additionally, the <u>documentation he attached to his pleadings clearly shows that the *SBOT Appellees* did not dismiss his complaints.</u>[1] ROA.1130-1131. Yan further failed to plead any facts or allegations to show that the SBOT

---

[1] As set forth in the documents attached to Yan's 3rd Amended Complaint, Yan's grievances against Barrow and Pigg were initially classified as inquiries by the CDC (as communicated to Yan by Marin and Martinez) on October 25, 2022, and February 15, 2023, respectively. TEX. RULES DISCIPLINARY P.R. 2.10(A). ROA.1126-1129. Yan appealed those *classification* decisions, pursuant to TRDP 2.10(A), to the Board of Disciplinary Appeals ("BODA"). Id. BODA's Executive Director, Jenny Hodgkins, notified Yan on or about January 20, 2023, and April 6, 2023, that his grievances had been returned to the CDC's office to be investigated as Complaints, pursuant to TRDP 2.12. TEX. RULES DISCIPLINARY P.R. 2.12. ROA.1122-1123. On May 17, 2023, Yan was notified that the CDC had completed her investigation and placed both Complaints on a Summary Disposition Panel Docket, pursuant to TRDP 2.13. TEX. RULES DISCIPLINARY P.R. 2.13. ROA.1124-1125. On July 13, 2023, Craig notified Yan that the Summary Disposition Panel of the District 7 Grievance Committee "voted to dismiss" his Complaints after "reviewing all the evidence submitted and obtained during the investigation." ROA.1130-1131.

Appellees took any action outside the scope of their employment that could defeat their entitlement to immunity protection.

Absurdly, in his brief, Yan contradicts his previous claim that Marin and Martinez "dismissed the case," by now stating they "dismissed [his] grievances," while at the same time acknowledging that it was BODA that subsequently reversed the CDC's initial classification decisions on his grievances.[2] ROA.1058-1059. *See also* Appellant Brief, p. 27. Additionally, in his brief, Yan reiterates his claim that Craig dismissed his complaints, even though he admitted in his response to the SBOT Appellees' dismissal motion that he "would have included *Kristin Virginia Brady* and *the District 7 Grievance Committee Summary Disposition Panel* in the suit if this suit were for 'the ultimate decision to dismiss …'" his complaints.[3] ROA.1471-1472. *See* also Appellant Brief, p. 27.

Further, Yan's brief does not even appear to address the Northern District Court's finding that his allegations against the SBOT Appellees are clearly related to their assisting the CDC in her handling of his disciplinary complaints against Pigg and Barrows. ROA.1691. To this day, Yan has not identified <u>even one</u> plausible action/inaction taken by Marin, Martinez and/or Craig outside of the scope of their

---

[2] Pursuant to TRDP 2.10, the "Chief Disciplinary Counsel shall within thirty days examine each Grievance received to determine whether it constitutes an Inquiry, a Complaint, or a Discretionary Referral." TEX. RULES OF DISCIPLINARY P. 2.10.

[3] As set forth in TRDPs 1.06II, 2.13, & 5.02(D), a Complaint can only be dismissed by a "Summary Disposition Panel," of the appropriate District Grievance Committee.

employment with the CDC. Such is especially true, since the documentation attached to Yan's 3rd Amended Complaint shows that Marin, Martinez, and Craig could not have rendered any of the "decisions," he claims made them participants in his imagined "conspiracy". ROA.1121-1131.

Additionally, a cursory review of Yan's 3rd Amended Complaint shows Yan failed to plead any purported facts against any of the individual SBOT Appellees (Marin, Martinez, and Craig) that could even remotely imply they had any involvement with the central issue asserted in Yan's lawsuit. That is, his belief that the QDRO entered by the 325th District Court in his divorce matter was "manipulated" by Pigg and Barrows to secure the payment of attorney fees from his "out-of-state retirement accounts…" ROA.1031.

Specifically, Yan failed to make any assertions in his pleadings (as no evidence exists that would support any such assertions) that any of the SBOT Appellees: participated in entry of the QDRO in his divorce proceedings; received any income from the entry of the QDRO; took actions related to the alleged grievance he filed with the CDC's office that affect interstate commerce; were part of an "organization" that worked with Barrows, Pigg, and/or Judge DeAngelis as a "continuing unit to achieve a common purpose;" or took any unlawful act in carrying out their job responsibilities to assist the CDC in her administrative handling of his disciplinary complaints against Pigg and Barrows. *See* 18 U.S.C. §1962(a)-(d); 18

U.S.C. §1349; and *Boyle v. United States,* 556 U.S. 938, 943-944 (2009). Further, while Yan claims in his brief that SBOT Appellees "knew BarrowsYbarra usurped judicial authority by altering the QDRO," he made no such claim in his underlying lawsuit, provided no appellate court decision finding that Judge DeAngelis' authority had been usurped, and is unable to plead that **any** of the SBOT Appellees had any ability to make the "dismissal decision" he claims resulted in the purported "BarrowsYbarra and Pigg's racketeering conduct" he alleges. Appellant Brief, pgs. 66-67.

As set forth above, the SBOT is an agency of the State of Texas and is entitled to the immunity provided by the Eleventh Amendment. See *Green*, 27 F.3d at 1087; *Krempp v. Dobbs*, 775 F.2d 1319, 1321 (5th Cir. 1985); and *Bishop v. State Bar of Tex.*, 791 F.2d 435, 438 (5th Cir. 1986). All assistant disciplinary counsels of the CDC are also entitled to Eleventh Amendment immunity.[4] *See Green*, 27 F.3d at 1087*; and Krempp v. Dobbs*, 775 F.2d 1319, 1321 (5th Cir. 1985). Because the SBOT Appellees are protected by 11th Amendment immunity, the Northern District Court properly determined that: 1) Yan's claims were related to the SBOT Appellees' "actions taken as a part of their employment at the State Bar of Texas";

---

[4] The State Bar is an agency of the Texas judicial department. TEX. GOV'T CODE ANN. §81.011(a) (West 2017).

2) SBOT Appellees are "entitled to Eleventh Amendment immunity" protection; and 3) Yan lacked standing to sue the SBOT Appellees. ROA.1691, 2087.

### B. Marin, Martinez, and Craig are also entitled to immunity protection under the TRDPs.

In relevant part, TDRP 17.09 provides absolute and unqualified immunity to the CDC and her staff members for any action taken in the course of their official duties:

> All members of the Commission, the Chief Disciplinary Counsel (including Special Assistant Disciplinary Counsel appointed by the Commission [for Lawyer Discipline] and attorneys employed on a contract basis by the Chief Disciplinary Counsel), all members of Committees, all officers and Directors of the State Bar, and the staff members of the aforementioned entities are immune from suit for any conduct in the course of their official duties. The immunity is *absolute and unqualified* and extends to all actions at law or in equity.
> —TEX. RULES DISCIPLINARY P. R. 17.09 (emphasis added).

The issue of immunity may be decided as a matter of law based on the lawsuit and any attachments thereto. *See Austin Municipal Securities, Inc., et al.*, 757 F.2d 676, 691-92 (5th Cir. 1985) (finding that disciplinary officers had not waived their absolute immunity from suit). Recognizing the importance of the disciplinary process, courts grant broad immunity to those involved in the process. *Bishop v. State Bar of* Texas, 791 F.2d 435, 438 (5th Cir. 1986); *Diddel v. Davis*, Civil Action No. H-04-4811, 2006 WL 8444647 (S.D. Tex. Jan. 30, 2006).

Marin, Martinez and Craig are/were attorneys employed by the CDC and Yan's claims against them related only to their actions taken in assisting the CDC meet her obligation under the TRDPs in handling Yan's attorney discipline complaints against Pigg and Barrows. As such, Yan's claims do not survive the protection afforded Appellees provided by TRDP 17.09.

## II. Yan failed to plead a "cognizable" claim against the SBOT Appellees and does not have a "cognizable" interest in the outcome of the CDC's investigation of his disciplinary complaints against Pigg and Barrows.

As mentioned above, to avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice" to save a complaint from dismissal. *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993).

Here, Yan's "racketeering/antitrust claims" against the SBOT Appellees were premised on his assertions that they "dismissed" his disciplinary complaints against Pigg and Barrows. Yan asserts that those dismissals "established an extremely effective shield system under the guise of a self-regulated disciplinary system …", to cover Pigg and Barrows' wrongdoing in his divorce matter. However, as set forth above, none of the SBOT Appellees dismissed his complaints. And as Judge Pittman

set forth in his *Order Accepting the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and Independently Assessing Additional Motion* (entered on April 23, 2024), "vehemence cannot substitute for facts." ROA.2090. And, here, Yan's "allegations are conclusory and utterly devoid of factual support." Id.

The fact remains that Yan's disciplinary complaints against Pigg and Barrows were dismissed by a volunteer summary disposition panel of the District 7 Grievance Committee on or about July 13, 2023. ROA.108-109, 114-115. And a *complainant* is not entitled to personal relief associated with the processing of his/her disciplinary grievances filed with the CDC's office. *Martinez v. State Bar of Texas*, 797 F.App'x. 167, 168 (5th Cir. 2020). Yan, therefore, could not have sustained a "direct injury" from the dismissal of his complaints against Pigg and Barrows, because he does not possess a "cognizable interest in the decision to prosecute a third party." *Martinez,* 797 F.App'x. at 168, citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

## III. *Yan's Appeal as to the SBOT Appellees is Frivolous.*

In his lawsuit, Yan has set forth "fanciful, conclusory allegations" in his quest to obtain a judgment of more than $2,000,000 from those he sued. He even went so far as to plead that he had "identified that Marin, Martinez, and Craig <u>committed</u>

crimes" in hopes of obtaining said judgment by disparaging the SBOT Appellees via demonstratively false allegations that were not supported by any criminal charge, indictment, or <u>even the exhibits attached to his own pleadings</u>. ROA.507, 1476. Even after repeatedly being informed via the SBOT Appellees' dismissal motions that Marin, Martinez, and Craig could not have possibly taken the actions he complained of, Yan continued to push his lawsuit <u>even after admitting Appellees did not make the decision to dismiss his complaints against Pigg and Barrows</u>.[5] ROA.1325-1347, 1471-1472.

Yan also continues to make false allegations against the SBOT Appellees in his brief before this Court. For instance, in his brief he states: "His grievances have consistently been dismissed, leaving him without remedy"; and 2) "Craig dismissed both cases, playing a key role in sealing the cover-up…". Appellant Brief pgs. 14, 27, 66. However, the facts remain that Marin, Martinez, and/or Craig did not dismiss Yan's disciplinary grievances or complaints against Pigg and Barrows, and the Texas' attorney disciplinary system does not provide remedies to a complainant that files a grievance. *See e.g.,* TEX. DISC. R. PROF. CONDUCT, PREAMBLE ¶15 ("Violation of a rule does not give rise to a private cause of action…").

---

[5] As mentioned above, in his response to Appellees' First Amended Motion to Dismiss Yan stated he "would have included Kristin Virginia Brady and the District 7 Grievance Committee Summary Disposition Panel in the suit were for 'the ultimate decision to dismiss …'" his complaints. ROA.1471-1472. *See also* Appellant Brief, p. 27.

F̲ED̲. R. A̲PP̲. P. 38, allows this court to find Appellant's appeal was frivolous and award damages irrespective of such a finding by the district court. *See Coghlan v. Starkey*, 852 F.2d 806, 808 (5th Cir. 1988). Here, Yan's appeal against the SBOT Appellees amounts to an unjustified burden on Appellees to expend appellate resources. For all the reasons set forth above, and the fact that Yan filed this appeal against the SBOT Appellees contrary to long-standing precedent and the existence of the documentation he attached to his pleadings – Appellees respectfully request this court find Yan's appeal was frivolous without an award of sanctions. *See Craig A. Washington v. State Bar of Texas et. al.,* Case No. 1:23-CV-00526-JRN, 2024 WL 303880 *4 (W.D. Tex. Jan. 25, 2024) (conclusory claims filed against the State Bar Board of Directors and the CFLD held to be frivolous).

## C̲ONCLUSION̲

The Court should affirm the district court's judgment and find Yan's appeal was frivolous and meritless under Rule 38 of the Federal Rules of Appellate Procedure.

Respectfully submitted,

S̲EANA̲ W̲ILLING̲
C̲HIEF̲ D̲ISCIPLINARY̲ C̲OUNSEL̲

M̲ICHAEL̲ G̲RAHAM̲
A̲PPELLATE̲ C̲OUNSEL̲

_____
ROYCE LEMOINE
STATE BAR CARD NO. 24026421
DEPUTY COUNSEL FOR ADMINISTRATION
OFFICE OF THE CHIEF DISCIPLINARY COUNSEL
COMMISSION FOR LAWYER DISCIPLINE
STATE BAR OF TEXAS
P.O. BOX 12487
AUSTIN, TEXAS 78711-2487
512.427.1350; FAX: 512.427.4253
royce.lemoine@texasbar.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the Court's CM/ECF system on October 30, 2024. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the Court's CM/ECF system.

_____
ROYCE LEMOINE

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed R. App. P. 32(a)(7)(B) because this brief contains 3510 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed R. App. P. 32(a)(5) and the type of style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman font 14-point type face.

_____
ROYCE LEMOINE

Dated: October 30, 2024.