# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

Conghua Yan,

*Plaintiff - Appellant*

v.

The State Bar of Texas, a private company; The Barrows Firm, a private company; Leslie Starr Barrows, in Individual Capacity, as Member of the State Bar of Texas; William Albert Pigg, in Individual Capacity, as Member of the State of Texas; Samantha Ybarra, in Individual Capacity, as Member of the State Bar of Texas; Luis Jesus Marin, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Daniel Eulalio Martinez, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Rachel Ann Craig, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Lori L. Deangelis, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Associated Judge; U.S. Bank,

*Defendants - Appellees*

On Appeal from the United States District Court
for the Northern District of Texas
Civil Action No. 4:23-CV-00758-P-BJ

## BRIEF OF APPELLEES THE BARROWS FIRM, LESLIE STARR BARROWS, AND SAMANTHA YBARRA

J. Nathaniel James
Roland K. Johnson
Caroline M. Cyrier
**Harris, Finley & Bogle, P.C.**
777 Main Street, Suite 1800
Fort Worth, Texas 76102
Telephone:  817-870-8700
Facsimile:   817-332-6121
njames@hfblaw.com

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal:

| Plaintiff/Appellant: | Counsel for Appellant: |
|---|---|
| 1. Conghua Yan | Pro Se |

| Defendants/Appellees: | Counsel for Appellees: |
|---|---|
| 2. The Barrows Firm, P.C. Leslie Starr Barrows, and Samantha Ybarra | J. Nathaniel James (appellate) Roland K. Johnson (trial and appellate) Caroline M. Cyrier (trial and appellate) Harris, Finley & Bogle, P.C. 777 Main Street, Suite 1800 Fort Worth, Texas 76102 Telephone: 817-870-8700 Email: njames@hfblaw.com |
| 3. State Bar of Texas, Luis Jesus Marin, Daniel Eulalio Martinez, and Rachel Ann Craig | Royce LeMoine (trial and appellate) Michael G. Graham (appellate) Amanda M. Kates (trial) Office of the Chief Disciplinary Counsel State Bar of Texas P.O. Box 12487 Austin, Texas 78711-2487 Telephone: 512-427-1339 Email: Royce.lemoine@texasbar.com |
| 4. Tarrant County and Lori DeAngelis | David K. Hudson (appellate) M. Keith Ogle (trial) Tarrant County Criminal District Attorney's Office 401 W. Belknap, 9th Flr. – Civil Division |

Fort Worth, Texas 76196
Telephone: 817-884-1233
Email: dkhudson@tarrantcountytx.gov

5. Albert Pigg

William A. Pigg
Charles L. Woods
William A. Pigg, PLLC
10455 N. Central Expressway, Ste. 109
Dallas, Texas 75231
Telephone: 214-551-9331
Email: wapigg@pigglawfirm.com

6. U.S. Bank

Tyler J. Hill
Morgan, Lewis & Bockius, LLP
1717 Main Street, Ste. 3200
Dallas, Texas 75201
Telephone: 214-466-4160
Email: Tyler.j.hill@morganlewis.com

Melissa D. Hill (Pro Hac Vice)
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178
Telephone: 212-309-6000

**Additional Interested Persons**

7. Texas Lawyers' Insurance Non-party
Exchange

*/s/ J. Nathaniel James*
J. Nathaniel James

Attorney of record for Appellees the Barrows
Firm, Leslie Starr Barrows, and Samantha
Ybarra

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is unnecessary to aid the Court's decisional process because this appeal involves the application of well-established principles of law.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ................................................. ii

STATEMENT REGARDING ORAL ARGUMENT ...................................... iv

TABLE OF CONTENTS ................................................................... v

TABLE OF AUTHORITIES .......................................................... viii

STATEMENT OF JURISDICTION.................................................... 1

STATEMENT OF ISSUES .............................................................. 2

STATEMENT OF THE CASE ........................................................ 3

SUMMARY OF THE ARGUMENT ............................................... 11

ARGUMENTS AND AUTHORITIES ........................................... 13

I.      The De Novo Standard of Review Applies ........................... 13

        A.      Though liberally construed, a pro se complaint is properly dismissed after affording the pro se plaintiff adequate opportunity to plead his best case. ............................................... 14

        B.      As the district court correctly held, Yan has pleaded his best case. ............................................................................ 15

II.     Yan misapprehends the district court's order and ignores that the district court conducted de novo review under both Rules 12(b)(1) and 12(b)(6). .......................................................................... 16

III.    The district court correctly concluded that attorney immunity applies to the factual allegations against the Barrows Appellees. ...................... 19

IV.     The Court should affirm the dismissal of Yan's RICO claims for failure to state a claim........................................................... 22

        A.      The RICO claims were properly dismissed because Yan failed to plead facts showing a pattern of racketeering activity............. 22

                1.      The Complaint does not plead sufficient facts to show closed-ended continuity. .................................................... 23

2.    The Complaint does not plead sufficient facts to show open-ended continuity.......................................................... 25

B.    Yan failed to plausibly plead the commission of any RICO predicate act................................................................. 28

    1.    Complaints about adversarial litigation conduct are insufficient to state a RICO claim..................................... 29

    2.    Yan failed to meet the heightened pleading requirements for the mail or wire fraud predicates........... 30

    3.    Yan's Section 664 claim conflates lawful conduct with a supposed predicate act of theft or embezzlement. .......... 32

C.    The District Court correctly dismissed Yan's Section 1962(a) claim because Yan was not injured by use or investment of racketeering income. ..................................................... 34

D.    The Section 1962(d) claim was properly dismissed because Yan did not adequately plead the existence of any conspiracy...................................................................... 36

V.    The attempted constitutional and Section 1983 claims fail because Barrows is a private actor. .................................................... 37

    A.    No direct constitutional claims against private actors. ...... 37

    B.    The Section 1983 claims fail because Barrows did not act under color of state law. .............................................. 38

    C.    Yan also failed to plausibly plead any violation of constitutional rights........................................................... 39

VI.    The district court properly dismissed the antitrust claim. ...................... 41

VII.    In the alternative, if necessary, the Younger Abstention doctrine applies to Yan's claims for declaratory and injunctive relief................. 45

VIII.    Yan is not entitled to reassignment in the event of any remand. ........... 48

    A.    Yan waived the request for reassignment. ......................... 49

B.    Even if not waived, the request for reassignment is without merit and should be denied. ................................... 50

CONCLUSION ................................................................................. 51

CERTIFICATE OF SERVICE ......................................................... 52

CERTIFICATE OF COMPLIANCE ................................................ 53

# TABLE OF AUTHORITIES

## Federal Cases

*Abraham v. Singh*,
   480 F.3d 351 (5th Cir. 2007) ............................................................... 22

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*,
   526 U.S. 40 (1999)............................................................................... 38

*Asadi v. G.E. Energy (USA), L.L.C.*,
   720 F.3d 620 (5th Cir. 2013) ......................................................... 16, 22

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................................. 13

*Ballew v. Cont'l Airlines, Inc.*,
   668 F.3d 777 (5th Cir. 2012) ............................................................... 18

*Bazrowx v. Scott*,
   136 F.3d 1053 (5th Cir. 1998)............................................................. 43

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)....................................................................... 13, 36

*Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*,
   748 F.3d 631 (5th Cir. 2014) ............................................................... 26

*Bye v. MGM Resorts Int'l, Inc.*,
   49 F.4th 918 (5th Cir. 2022) ............................................................... 14

*Cavallini v. State Farm Mut. Auto Ins. Co.*,
   44 F.3d 256 (5th Cir. 1995) ................................................................. 49

*Cheek v. Warden of Fed. Med. Ctr.*,
   835 Fed. App'x 737 (5th Cir. 2020) ..................................................... 18

*Cinel v. Connick*,
   15 F.3d 1338 (5th Cir. 1994) ............................................................... 38

*D&T Partners, L.L.C. v. Baymark Partners Mgmt., L.L.C.*,
   98 F.4th 198 (5th Cir. 2024) ........................................... 22, 23, 24, 27

*Efron v. Embassy Suites, Inc.*,
   223 F.3d 12 (1st Cir. 2000) ........................................................24, 27

*Estate of Merkel v. Pollard*,
   354 F. App'x 88 (5th Cir. 2009) ...............................................47

*Feld Ent. Inc. v. Am. Soc'y for the Prevention of Cruelty to Animals*,
   873 F. Supp. 2d 288 (D.D.C. 2012) ........................................30

*Ferrer v. Chevron Corp.*,
   484 F.3d 776 (5th Cir. 2007) ...................................................13

*Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*,
   565 F.3d 200 (5th Cir. 2009) ...................................................30

*Gibson v. Berryhill*,
   411 U.S. 564 (1973) ..................................................................46

*Gilbert v. Donahoe*,
   751 F.3d 303 (5th Cir. 2014) ...................................................18

*Grant v. Cuellar*,
   59 F.3d 523 (5th Cir. 1995) (per curiam) ...............................14

*Guardino v. Hart*,
   No. 22-20278, 2023 WL 3818378 (5th Cir. 2023) ..................21

*H.J. Inc. v. Nw. Bell Tel. Co.*,
   492 U.S. 229 (1989) ..............................................22, 23, 24, 26

*Heinze v. Tesco Corp.*,
   971 F.3d 475 (5th Cir. 2020) ...................................................13

*Hill v. McClellan*,
   490 F.2d 859 (5th Cir. 1974) (per curiam) .............................39

*In re Burzynski*,
   989 F.2d 733 (5th Cir. 1993) .......................................25, 27, 32

*In re Great Lakes Dredge & Dock Co.*,
   624 F.3d 201 (5th Cir. 2010) ...................................................13

*Jackson v. Metro. Edison Co.,*
419 U.S. 345 (1974)........................................................................39

*Jacquez v. Procunier,*
801 F.2d 789 (5th Cir. 1986) .................................................15, 16, 42

*Jennings v. Auto Meter Prod., Inc.,*
495 F.3d 466 (7th Cir. 2007) ...........................................................25

*Jewell v. City of Covington, Ga.,*
425 F.2d 459 (5th Cir. 1970) ...........................................................37

*Johnson v. Sawyer,*
120 F.3d 1307 (5th Cir. 1997) .........................................................49

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
511 U.S. 375 (1994)........................................................................13

*Kruebbe v. Beevers,*
692 F. App'x 173 (5th Cir. 2017) (per curiam) ................................14

*La. Debating & Literary Ass'n v. City of New Orleans,*
42 F.3d 1483 (5th Cir. 1995) ...........................................................46

*Link v. Wabash R.R. Co.,*
370 U.S. 626 (1962)...................................................................33, 40

*Longmire v. Guste,*
921 F.2d 620 (5th Cir. 1991) ...........................................................16

*Lozano v. Ocwen Fed. Bank, FSB,*
489 F.3d 636 (5th Cir. 2007)............................................................42

*M. D. by Stukenberg v. Abbott,*
119 F.4th 373 (5th Cir. 2024) .....................................................48, 50

*Malvino v. Delluniversita,*
840 F.3d 223 (5th Cir. 2016) ...........................................................22

*Matzen v. McLane,*
764 F. App'x 402 (5th Cir. 2019)......................................................18

x

*McLin v. Twenty-First Jud. Dist.*,
    79 F.4th 411 (5th Cir. 2023) ...............................................................19

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*,
    457 U.S. 423 (1982)................................................................46, 48

*Miller v. Sam Houston State Univ.*,
    986 F.3d 880 (5th Cir. 2021) ...............................................................49

*Moore v. Sims*,
    442 U.S. 415 (1979)................................................................47

*N. Miss. Commc'ns Inc. v. Jones*,
    792 F.2d 1330 (5th Cir. 1986) ...............................................................43, 44

*N.Y. Life Ins. Co. v. Brown*,
    84 F.3d 137 (5th Cir. 1996) ...............................................................40

*Nolen v. Nucentrix Broadband Networks Inc.*,
    293 F.3d 926 (5th Cir. 2002) ...............................................................34, 36

*Parker & Parsley Petroleum Co. v. Dresser Indus.*,
    972 F.2d 580 (5th Cir. 1992) ...............................................................34, 35

*Pennzoil Co. v. Texaco, Inc.*,
    481 U.S. 1 (1987)................................................................47

*Plotkin v. IP Axess Inc.*,
    407 F.3d 690 (5th Cir. 2005) ...............................................................13

*Priester v. Lowndes County*,
    354 F.3d 414 (5th Cir. 2004) ...............................................................38

*SIL-FLO, Inc. v. SFHC, Inc.*,
    917 F.2d 1507 (10th Cir. 1990) ...............................................................24

*Smith v. Ayer*,
    101 U.S. 320, 25 L.Ed. 955 (1979)................................................................33

*Snow Ingredients, Inc. v. SnoWizard, Inc.*,
    833 F.3d 512 (5th Cir. 2016) ...............................................................21, 29

*Sparks v. Duval County Ranch Co.*,
604 F.2d 976 (5th Cir. 1979) ................................................................39

*St. Paul Mercury Ins. Co. v. Williamson*,
224 F.3d 425 (5th Cir. 2000) ...............................................................34

*Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*,
200 F.3d 307 (5th Cir. 2000) ...............................................................43

*Taylor Pub. Co. v. Jostens*,
216 F.3d 465 (5th Cir. 2000) ...............................................................44

*Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*,
975 F.2d 1134 (5th Cir. 1992) .......................................................14, 36

*Tex. Ass'n of Bus. v. Earle*,
388 F.3d 515 (5th Cir. 2004) ...............................................................46

*Troice v. Proskauer Rose, LLP*,
816 F.3d 341 (5th Cir. 2016) ...............................................................19

*United States v. Elliot*,
571 F.2d 880 (5th Cir. 1978) ...............................................................36

*United States v. Martino*,
648 F.2d 367 (5th Cir. 1981) ...............................................................29

*United States v. Pendergraft*,
297 F.3d 1198 (11th Cir. 2002) ...........................................................29

*United States v. Perez-Gorda*,
115 F.4th 653 (5th Cir. 2024) ........................................................31, 32

*United States v. Wilkes*,
20 F.3d 651 (5th Cir. 1994) .................................................................14

*United States v. Winters*,
174 F.3d 478 (5th Cir. 1999) ...............................................................48

*Van Velzer v. Amegy Bank*,
713 F. App'x 377 (5th Cir. 2018) .........................................................30

*West v. Atkins*,
  487 U.S. 42 (1988)......................................................................38

*Word of Faith World Outreach Ctr. Church, Inc. v. Morales*,
  986 F.2d 962 (5th Cir. 1993) ....................................................46

*XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*,
  513 F.3d 146 (5th Cir. 2008) ....................................................14

*Yohey v. Collins*,
  985 F.2d 222 (5th Cir. 1993) ....................................................14

*Zastrow v. Houst. Auto Imports Greenway Ltd.*,
  789 F.3d 553 (5th Cir. 2015) ....................................................27

## State Cases

*Alpert v. Crain, Caton & James, PC*,
  178 S.W.3d 398 (Tex. App.—Houston [1st Dist.] 2005, pet.
  denied).......................................................................................19

*Campos v. S. Tex. Beverage Co.*,
  679 S.W.2d 739 (Tex. App.—El Paso 1984, no writ).................39

*Cantey Hanger, LLP v. Byrd*,
  467 S.W.3d 477 (Tex. 2015) .....................................................19

*Celotex Corp. v. Tate*,
  797 S.W.2d 197 (Tex. App.—Corpus Christi-Edinburg 1990, writ
  dism'd by agreement) ................................................................41

*Dancy v. Daggett*,
  815 S.W.2d 548 (Tex. 1991) .....................................................33

*Herschberg v. Herschberg*,
  994 S.W.2d 273 (Tex. App.—Corpus Christi-Edinburg 1999, no
  pet.) ..........................................................................................33

*Johnson v. State Farm Mut. Ins. Co.*,
  520 S.W.3d 92 (Tex. App—Austin 2017, pet. denied) ...............37, 39

*Mitchell v. Chapman*,
  10 S.W.3d 810 (Tex. App.—Dallas 2000, pet. denied)...............19

*Republican Party of Tex. v. Dietz*,
    940 S.W.2d 86 (Tex. 1997)...............................................................37

*Taylor v. Tolbert*,
    644 S.W.3d 637 (Tex. 2022) ...........................................................20

*Yancy v. United Surgical Partners Intern., Inc.*,
    236 S.W.3d 778 (Tex. 2007) ...........................................................41

## **Federal Statutes and Rules**

15 U.S.C. § 2 .....................................................................................43

18 U.S.C. § 1027 ...........................................................................28, 29

18 U.S.C. § 1341 ...........................................................................28, 29

18 U.S.C. § 1343 ...........................................................................28, 29

18 U.S.C. § 1349 ...........................................................................28, 29

18 U.S.C. § 1961(1) ..............................................................................29

18 U.S.C. § 1962(a) .......................................................................*passim*

18 U.S.C. § 1962(c) .......................................................................22, 28

18 U.S.C. § 1962(d) .......................................................................36, 37

18 U.S.C. § 1964(c) ..............................................................................34

28 U.S.C. § 1291 ....................................................................................1

28 U.S.C. § 1331 ....................................................................................1

28 U.S.C. § 1343(a)(3) ...........................................................................1

18 U.S.C. § 664 ........................................................................28, 29, 32

28 U.S.C. § 636(b)(1) ..........................................................................16

29 U.S.C. § 1056 ..................................................................................29

29 U.S.C. § 1056(d)(3)..........................................................................32

42 U.S.C. § 1983 ..............................................................................*passim*

Fed. R. App. P. 27(a)(2) ...................................................................49

Fed. R. App. P. 28 ............................................................................49

Fed. R. Civ. P. 12(b)(1) ....................................................................*passim*

Fed. R. Civ. P. 12(b)(6) ....................................................................*passim*

Fed. R. Civ. P. 9(b) ....................................................................13, 30

U.S. Const. amend. XIV ...............................................................37, 39

## State Statutes and Rules

Texas Penal Code § 37.03 .............................................................28, 29

Texas Penal Code § 39.03(a)(2) ...................................................28, 29

Tex. Const. art. I ...............................................................................37

Tex. Const. art. I, § 13 ......................................................................40

## Miscellaneous

5 Charles Alan Wright et al., *Federal Practice and Procedure* § 1297 (1990) ..............................................................................................14

## STATEMENT OF JURISDICTION

### A.    District Court Jurisdiction.

Yan asserted claims arising under federal statutes and alleged violations of the United States Constitution. Accordingly, the district court had statutory jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

### B.    Appellate Jurisdiction.

Pursuant to 28 U.S.C. § 1291, this Court has appellate jurisdiction over the District Court's April 23, 2024 Final Judgment. ROA.2094. Yan filed a motion to alter the judgment, ROA.2095, which was denied by the District Court on May 21, 2024. ROA.16. On June 12, 2024, Yan timely filed a Notice of Appeal. ROA.2153.

Though Yan concedes that appellate jurisdiction exists, Br. at 12, Yan elsewhere argues that the Final Judgment lacks finality because Appellee William Albert Pigg did not move for dismissal. Br. at 95–97. The judgment is final because it adjudicated all claims. ROA.2094. Moreover, Yan's arguments procedurally challenging the dismissal of claims against Pigg are inapplicable to Appellees Leslie Starr Barrows, The Barrows Firm, and Samantha Ybarra, each of which moved to dismiss the Third Amended Complaint. ROA.1249, 1414.

## STATEMENT OF ISSUES IN RESPONSE

1.   Whether the Judgment should be affirmed because Yan failed to plead facts demonstrating any plausible claim against the Barrows Appellees?

2.   Whether the dismissal of the RICO claims against the Barrows Appellees should be affirmed, including because:

    A.   Yan failed to plead continuity facts necessary to show a pattern of racketeering activity;

    B.   Yan failed to plead facts supporting a reasonable inference that any RICO predicate crimes were committed;

    C.   Yan failed to plead injury from the use or investment of alleged racketeering income necessary to state a claim under 18 U.S.C. § 1962(a); and

    D.   Yan failed to plead facts supporting the conclusory conspiracy allegations?

3.   Whether the dismissal of the constitutional and Section 1983 claims should be affirmed because Barrows is a purely private actor?

4.   Whether the district court properly dismissed the putative antitrust claim against the Barrows Appellees because Yan pleaded no facts supporting the necessary element of anticompetitive predatory conduct?

5.   In the alternative, if necessary, whether the district court properly dismissed any remaining claims against the Barrows Appellees based on the doctrine of attorney immunity?

6.   In the alternative, if necessary, whether abstention under the *Younger* doctrine is appropriate because Yan's requests for injunctive and declaratory relief sought federal court interference with his ongoing state court divorce and child custody proceeding?

# STATEMENT OF THE CASE

## I.      Introduction

This appeal rises from the dismissal of Conghua Yan's ("Yan") Third Amended Complaint (the "Complaint") asserting RICO, antitrust, and constitutional claims against his attorney, opposing counsel, and the associate judge involved in his ongoing Texas divorce, against the bank that disbursed funds from his retirement account in compliance with the family court's garnishment order, and against the State Bar of Texas ("State Bar") and attorneys from its Office of Chief Disciplinary Counsel ("OCDC") based on the dismissal of grievances filed by Yan against his attorney and opposing counsel. The Complaint spans more than 400 paragraphs and references scores of federal and state statutory provisions, each of which is incorporated by reference in the statement of each cause of action. ROA.1064, 1078-79, 1093.

All of Yan's claims relate to his highly contentious divorce and child custody litigation in Tarrant County district court. ROA.1046-63.[1] Appellees Leslie Starr Barrows ("Barrows") and Samantha Ybarra ("Ybarra") are attorneys who represented Yan's wife, Fuyan Wang ("Wang"). ROA.1049-51. At the time, Barrows and Ybarra were associated with The Barrows Firm, P.C. (the "Firm"), also

---

[1] At the time of the Complaint, the divorce was ongoing in Tarrant County district court. ROA.1047.

an Appellee. ROA.1051. Barrows, Ybarra, and the Firm are collectively referred to herein as the "Barrows Appellees."[2] Yan was represented by Appellee William Albert Pigg ("Pigg"). ROA.1046.

The following summarizes Yan's factual allegations against the Barrows Appellees which, though disputed, are relayed with deference to the liberal construction of pleadings afforded to pro se litigants and the governing standards of review.

## II.    Yan challenges trial court orders issued in his ongoing state divorce.

The centerpiece of Yan's Complaint is an April 13, 2022, interim Associate Judge's Report ("AJR") by Appellee Associate Judge DeAngelis ("DeAngelis"). ROA.1051-52, 1174. As shown on the face of the AJR, Yan appeared personally and was represented by counsel at the April 13, 2022, hearing. ROA.1174. The AJR includes the following order: "Mr. Yan is ordered to withdraw or borrow $50,000 from his retirement account or as much as allowed. Each attorney is awarded $25,000.00 in fees. Mr. Yan is responsible for the cost of QDRO." ROA.1174. Notwithstanding the AJR, Yan apparently did not withdraw any funds or otherwise comply with the AJR order. ROA.1116.

Yan alleges that Barrows subsequently prepared a proposed "Order for Garnishment of U.S. Bank 401 (K) Savings Plan" (the "QDRO"). ROA.1176-78.

---

[2] The district court referred to the Barrows Appellees as the "Attorney Defendants." ROA.1680.

The QDRO was sent to Yan, via his attorney of record. After Pigg signed the QDRO as an *agreed order*, it was submitted to and signed by non-party District Judge Judith Wells around April 26, 2022. ROA.1053. The QDRO recites that Yan was ordered to pay spousal support in the amount of $25,000.00 and directs Yan's retirement plan administrator to pay that sum to his spouse as the alternate payee "c/o The Barrows Firm P.C." ROA.1176-77. Throughout the Complaint, Yan objects that the QDRO erroneously characterized the monetary award as being for "spousal support." Yan claims the family court never heard a request for spousal support. ROA.1069.

While admitting that his attorney signed the QDRO, Yan claims Pigg did so without his knowledge or consent. ROA.1054. Yan pleads he first learned of the QDRO three months later in July of 2022 and, by letter, objected to U.S. Bank to prevent the distribution. ROA.1054-55. On August 5, 2022, when Barrows learned that Yan was trying to stop payment, Barrows emailed Pigg about Yan's attempt. ROA.1115. Heavily redacted versions of the emails are attached to the Complaint as Exhibit 1. ROA.1111. The unredacted portion of Barrows' email states "[Redacted] He said you are writing to US Bank objecting to the Order that you signed off and the Order that the judge has signed off on. In order for us to obtain our attorney's fees, the order must say the fees are for spousal support. There is no way around it [Redacted]." ROA.1115.

By late August of 2022, the dispute over enforcement of the QDRO had not been resolved. ROA.1071-73. On August 29, Barrows emailed the family court asking for a hearing to clarify the order. ROA.1118. Pigg promptly responded that the QDRO had been approved and would be paid by U.S. Bank. ROA. 1118. As pleaded, only Barrows attempted to involve the family court. The Complaint is silent regarding any attempts by Yan to object or otherwise submit his dispute to the court.

Yan subsequently filed a criminal report with the Tarrant County Sheriff's Department. ROA.1137. That case was closed on January 4, 2023. ROA.1137. Yan also subsequently filed disciplinary grievances with the OCDC. On July 13, 2023, the OCDC informed Yan that his grievances against Pigg and Barrows had been dismissed. ROA.1130-31. The OCDC determined there was "no just cause to believe that [Pigg or Barrows] has committed professional misconduct." ROA.1130-31.

Using conspiracy as his theory of everything, Yan fills in the expansive factual gaps with broad and conclusory allegations of coordinated criminal conduct. To explain his attorney's endorsement of the QDRO, Yan concludes that "Barrows solicited William Albert Pigg to sign this order. Under a conspiracy William Albert Pigg signed this fraudulent order." ROA.1053. To explain why the court signed the QDRO, Yan simply concludes that DeAngelis was a coconspirator too. ROA.1054. Upon dismissing his criminal complaint and grievances, Tarrant County and the OCDC became coconspirators as well. Yan's conspiratorial inferences are supported

by his conclusory assertion that all the individual defendants share a joint interest in securing payment from the retirement account because all are licensed Texas attorneys and members of the State Bar. ROA.1031.

## III. Procedural Facts.

Yan pleads no facts regarding any attempt to challenge the AJR or QDRO in state court, whether before the family court or by appellate review. Rather, within days of the OCDC's dismissal of his grievances, Yan filed this lawsuit. ROA.18. Ultimately, Yan named as defendants each of the Barrows Appellees, Pigg, Tarrant County, the State Bar, DeAngelis, U.S. Bank, and three employees of the OCDC, Marin, Martinez and Craig. ROA.1029. In each of the four iterations of his complaint, Yan alleged the existence of a massive conspiracy involving the attorneys, judges, bank, county, and the State Bar purporting to involve the systematic use of interim spousal support orders to unlawfully abstract retirement benefits from family law litigants for the alleged purpose of solidifying the State Bar's monopoly power. According to Yan:

> the principle behind these alleged RICO schemes is quite simple: to drain as much money as possible from the victims, including funds from federally prohibited resources, in the quickest manner possible. Each conspirator benefits from their share of the income but must conceal the truth from the victims.

ROA.1031. Although Yan places the Barrows Appellees in the context of the claimed statewide conspiracy, all of the allegations against the Barrows Appellees relate solely to their representation of Yan's spouse in the divorce.

On September 18, 2023, Yan was afforded leave to file the fourth iteration of his complaint to "plead his best case." ROA.9. By his Complaint, a 434-paragraph, scattershot pleading, Yan alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Sherman Act, the United States and Texas Constitutions, and 42 U.S.C. § 1983. ROA.1029-82. Yan also asserted broad requests for declaratory and injunctive relief, including requests for injunctive relief terminating Judge DeAngelis' employment, dissolving the Barrows Firm, dissolving the State Bar, and generally prohibiting all Texas attorneys from accepting payment of attorneys' fees pursuant to court orders. ROA.1076, 1089, 1092.

In addition to the fanciful requests for injunctive relief, Yan's dizzying references to scores of federal and state statutory provisions compound the nebulous nature of his Complaint. As the district court ultimately observed, though Yan was given three opportunities to amend, Yan's "factual allegations [remain] none clearer." ROA.2077. While giving all due deference to the liberal construction afforded pro se pleadings, Appellees were left guessing about the foundation and scope of Yan's putative claims.

On September 22, 2023, Ybarra moved to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6). ROA.1249. Barrows and the Barrows Firm also jointly moved to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6). ROA.1414-1446. In response to the Barrows Appellees' motions to dismiss, along with dismissal motions filed by other defendants, the magistrate issued Findings, Conclusions and Recommendations ("FCR") recommending the dismissal of Yan's claims against the Barrows Appellees based on the doctrine of attorney immunity. ROA.1696. Yan objected to the FCR's application of attorney immunity to the federal statutory claims against the Barrows Appellees. ROA.1707-09.

In response to Yan's objections, the district court conducted a *de novo* review. ROA.2076. While concluding that the allegations of the Complaint generally triggered attorney immunity, the court sustained Yan's objection to applying the doctrine to the federal statutory claims like RICO. ROA.2087. The district court also concluded the Complaint was subject to dismissal under Rule 12(b)(6) because Yan failed to plead sufficient factual matter to state any plausible claim for relief. ROA.2089. Concluding that Yan had pleaded his best case and that further amendments would not further the litigation (ROA.2079), the district court ordered the dismissal of Yan's RICO and Antitrust claims against the Barrows Appellees with prejudice pursuant to Rule 12(b)(6). ROA.2091. The district court dismissed Yan's remaining claims without prejudice pursuant to Rule 12(b)(1). ROA.2087. On

April 23, 2024, the district court entered a Final Judgment dismissing the Complaint. ROA.2094.

On May 20, 2024, Yan filed a Motion to Alter Judgment, which was denied on May 21, 2024. ROA.2095, 16. On June 12, 2024, Yan filed a notice of appeal. ROA.2153.

## SUMMARY OF THE ARGUMENT

The central contention of Yan's Complaint is that a Texas family court erred and exceeded its authority by entering an agreed domestic relations order requiring payment from Yan's retirement account. After Yan claims he first learned of the order, another five weeks passed before the bank ultimately approved it for payment. But, Yan apparently never raised his objections to the state court. The Complaint is silent regarding any such attempts. Instead, based on automatic conclusions of organized criminality, Yan took his complaints elsewhere. Collecting additional defendants along the way, he went first to the bank, then to the police, then to the State Bar, and, ultimately, to federal court.

The Complaint reflects Yan's reflexive response to each adverse determination he faced. Filling in the factual gaps with conclusory allegations of layered conspiracies involving judges, attorneys, law enforcement, and the State Bar, Yan concludes that the family court order evidences a statewide pattern of racketeering activity contrived to solidify the State Bar's supposed monopoly power.

The Complaint not only fails to deliver facts supporting the fantastical scope of Yan's conspiracy, Yan's substitution of conclusory allegations and unbridled speculation in lieu of facts render all attempted claims against the Barrows Appellees both factually implausible and legally infirm.

The RICO claims fail because the Complaint concerns isolated litigation conduct without the continuity necessary to support the claimed pattern of racketeering activity. Even if the Court credited Yan's conclusory accusations of unlawful conduct, all such allegations are temporally confined to the span of a few months of litigation in his ongoing, contentious divorce. Yan did not identify any other alleged victims or any threat of future repetition. In the absence of any well-pleaded continuity facts, all of the RICO claims fail.

The constitutional and civil rights claims against Barrows fail because Barrows is a purely private actor. Yan's allegations that she conspired with any state actor are premised solely on conclusions and patently unreasonable inferences from the bare facts alleged.

To the extent Yan attempted an antitrust claim against the Barrows Appellees, that too fails. Yan ignores that predatory conduct sufficient to support a monopoly claim must be anti-competitive. Yan's assertion that he was victimized in the divorce are not allegations of anti-competitive conduct by opposing counsel.

The district court rightly observed that Yan was given adequate opportunity to plead his best case. Notwithstanding the extensions of leave and liberal attempts to decipher his 434-paragraph pleading, the record reflects that both court and counsel were ultimately left to guess the foundation of Yan's claims. The district court properly dismissed the Complaint against Barrows, Ybarra, and the Firm.

# ARGUMENTS AND AUTHORITIES

## I.     The De Novo Standard of Review Applies.

The district court's order dismissing the Complaint is reviewed *de novo*. *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020).

To avoid dismissal under Rule 12(b)(1), the party asserting jurisdiction has the burden of establishing it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To avoid dismissal under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Well-pleaded facts are accepted as true and the complaint is construed "in the light most favorable to the plaintiff." *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010).

Although the complaint is construed in favor of the plaintiff, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Mere labels and formulaic recitations of the elements of a claim are insufficient. *Twombly*, 550 U.S. at 555. Additionally, Rule 9(b) requires that allegations of fraud be made with particularity. Fed. R. Civ. P. 9(b). "At a minimum, Rule 9(b) requires allegations of the particulars of 'time, place, and contents of the false representations, as well as

the identity of the person making the misrepresentation and what he obtained thereby.'" *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (quoting 5 Charles Alan Wright et al., *Federal Practice and Procedure* § 1297 (1990)).

>  **A.** **Though liberally construed, a pro se complaint is properly dismissed after affording the pro se plaintiff adequate opportunity to plead his best case.**

Notwithstanding the liberal construction given to the briefing of pro se litigants, "*pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) and *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993)). Likewise, the liberal construction of pro se briefs does not extend to consideration of issues asserted for the first time on appeal. *Kruebbe v. Beevers*, 692 F. App'x 173, 175 (5th Cir. 2017) (per curiam) (quoting *XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 153 (5th Cir. 2008)); *see also Bye v. MGM Resorts Int'l, Inc.*, 49 F.4th 918, 926 (5th Cir. 2022) ("Neither the defendant nor the district court were required to read into the carefully stated complaint . . . a wholly different claim that was not pled.").

On appeal, Yan distorts the applicable rules governing review of pro se pleadings and briefing. In bold reliance on the liberal construction afforded to the briefing of pro se litigants, Yan invites this Court to scour the record in search of a

plausibly pleaded claim and, in that process, to consider all of his trial court pleadings as supplements or amendments to the Complaint. Br. at 36–37. For that proposition, Yan relies chiefly on pro se prisoner cases in which this Court has held it is appropriate to consider factual averments contained in filings or letters outside the four corners of the complaint prior to dismissing for failure to state a claim. Br. at 37. This flows from the Court's "policy to give the greatest latitude to *pro se* prisoner complaints in § 1983 actions." *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). But, the leniency afforded to pro se litigants is not without limits. Once "given adequate opportunity [to plead his best case], even a *pro se* complaint must contain specific facts supporting its conclusions." *Id.*

### B.     As the district court correctly held, Yan has pleaded his best case.

Yan filed four iterations of his complaint. ROA.1, 358, 692, 1029. The district court concluded that Yan had been given ample opportunities to amend and had pleaded his best case. ROA.2079. Notwithstanding the amendments, the Complaint lacks sufficient factual allegations to support any reasonable inference that the Barrows Appellees are liable for the alleged misconduct. ROA.2091 ("[T]he Court cannot draw that reasonable inference based on Mr. Yan's pleadings."). Because Yan has pleaded his best case, the district court's dismissal for failure to state a claim should be affirmed notwithstanding any recharacterization of the nature of his claims. Under these circumstances, the dismissal should be affirmed because

"remanding the case to allow another pleading would do nothing but prolong the inevitable." *Jacquez*, 801 F.2d at 793.

The Barrows Appellees raised multiple, independent grounds in their respective motions to dismiss. ROA.1249, 1414. The judgment may be affirmed on any basis supported by the record. *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 622 (5th Cir. 2013).

## II. Yan misapprehends the district court's order and ignores that the district court conducted de novo review under both Rules 12(b)(1) and 12(b)(6).

Construing his brief liberally, Yan challenges the sufficiency of the district court's *de novo* review of the motions to dismiss. Br. at 17. This lacks merit because the district judge "may accept, reject, *or modify*, *in whole or in part*, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1) (emphasis added). Absent evidence to the contrary, the Court assumes a proper *de novo* review was conducted. *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). The district court's extensive order facially evidences a proper *de novo* review. ROA.2076.

Yan also erroneously contends that the district court applied Rule 12(b)(1) to dismiss *with prejudice* certain claims against Barrows Appellees. Br. at 70.[3] That is expressly belied by the Court's order. ROA.2087. All of the dismissals pursuant to

---

[3] Yan directs many of his appellate arguments at the Magistrate's FCR, while ignoring the additional, independent grounds for dismissal raised by Barrows Appellees and considered by the district court in its *de novo* review. Br. at 17, 43, 45,

Rule 12(b)(1) were *without prejudice*. ROA.2087. As shown below, the RICO and Antitrust claims were dismissed with prejudice under Rule 12(b)(6). Although the district court concluded that none of Yan's claims could survive a Rule 12(b)(6) analysis, it dismissed Yan's remaining claims without prejudice because of the apparent applicability of the jurisdictional doctrine of attorney immunity. ROA.2087.

Following Yan's objections to the FCR, the district court conducted a *de novo* review and separately considered the sufficiency of the Complaint under Rules 12(b)(1) and 12(b)(6). ROA.2076-2093. The district court agreed that Yan's allegations triggered the attorney-immunity doctrine but sustained Yan's objections to applying immunity to Yan's federal statutory RICO and antitrust claims. ROA.2087. Accordingly, pursuant to Rule 12(b)(1), the district court dismissed *without prejudice* Yan's claims other than the RICO and Antitrust claims. ROA.2087.[4] But the district court also independently reviewed the sufficiency of Yan's pleading under Rule 12(b)(6) and determined that "Yan's allegations against both the Attorney Defendants and State Bar Defendants fail to state a cognizable claim entitling Yan to relief." ROA.2089. The district court accordingly dismissed

---

[4] On appeal, Yan argues the district court erroneously applied attorney immunity to his antitrust claim. Br. at 70. In fact, the district court dismissed Yan's antitrust claims against the Barrows Appellees, if any, pursuant to Rule 12(b)(6). ROA.2091 ("[T]he Court DISMISSES his RICO/antitrust claims against the Attorney Defendants . . . with prejudice.").

Yan's RICO and antitrust claims pursuant to Rule 12(b)(6) with prejudice. ROA.2089, 2091.

As the district court rightly determined,[5] all of Yan's claims against the Barrows Appellees fail to survive the Rule 12(b)(6) inquiry because Yan did not allege factual matter sufficient to state any plausible claim for relief, as urged in the Barrows Appellees' respective motions to dismiss. *Infra* 22-45. Thus the order and judgment dismissing the Complaint can be affirmed under Rule 12(b)(6), an independent ground urged below. *Gilbert v. Donahoe*, 751 F.3d 303, 311 (5th Cir. 2014) (quoting *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012)). This would be true even if the district court had not also reached the Rule 12(b)(6) analysis. *Cheek v. Warden of Fed. Med. Ctr.*, 835 Fed. App'x 737, 741 (5th Cir. 2020).

Because Yan has failed to show on appeal that the district court erred in concluding that he failed to state any plausible claim, Barrows Appellees respectfully submit that the Court should affirm the dismissal on that basis. *Matzen v. McLane*, 764 F. App'x 402, 402 (5th Cir. 2019) ("[W]e need not address those arguments [alleging error in 12(b)(1) analysis] because Matzen has failed to show

---

[5] ROA.2089 ("Without reaching a conclusive determination on these doctrinal questions [regarding the scope of immunity], the Court proceeded to evaluate Yan's pleadings and Defendants' arguments under Rule 12(b)(6). Having done so, the Court finds that Yan's allegations against both the Attorney Defendants and the State Bar Defendants fail to state a cognizable claim entitling Yan to relief.").

the district court erred in dismissing his claims under Rule 12(b)(6).”). Nevertheless, because attorney immunity is jurisdictional, Barrows Appellees address it first.

## III. The district court correctly concluded that attorney immunity applies to the factual allegations against the Barrows Appellees.

This Court has characterized the doctrine of attorney immunity as jurisdictional. *Troice v. Proskauer Rose, LLP*, 816 F.3d 341, 346 (5th Cir. 2016) (holding the attorney immunity defense is “properly characterized as true immunity from suit, not as a defense to liability”). Because it operates as a complete bar to the exercise of jurisdiction over the affected claims, it is appropriate to consider its application first. *McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 415 (5th Cir. 2023).

The attorney-immunity doctrine is derived from the principle that “attorneys are authorized to practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages” to non-clients. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). It is “intended to ensure ‘loyal, faithful, and aggressive representation by attorneys employed as advocates.’” *Id.* (quoting *Mitchell v. Chapman*, 10 S.W.3d 810, 812 (Tex. App.—Dallas 2000, pet. denied)). And, it operates to prevent the “inevitable conflict that would arise if [an attorney] were ‘forced to constantly balance his own potential exposure against his client’s best interest.’” *Id.* at 483 (quoting *Alpert v. Crain, Caton & James, PC*, 178 S.W.3d 398, 405 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)).

All of Yan's allegations directed at the Barrows Appellees are temporally confined within the scope of their representation of Yan's spouse in the state court divorce. ROA.1046-63, 1692. Yan's allegations include assertions that Barrows sought and obtained an unreasonable award of attorneys' fees, submitted an improper proposed order for consideration by the district court, improperly obtained payment through submission of a QDRO to U.S. Bank, among other allegations. ROA.1046-63. None of the factual allegations against the Barrows Appellees concern conduct beyond the scope of the adversarial litigation representation. The district court correctly concluded the Complaint triggered application of the immunity doctrine. ROA.2086-87.

After the magistrate recommended dismissal based on attorney immunity, Yan argued for the first time that attorney immunity did not apply to federal statutory claims like RICO. ROA.1709-09. Yan relies on *Taylor v. Tolbert*, in which the Texas Supreme Court refused to apply the doctrine of attorney immunity to a federal wiretap claim. 644 S.W.3d 637, 653 (Tex. 2022). The Court concluded it is "unlikely that a federal court would apply Texas's common-law attorney-immunity defense to the federal wiretap statute if presented with the question today." *Id.* at 656. While observing the applicability of the doctrine to the pleaded facts, the district court sustained the objection. ROA.2087. Noting that Yan achieved a "pyrrhic victory" to

the extent his claims survived the Rule 12(b)(1) analysis, the court proceeded to dismiss the balance of the claims for failure to state a claim. ROA.2089-91.

The district court's approach is analogous to *Guardino v. Hart*, in which this Court recognized the application of attorney immunity to the pleaded facts and affirmed the district court's dismissal of a RICO complaint for failure to state a claim, "to the extent they were not barred by . . . attorney immunity." No. 22-20278, 2023 WL 3818378, at *4–5 (5th Cir. 2023). Ultimately, whether analyzed under immunity or pleading standards, the alleged acts and omissions of an attorney in an adversarial litigation context are an insufficient basis for RICO liability. *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 525 (5th Cir. 2016). *Infra* 29.

The district court's approach is also sensible in view of the liberal construction afforded to pro se pleading. Indeed, Yan leverages his pro se status by asking the Court to review the record for factual allegations supporting any plausibly pleaded cause of action. Br. at 36–37. Thus, the precise nature of Yan's claims continues to evade definition. It is clear, however, that the facts alleged against the Barrows Appellees are limited to the subject of their representation of Yan's wife in the divorce. Thus, to the extent Yan contends there may be as-yet unidentified causes of action supported by the pleaded facts, the Court should affirm they are barred by attorney immunity.

As set forth below, it is ultimately unnecessary to decide whether immunity applies to the causes of action actually identified in the Complaint because all are inadequately pleaded.

## IV. The Court should affirm the dismissal of Yan's RICO claims for failure to state a claim.

Yan alleged that the Barrows Appellees were subject to RICO liability under 18 U.S.C. § 1962(a), (c), and (d). Barrows Appellees moved to dismiss the RICO claims under Rule 12(b)(6) asserting multiple grounds. ROA.1264-1271, 1430-1439. The dismissal of the RICO claims against the Barrows Appellees can be affirmed for each of these independent reasons. *Asadi*, 720 F.3d at 622.

### A. The RICO claims were properly dismissed because Yan failed to plead facts showing a pattern of racketeering activity.

Each of § 1962(a), (c), and (d) requires pleading and proof of a *pattern* of racketeering activity. *D&T Partners, L.L.C. v. Baymark Partners Mgmt., L.L.C.*, 98 F.4th 198, 205 (5th Cir. 2024) (quoting *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007)). Sufficiently pleading a pattern of racketeering activity requires more than the mere identification of two predicate acts. The RICO plaintiff must "show both a relationship between the predicate offenses . . . and the threat of continuing activity." *Malvino v. Delluniversita*, 840 F.3d 223, 231 (5th Cir. 2016).

RICO continuity is a temporal concept. *D&T Partners*, 98 F.4th at 205 (citing *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240 (1989)). To effectuate Congress's

intent to address "*continuing* racketeering activity," the Supreme Court has explained a plaintiff may satisfy the continuity requirement by showing "a closed period of repeated conduct" or "past conduct that by its nature projects into the future with a threat of repetition." *H.J. Inc.*, 492 U.S. at 241.

Among the grounds argued in support of their respective motions to dismiss, the Barrows Appellees argued Yan's RICO claims should be dismissed because he failed to plead continuity facts essential to establish an actionable pattern of racketeering activity. ROA.1430-33; ROA.1264-66. All of Yan's allegations against the Barrows Appellees are temporally confined within the context of his ongoing divorce proceedings. Payment pursuant to the QDRO, the alleged object of the conspiracy, has already occurred, and there is no cognizable risk of future harm to Yan or anyone else. ROA.1430-33; ROA.1264-66.

### 1. The Complaint does not plead sufficient facts to show closed-ended continuity.

This Court employs "highly fact-intensive analyses" to determine whether continuity has been sufficiently pleaded. *D&T Partners*, 98 F.4th at 206. The test for closed-ended continuity focuses on the duration of the alleged scheme, the number of victims, and the objects of the scheme or schemes. *Id.* at 205–08. Relevant here, closed-ended continuity is unlikely to exist when the alleged scheme is of short duration or affects a limited number of victims. *Id.* at 206 ("When drafting RICO, Congress sought to address '*long-term* unlawful conduct,' not fraudulent acts

'extending over a few weeks or months.'" (quoting *H.J. Inc.*, 492 U.S. at 242));
*Efron v. Embassy Suites, Inc.*, 223 F.3d 12, 19 (1st Cir. 2000) (holding that the
complaint failed to allege a pattern of racketeering activity in part due to the presence
of only three victims).

The Complaint fails the continuity test because the "scope and nature of the
scheme [is] finite and focused on a singular objective" and the "alleged victims are
limited in number." *See D&T Partners*, 98 F.4th at 202. Here, Yan is the singular
alleged victim of any conduct attributable to the Barrows Appellees. While Yan
strings together numerous conclusory allegations, attempting to contrive a pattern
by reference to the back-and-forth email communications between counsel in his
divorce proceeding (the alleged wire fraud), the entire "scheme" consists of a
singular effort to obtain the QDRO and submit it to U.S. Bank for payment. But, "a
single scheme to accomplish one discrete goal, directed at one individual with no
potential to extend to other persons or entities is not the type of racketeering pattern
RICO seeks to prohibit." *Id.* at 207 (quoting *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d
1507, 1516 (10th Cir. 1990)) (cleaned up).

Here, the allegations of unlawful conduct by the Barrows Appellees are
confined to the few months spanning from June through August of 2022, all
occurring during the course of Yan's divorce litigation. This Court has found
continuity lacking when the entire alleged scheme was carried out during the scope

of a single lawsuit. *See, e.g.*, *In re Burzynski*, 989 F.2d 733, 743 (5th Cir. 1993) ("*All of the alleged predicate acts took place as part of the Burzynski I litigation, which has ended. . . . The conduct did not constitute or threaten long-term criminal activity.*").

The dismissals of Yan's grievance filings with the OCDC likewise deficient do not supply the continuity. In *D&T Partners*, the Court rejected arguments that the temporal scope of the alleged scheme was extended by the defendants' subsequent conduct aimed at concealing past wrongful conduct. *See D&T Partners*, 98 F.4th at 208 ("And such actions, 'even if themselves illegal . . . do nothing to extend the duration of the underlying scheme.'" (quoting *Jennings v. Auto Meter Prod., Inc.*, 495 F.3d 466, 474 (7th Cir. 2007))). Therefore, even if the Court credits Yan's conclusory allegations that the grievance process was a mechanism used to conceal past wrongs, the dismissal of Yan's grievances did not extend the underlying "scheme."

### 2. The Complaint does not plead sufficient facts to show open-ended continuity.

In the absence of closed-ended continuity, a RICO plaintiff may plead a pattern of racketeering activity by showing that "a threat of criminal activity extends indefinitely into the future." *Id.* This may be done by pleading that the predicate acts themselves are part of the defendants' ordinary practice in connection with its

legitimate business purposes or of its participation in a broader, ongoing RICO enterprise. *Id.* (citing *H.J. Inc.*, 492 U.S. at 243).

In the Complaint, Yan wholly failed to plead facts showing that the Barrows Defendants use the alleged fraudulent acts "in similar business settings" or would continue to employ the fraud against him in the future. *Id.* at 209. Yan's only attempts to plead facts in support of continuity are mere conclusions. ROA.1068 ("The enterprise, *the Barrows Firm* retains profits for marketing . . . thereby expanding its business and allegedly soliciting more victims for its purported racketeering activities.").

On appeal, Yan argues he sufficiently alleged a pattern of racketeering activity because he included several additional family court pleadings as exhibits to his complaint or in a response to the State Bar Defendants' Motion to Dismiss. Br. at 45.[6] The Court need not consider the additional exhibits that were neither attached to nor referenced in Yan's pleading. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). At any rate, all of the attached pleadings, some of which are merely unsigned, *proposed* orders, are from other divorce proceedings, involving other attorneys, other parties, and other courts. ROA. 1180, 1490-1519. None bears a date more recent than the year 2014. Yan pleaded

---

[6] One family court order was attached to the Third Amended Complaint. ROA.1061. The additional family court orders were attached to Yan's Response to the State Bar's motion to dismiss. Br. at 27; ROA.1490-1519.

no facts supporting any plausible inference that those exhibits were related to any unlawful act or bear any relationship to the Barrows Appellees.

Yan relies extensively on Exhibit 9 to the Complaint, a Tarrant County Associate Judge's Report from an unrelated 2014 divorce. ROA.1180. Yan pleaded that Exhibit 9 evidenced a "deeply entrenched, widespread, and statewide RICO conspiracy scandal." ROA.1061. But, the 2014 Report facially negates the attempted comparison to Yan's conjectural scheme. The order provides that the husband "shall be *allowed to withdraw* $12,000.00 from his 401(k)." ROA.1180 (emphasis added). Yan does not allege any of the facts giving rise to the 2014 Report, nor does he allege that any unlawful predicate act led to its issuance. The 2014 Report is connected to the alleged scheme only by Yan's conclusory say-so.

This Court has previously rejected attempts to establish a pattern of racketeering activity from isolated litigation conduct. *See, e.g.*, *In re Burzynski*, 989 F.2d at 743 (5th Cir. 1993); *Zastrow v. Hous. Auto Imports Greenway Ltd.*, 789 F.3d 553, 561 (5th Cir. 2015) (rejecting RICO claims premised on alleged predicate acts confined to the defense of a lawsuit). These holdings flow from the general principle that the "courts are reluctant to find a RICO violation when the complaint alleges unlawful conduct in pursuit of a 'single effort, over a finite period of time.'" *D&T Partners*, 98 F.4th at 207 (quoting *Efron*, 223 F.3d at 21).

The Complaint deconstructs Yan's divorce proceedings in a tortured attempt to tease out a claimed pattern of unlawful conduct. At best, Yan alleged misconduct occurring within a short window of time all aimed at the singular objective of securing payment of an interim award of attorneys' fees. The alleged scheme poses no threat of continuing activity. The RICO claims should be dismissed.

**B.     Yan failed to plausibly plead the commission of any RICO predicate act.**

Yan failed to plead facts supporting a reasonable inference that any predicate crime was committed at all. Accordingly, Yan's claims pursuant to Section 1962(a), (c) and (d) should be dismissed with prejudice.

Yan's multifarious allegations of purported predicate crimes include:

- Embezzling from an employee benefit plan in violation of 18 U.S.C. § 664 (ROA.1047);

- Making false statements or concealing facts in relation to documents required by ERISA in violation of 18 U.S.C. § 1027 (ROA.1055);

- Mail fraud in violation of 18 U.S.C. § 1341 (ROA.1054, 1070);

- Wire fraud in violation of 18 U.S.C. § 1343 (ROA.1051, 1053-54, 1069-71, 1073);

- Conspiring to commit mail or wire fraud in violation of 18 U.S.C. § 1349 (ROA.1069, 1071, 1073);

- Committing aggravated perjury in violation of Texas Penal Code § 37.03 (ROA.1051, 1053-54);

- Committing official oppression in violation of Texas Penal Code § 39.03(a)(2) (ROA.1052); and

- Knowingly violating 29 U.S.C. § 1056, which governs the assignability and alienability of pension plans (ROA.1055).

As an initial matter, several of these alleged crimes are not valid RICO predicates. These include 18 U.S.C. § 1027, 18 U.S.C. § 1349, 29 U.S.C. § 1056, Texas Penal Code § 37.03, and Texas Penal Code § 39.03(a)(2), which are not listed among the predicate "racketeering activities" defined by 18 U.S.C. § 1961(1). *See United States v. Martino*, 648 F.2d 367, 400 (5th Cir. 1981) ("[C]onspiracy to commit mail fraud is not included and is therefore not a predicate act."). The only valid predicate offenses, had they been sufficiently pleaded, are mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), and theft from an employee benefit plan (18 U.S.C. § 664). As set forth below, all of Yan's allegations in support of these claims are mere conclusions based on litigation conduct that cannot support RICO liability.

      **1.    Complaints about adversarial litigation conduct are insufficient to state a RICO claim.**

Adversarial litigation conduct is an improper foundation for a civil RICO claim. *See SnoWizard*, 833 F.3d at 525 ("In the absence of corruption, we agree . . . that 'prosecuting litigation activities as federal crimes would undermine the policies of access and finality that animate our legal system [and] would arguably turn many state-law actions for malicious prosecutions into federal RICO actions.'" (quoting *United States v. Pendergraft*, 297 F.3d 1198, 1208 (11th Cir. 2002))).

Civil-RICO liability should not exist unless the pleadings allege actual criminal activity. *Id.* at 525 ("Only in *Feld* did the court allow litigation activity to sustain a civil-RICO action, but in that case the litigation activity included bribery of parties and witnesses." (citing *Feld Ent. Inc. v. Am. Soc'y for the Prevention of Cruelty to Animals*, 873 F. Supp. 2d 288, 307 (D.D.C. 2012))). Yan's allegations that Barrows is a "close friend of [DeAngelis]" and campaign contributor (ROA.1082) are mere conclusions and, in any event, insufficient to support any reasonable inference of criminal conduct or corruption.

### 2. Yan failed to meet the heightened pleading requirements for the mail or wire fraud predicates.

In support of the alleged mail and wire fraud claims, Yan tallies up the emails exchanged between counsel, isolates them from all context, concludes they contain falsehoods, and goes no further. Yan's conclusory suppositions do not meet Rule 9(b)'s heightened pleading standard for fraud allegations. *Van Velzer v. Amegy Bank*, 713 F. App'x 377, 378 (5th Cir. 2018) (holding that Rule 9(b) applies to mail fraud allegations). Plaintiff failed to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent" as required under Rule 9(b)'s heightened pleading standard. *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009).

Intent to deceive is an essential element of both mail and wire fraud. *United States v. Perez-Gorda*, 115 F.4th 653, 656 (5th Cir. 2024). The emails between Barrows and Pigg reflect mere attorney advocacy concerning the DeAngelis order and subsequent QDRO. ROA.1053-1054, 1115, 1118. Critically, the emails were transmitted in August of 2022, months *after* the QDRO had been approved by Pigg, signed by district court judge, and submitted to US Bank. ROA.1115, 1118. They do not support any reasonable inference that Barrows acted with intent to deceive, either at the time of the transmission or months earlier when the QDRO was approved and signed by the district judge. Rather, the emails negate intent to deceive. Barrows sought to submit counsel's dispute to the family court for resolution. ROA.1118 ("We need to clarify with Judge DeAngelis a ruling for attorneys' fees in her AJ Report. Do you have dates and times that should be available via Zoom and/or In Person."). Within minutes of making that request, Yan's counsel relented and advised Barrows that the QDRO would be paid. ROA.1118.

The Complaint also alleges that Barrows committed wire or mail fraud by unspecified correspondence with U.S. Bank. ROA.1071 ("[B]etween June 2022 and August 2022, [Barrows] made multiple telecommunications to Plaintiff's 401K administrator . . . either through phone calls or emails."). But, Yan does not plead any facts about the contents of those communications. ROA.1071 ("Through phone calls or emails and with successful deception, she committed multiple acts under 18

U.S.C. 1343 . . . .”). Thus, there is no factual basis from which the Court could draw any inference that Barrows acted with intent to deceive, which is necessary to support a claim for mail or wire fraud. *Perez-Gorda*, 115 F.4th at 656. The allegations fall woefully short of Rule 9's heightened pleading standard for fraud allegations.

### 3. Yan's Section 664 claim conflates lawful conduct with a supposed predicate act of theft or embezzlement.

18 U.S.C. § 664 makes it a crime to embezzle, steal, or unlawfully convert assets of an employee benefit plan. But, the qualified domestic relations order is a lawful, statutorily authorized mechanism for directing retirement funds to an alternate payee. *See* 29 U.S.C. § 1056(d)(3). Yan has also cited no authority for the proposition that the pursuit of a civil remedy in court constitutes theft, embezzlement, or conversion. But, the Court has rejected attempts to extrapolate RICO predicate crimes from the course of "discrete and otherwise lawful" acts such as "the defense of a lawsuit." *In re Burzynski*, 989 F.2d at 743.

Yan's arguments also simply ignore the fact that Pigg, his attorney and chosen agent in the divorce, signed off on the QDRO. ROA.1178. Yan's vast and conclusory criminal conspiracy allegations cannot unwind the consequences of his free choice of legal counsel:

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely

> selected agent. Any other notion would be wholly
> inconsistent with our system of representative litigation, in
> which each party is deemed bound by the acts of his
> lawyer-agent and is considered to have "notice of all facts,
> notice of which can be charged upon the attorney."

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1979)). Yan's disagreement with the family court's order or his counsel's conduct does not convert opposing counsel's pursuit of a civil remedy into a criminal act.

And, despite Yan's complaint that the order was interlocutory (what Yan terms "unappealable"), Texas law affords processes to challenge an interim family court order by mandamus. *Herschberg v. Herschberg*, 994 S.W.2d 273, 276 (Tex. App.—Corpus Christi-Edinburg 1999, no pet.) (citing *Dancy v. Daggett*, 815 S.W.2d 548, 549 (Tex. 1991)). More than a month passed between Yan's alleged discovery of the QDRO and U.S. Bank's approval. ROA.1112, 1118. Yet, Yan apparently never even asked the family court to reconsider the order. Instead, having suffered an adverse ruling in Court, Yan chose to collaterally attack the order by this separate lawsuit in which he concludes that everyone in the orbit of his divorce litigation is engaged in coordinated criminality.

Yan failed to plead sufficient factual matter to plausibly establish the commission of any RICO predicate act. This is an independent basis for affirming the dismissal of the RICO claims.

**C.** **The District Court correctly dismissed Yan's Section 1962(a) claim because Yan was not injured by use or investment of racketeering income.**

In addition to the failure to plead a pattern of racketeering activity or the occurrence of RICO predicate crimes, Yan's Section 1962(a) claim fails because Yan did not plead injury resulting from the use or investment of racketeering income. Section 1962(a) makes it "unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity . . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(a). Section 1964(c) authorizes a civil cause in favor of "[a]ny person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c).

Sections 1962 and 1964 must be read together. *Nolen v. Nucentrix Broadband Networks Inc.*, 293 F.3d 926, 929 (5th Cir. 2002). Because Section 1964(c) requires a causal relationship between the alleged violation of Section 1962 and damages suffered by the claimant, a Section 1962(a) plaintiff must allege an injury that flows "from the *use or investment of racketeering income*." *Id.* (quoting *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 441 (5th Cir. 2000)). Accordingly, Section 1962(a) claims cannot be based on injuries flowing from alleged racketeering

activities because Section 1962(a) does not prohibit such acts. *Id.* (citing *Parker &*

*Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 584 (5th Cir. 1992)).

Even if the Court credited Yan's conclusory allegations regarding alleged

violations of Section 1962(a), Yan did not plausibly allege that he was injured in his

property or business as a result of the investment or use of racketeering income.

Liberally construed, the Complaint alleges that:

- Barrows Firm, Barrows, and Ybarra received racketeering income in the form of fees for legal services provided to Wang and from the alleged "abstraction" of funds from Yan's retirement account (ROA.1072);

- Such income was used to support the operations of the Barrows Firm and to aid and abet unspecified racketeering activities (ROA.1072-73); and

- Barrows Firm, Barrows, and Ybarra used such income to pay dues to the State Bar, which likewise uses its portion of the alleged racketeering income to hire more coconspirators to work in the Office of Chief Disciplinary Counsel (ROA.1066).

Critically, Yan did not plead injury from the use or investment of what he

characterizes as racketeering income. Even if the Court credits the conclusory

allegations that the operation of a law firm or payment of bar dues constitutes the

use or investment of racketeering income, those events post-date Yan's alleged

injury. There is no connection between the claimed violation and the alleged injury.

Yan's failure to allege injury resulting from the use or investment of alleged

racketeering income is an independent basis for affirming the dismissal of the

Section 1962(a) claim. *Parker & Parsley*, 972 F.2d at 584; *Nolen*, 293 F.3d at 929–30.

### D. The Section 1962(d) claim was properly dismissed because Yan did not adequately plead the existence of any conspiracy.

"The core of a RICO conspiracy is an agreement to commit predicate acts." *Tel-Phonic*, 975 F.2d at 1140. Because Yan has failed to adequately plead any predicate acts, the alleged conspiracy claim fails as well. Additionally, a Section 1962(d) conspiracy must be specifically pleaded by facts showing that by "words or actions" the defendants "objectively manifested an agreement to participate, directly or indirectly, in the affairs of an enterprise through the commission of two or more predicate crimes." *United States v. Elliot*, 571 F.2d 880, 903 (5th Cir. 1978). Yan's allegations regarding any such agreement are mere conclusions. ROA.1053 ("Barrows solicited William Albert Pigg to sign this order. Under a conspiracy William Albert Pigg signed this fraudulent order."). Such a conclusory allegation of conspiracy is not sufficient to plausibly plead an agreement between opposing counsel to participate in a RICO enterprise. *Tel-Phonic*, 975 F.2d at 1140–41.

Yan failed to plead facts "plausibly suggesting (not merely consistent with)" his assertion of a conspiratorial agreement. *Twombly*, 550 U.S. at 557. Rather, the allegations demonstrate both counsels carrying out the terms of Judge DeAngelis' prior order providing that "Mr. Yan is responsible for the cost of QDRO." ROA.1174. In response, a domestic relations order was prepared and submitted to

Yan, via his attorney of record, for review and approval. ROA.1177-78.[7] Even if Pigg failed to inform him or secure his approval, as alleged, there are no pleaded facts supporting that Barrows even knew Pigg was acting without authority.

Yan's failure to allege facts supporting an agreement to commit RICO predicate acts is an independent basis for affirming dismissal of the Section 1962(d) claim.

## V.    The attempted constitutional and Section 1983 claims fail because Barrows is a private actor.

In the Complaint, Yan alleged that Barrows violated various provisions of the United States and Texas Constitutions. ROA.1092-1094. As argued in Barrows motion to dismiss, ROA.1441-43, each of these claims fail as a matter of law because Barrows is a private actor, and Yan pleaded no facts supporting any allegation that she acted under color of state law for purposes of 42 U.S.C. § 1983 claims.

### A.    No direct constitutional claims against private actors.

Both the Fourteenth Amendment of the United States Constitution and Article I of the Texas Constitution regulate state action, not the conduct of private parties. *Jewell v. City of Covington, Ga.*, 425 F.2d 459, 460 (5th Cir. 1970); *Johnson v. State Farm Mut. Ins. Co.*, 520 S.W.3d 92, 101 (Tex. App—Austin 2017, pet. denied) (citing *Republican Party of Tex. v. Dietz*, 940 S.W.2d 86, 91, 93 (Tex. 1997)). Yan

---

[7] Although Yan repeatedly argues that DeAngelis lacked authority to sign the QDRO, Yan ignores his own admission that District Judge Wells, not DeAngelis, actually signed the QDRO. ROA.1053.

alleges he was injured by Barrows' conduct while she was acting as private counsel for Yan's wife in divorce litigation. Yan does not allege that Barrows acted in any other capacity. Therefore, to the extent Yan alleges direct constitutional claims against Barrows, they fail as a matter of law.

**B.     The Section 1983 claims fail because Barrows did not act under color of state law.**

To state a claim under Section 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person *acting under color of state law*." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). A private person acts "under color of state law" only when they conspire with state actors to deprive a plaintiff of a federal right. *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004). The plaintiff asserting this theory must plead specific facts showing an agreement between the private person and public defendants to commit an illegal act. *Id.* (citing *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994)).

Yan wholly failed to plead any facts supporting the existence of an agreement between Barrows and any state actor, much less an agreement to accomplish any illegal act. The apparent basis for Yan's Section 1983 claims is Barrows' status as a licensed attorney and "officer of the court." ROA.1067. But, the mere possession of a state license does not convert a private actor into a state actor. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) ("In cases involving extensive state

regulation of private activity, we have consistently held that '[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment.'" (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974))); *Johnson*, 520 S.W.3d at 101 ("A private party's actions should not be construed as state action simply because the private party is licensed by the state." (citing *Campos v. S. Tex. Beverage Co.*, 679 S.W.2d 739, 740 (Tex. App.—El Paso 1984, no writ)). Moreover, the use of the state's judicial processes during litigation does not transform a private attorney into a state actor. *Hill v. McClellan*, 490 F.2d 859, 860 (5th Cir. 1974) (per curiam), overruled on other grounds in *Sparks v. Duval County Ranch Co.*, 604 F.2d 976 (5th Cir. 1979).

## C. Yan also failed to plausibly plead any violation of constitutional rights.

In addition to the legal bar presented by Barrows' status as a purely private actor, Yan's constitutional claims fail because he pleaded no facts showing any plausible violation of state or federal constitutional protections.

Yan simply repeats the conclusory allegation that he was deprived of liberty and property without due process of law. Based on his subjective disagreement with the reference to spousal support in the QDRO, Yan argues he was not given notice and opportunity to be heard regarding spousal support. ROA.1071. Yan ignores that he was present at the April 13, 2022 hearing when Associate Judge DeAngelis ordered Yan to withdraw funds from his retirement account and *to bear the cost of*

*preparing the QDRO*. ROA.1174. A QDRO was subsequently prepared, agreed to

by Yan's counsel, and entered by the presiding district court judge. ROA.1176-78.

Yan's constitutional claims are a plain attempt to avoid reckoning with the fact that

the QDRO was submitted as an agreed order, with his own counsel's approval.

ROA.1176-78. But, "he cannot now avoid the consequences of the acts or omissions

of this freely selected agent." *Link*, 370 U.S. at 633–34.

Yan has further failed to present any argument or authority that due process

required the family court to hold an additional hearing prior to entering an agreed

order. Thus, to the extent the lack of a second hearing is the alleged basis for Yan's

constitutional claims, Yan has waived them. Even if the QDRO was not approved

by his own counsel (and it was), Yan would still be required to show why due process

demanded an additional hearing. *See id.* at 632 (explaining that the right to be heard

"does not mean that every order entered without notice and a preliminary adversary

hearing offends due process"). The district court properly dismissed Yan's

Fourteenth Amendment claims because Yan received all due process required by

law. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996) ("Ordinarily

all that due process requires in a civil case is proper notice and service of process

and a court of competent jurisdiction.").

Article I, Section 13 of the Texas Constitution provides: "Excessive bail shall

not be required, nor excessive fines imposed, nor cruel and unusual punishment

inflicted. All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." Tex. Const. art. I, § 13. Yan failed to identify whether the claim is predicated on the excessive fines clause or the open courts clause. ROA.1093. Neither provision applies here based on the facts alleged. *See Celotex Corp. v. Tate*, 797 S.W.2d 197, 208 (Tex. App.—Corpus Christi-Edinburg 1990, writ dism'd by agreement) (excessive fines clause inapplicable to common law punitive damages as between two private civil litigants); *see also Yancy v. United Surgical Partners Intern., Inc.*, 236 S.W.3d 778, 783 (Tex. 2007) ("Proof of an open courts violation requires two elements: (1) a cognizable, common-law claim that is statutorily restricted, and (2) the restriction is unreasonable or arbitrary when balanced against the statute's purpose and basis.").

The Court should affirm the dismissal of the constitutional and Section 1983 claims because Barrows is not a state actor and Yan failed to plead facts supporting any claimed constitutional violation.

## VI. The district court properly dismissed the antitrust claim.

By conclusory and indiscriminate allegations, Yan attempted to bring a cause of action under the Sherman Antitrust Act. ROA.1078-90. It remains unclear which of the defendants Yan claims violated antitrust law. The heading of Yan's antitrust cause of action identifies only the State Bar. ROA.1078.

In an attempt to capitalize on the ambiguity of his pleading, Yan incorrectly argues that none of the Antitrust Defendants (an undefined term) moved to dismiss the antitrust claim under Rule 12(b)(6). Br. at 64. To the extent Barrows is an "Antitrust Defendant," Yan's contention is incorrect. Barrows moved to dismiss the purported antitrust claim pursuant to Rule 12(b)(6) because Yan failed to allege facts supporting any inference that Barrows actually formed, attempted to form, or conspired to form a monopoly. ROA.1440-41. Barrows moved to dismiss the antitrust claim out of an abundance of caution because Yan previously argued, in response to Ybarra's earlier motion to dismiss, that Ybarra had failed to challenge the supposed antitrust claim against her. ROA.1390. As set forth in Ybarra's reply, Yan did not plead an antitrust claim against Ybarra, and to the extent such a claim was intended, it was woefully deficient. ROA.1563. Indeed, Yan directed no antitrust allegations against Ybarra. ROA.1078-90.

To the extent Yan contends that any of Barrows Appellees violated anti-trust law, the alleged claims should be dismissed for the reasons urged in Barrows' motion to dismiss and in Ybarra's reply. ROA. 1440-41, 1563. *See Jacquez*, 801 F.2d at 792 ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit."); *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007) ("And if the court finds the complaint fails to state a claim, it

may dismiss 'as long as the procedure employed is fair.'" (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998))). *Supra* 15-16. Yan filed four iterations of his complaint. ROA.1, 358, 692, 1029. As the district court correctly determined, Yan was given ample opportunity to plead his best case. ROA.2091.

On appeal, Yan argues that the district court failed to properly analyze pleading sufficiency with reference to 15 U.S.C. § 2 for "unjustified predatory conduct in a monopoly." Br. at 62. But, the district court examined Yan's pleadings and concluded that "[n]either the Original Complaint nor any amendment thereto furnished a 'short and plain statement' showing Mr. Yan is 'entitled to relief' for racketeering or antitrust causes of action." ROA.2091-91. Yan points to no factual allegations supporting any reasonable inference that any one of Barrows Appellees, or other appellee, ever engaged in the kinds of anti-competitive predatory conduct necessary to support a claim under Section 2 of the Sherman Act.

Section 2 of the Sherman Act creates three distinct civil claims: (i) monopolization; (ii) attempt to monopolize; and (iii) conspiracy to monopolize. *N. Miss. Commc'ns Inc. v. Jones*, 792 F.2d 1330, 1335 (5th Cir. 1986). Because Yan referenced alleged conspiracy and pleaded no facts tending to show that Barrows attempted to singularly monopolize the legal market, it appeared that Yan attempted to assert a conspiracy to monopolize claim. *See, e.g.*, *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 315–16 (5th Cir. 2000)

(characterizing claim as a conspiracy to monopolize where plaintiff did not show that any one defendant engaged in an attempt to or succeeded in singularly monopolizing a market). But, in response to Barrows' motion to dismiss, Yan expressly disclaimed any intent to assert a claim for conspiracy to monopolize.[8] ROA.1615 ("Plaintiff did not assert 'a conspiracy to monopolize.'"). Instead, Yan explained, he pleaded that "Barrows' RICO predicate acts with its conspiracy also constitutes predatory practices under Antitrust." ROA.1615. As shown below, Yan fundamentally misapprehends the meaning of predatory practices for purposes of antitrust liability.

Predatory practices are those unjustified, anti-competitive practices with the potential to contribute significantly to monopoly power. *Taylor Pub. Co. v. Jostens*, 216 F.3d 465, 474–76 (5th Cir. 2000). The Complaint makes no references to any such predatory practices on the part of Barrows or Ybarra. In his brief, Yan attempts the argument that Appellees engaged in predatory conduct by obtaining an award of "excessive legal service fees from Yan." Br. at 30. But, Yan makes no attempt to explain how an award of attorneys' fees in litigation has anti-competitive or exclusionary potential. The district court properly concluded that the allegations of

---

[8] A conspiracy to monopolize requires pleading and proof of: (i) the existence of specific intent to monopolize; (ii) the existence of a conspiracy to achieve that purpose; (iii) overt acts in furtherance of the conspiracy; and (iv) an effect on a substantial amount of interstate commerce. *N. Miss. Commc'ns Inc. v. Jones*, 792 F.2d 1330, 1335 (5th Cir. 1986).

the Complaint did not support any reasonable inference of antitrust liability. ROA.2091. The Court should affirm the dismissal of Yan's antitrust claims.

## VII. In the alternative, if necessary, the Younger Abstention doctrine applies to Yan's claims for declaratory and injunctive relief.

Yan pleaded for injunctive and declaratory relief calculated to interfere with the ongoing divorce litigation in the state district court. Among other attempts at interference, Yan sought injunctive relief to terminate Associate Judge DeAngelis' employment with Tarrant County, to dissolve the Barrows Firm (counsel for his adversary in the ongoing divorce), and to prohibit the Barrows Appellees from obtaining payment pursuant to court orders awarding attorneys' fees. ROA.1076, 1089, 1092. Accordingly, Barrows Appellees moved to dismiss Yan's claims for equitable relief pursuant to the *Younger* abstention doctrine because Yan's requests for injunctive relief were calculated to interfere with the ongoing state divorce proceeding. The magistrate judge determined that *Younger* abstention applied (ROA.1687) and the district court adopted the magistrate's findings and conclusions, holding that, if not for the order dismissing claims pursuant to Rule 12(b)(1), the court would abstain under *Younger*. ROA.2083. In the alternative, if necessary, Yan's claims for injunctive relief should be dismissed pursuant to the *Younger* doctrine.

*Younger* abstention requires the federal courts to abstain from exercising jurisdiction over claims for equitable relief when the "assumption of jurisdiction by

a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character." *La. Debating & Literary Ass'n v. City of New Orleans*, 42 F.3d 1483, 1489 (5th Cir. 1995) (quoting *Word of Faith World Outreach Ctr. Church, Inc. v. Morales*, 986 F.2d 962, 966 (5th Cir. 1993)). Application of *Younger* abstention is guided by a three-part test enunciated in *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982). *Younger* abstention applies when the (1) dispute involves ongoing state judicial proceedings; (2) an important state interest in the subject matter of that proceeding is implicated; and (3) the state proceedings afford adequate opportunity to raise constitutional claims. *Id.*; *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004). If those requirements are met, the action should be dismissed. *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973) ("Younger v. Harris contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts.").

Yan's multifarious claims for equitable relief constitute an attempted collateral attack that would directly interfere with on ongoing family court proceeding in Tarrant County. Among a multitude of other requests for injunctive relief, Yan expressly pleaded for injunctive relief (1) mandating the dissolution of the Barrows Firm, counsel for his adversary in the underlying divorce; (2) mandating the termination of employment relationship of all defendants with Tarrant County,

including Associate Judge DeAngelis; (3) prohibiting all Texas attorneys, including Barrows and Ybarra, from accepting payment of attorneys' fees pursuant to court order; and (4) enjoining DeAngelis from "continuing to engage in ultra vires actions." ROA.1076, 1089, 1092. The requested injunctive relief is plainly calculated to interfere with Yan's divorce and child custody litigation, which was ongoing in the Tarrant County district court at the time of the dismissal order.

Likewise, Yan's ongoing divorce implicates important state interests in child custody and family relations. ROA.1050 (alleging Yan "lost primary child custody" and "was also ordered to pay child support."). "Family relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979). The division of marital assets by a divorce decree is within the ambit of important state interests. *Estate of Merkel v. Pollard*, 354 F. App'x 88, 94 (5th Cir. 2009) ("[T]he importance of Texas' interest in its own domestic-relations law is obvious.").

Yan has admitted that he did not assert any of the claims in this case in the state court proceeding. ROA.1396 ("[T]here was no such claim in the pending family court proceedings."). But, "when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).

Yan's pleading requesting injunctive and declaratory relief meets each of the *Middlesex* factors. In the alternative, if necessary, the Court should affirm the dismissal of Yan's claims for injunctive and declaratory relief under the *Younger* abstention doctrine.

## VIII. Yan is not entitled to reassignment in the event of any remand.

Following the submission of Yan's Opening Brief, Yan filed a motion to supplement his Opening Brief with an additional request for relief. Doc. 54. Specifically, Yan moved for leave to request reassignment to a district judge outside of the State of Texas on remand. *Id.* As previously set forth, there is no entitlement to remand in the first instance because the judgment dismissing Yan's claims against the Barrows Appellees should be affirmed. *Supra* 13-47. However, in the event of remand, the Motion and putative request for supplemental relief should be denied because: (1) neither the Motion nor the Opening Brief advances any argument or authority demonstrating entitlement to reassignment; and (2) the record is devoid of any evidence supporting the requested relief.

The Court recently clarified that reassignment "is an extraordinary power and should rarely be invoked." *M. D. by Stukenberg v. Abbott*, 119 F.4th 373, 385 (5th Cir. 2024) (quoting *United States v. Winters*, 174 F.3d 478, 487 (5th Cir. 1999)). In *Stukenberg*, the Court conducted a combined analysis under the two traditional

inquiries used to determine entitlement to reassignment. The first approach is a three-part test considering:

> (1) 'whether the original judge would reasonably be expected upon remand to have substantial difficulty' in putting aside her previously expressed but inappropriate views, (2) 'whether reassignment is advisable to preserve the appearance of justice,' and (3) 'whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.'

*Id.* at 386 (quoting *Johnson v. Sawyer*, 120 F.3d 1307, 1333 (5th Cir. 1997)). Under the second, less formal, approach, the Court considers whether an objective observer would reasonably question the judge's impartiality. *Id.* (citing *Miller v. Sam Houston State Univ.*, 986 F.3d 880, 893 (5th Cir. 2021)).

### A. Yan waived the request for reassignment.

Arguments not raised in the appellant's opening brief are waived. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 260 n. 9 (5th Cir. 1995). Similarly, Rule 28 of the Federal Rules of Appellate Procedure requires that arguments must be supported "with citations to the authorities and parts of the record relied on." Fed. R. App. P. 28(a)(8)(A). Failure to comply with Rule 28's requirements also results in waiver. *Cavallini*, 44 F.3d at 260 n.9. Although Yan now seeks leave to supplement his opening brief with a single line requesting additional relief, Yan did not address his entitlement to reassignment in the opening brief. Neither did Yan address his entitlement to reassignment in the Motion. Fed. R. App. P. 27(a)(2) ("A

motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it."). Accordingly, the reassignment issue has been waived.

## B. Even if not waived, the request for reassignment is without merit and should be denied.

In *Stukenberg*, the Court granted a request for reassignment based on a lengthy recitation of record evidence that the district judge "repeatedly exhibits a highly antagonistic demeanor toward the Defendants," "showed signs of being dug-in on her interpretation," made remarks implying bias, and exhibited a "sustained pattern . . . of disrespect." 119 F.4th at 387–394. In short, proof of entitlement to remand requires objective proof of impartiality or of conduct that undermines the appearance of justice. Yan's baseless and conclusory allegations of a statewide conspiracy is not an adequate basis for the extraordinary relief he requests. The record is wholly devoid of any evidence of bias, impartiality, or other conduct that would undermine the appearance of justice.

## CONCLUSION

Based on the foregoing, the Barrows Appellees respectfully request the Court affirm the Judgment dismissing Yan's RICO and Antitrust claims against them with prejudice and dismissing Yan's remaining claims without prejudice.

Dated: November 20, 2024.

Respectfully submitted,

*/s/ J. Nathaniel James*
J. Nathaniel James
State Bar No. 24078730
njames@hfblaw.com
Roland K. Johnson
State Bar No. 00000084
rolandjohnson@hfblaw.com
Caroline M. Cyrier
State Bar No. 24097558
ccyrier@hfblaw.com
**Harris, Finley & Bogle, P.C.**
777 Main Street, Suite 1800
Fort Worth, Texas 76102
Telephone: 817-870-8700
Facsimile: 817-332-6121

**ATTORNEYS FOR DEFENDANTS
SAMANTHA YBARRA, LESLIE
STARR BARROWS, AND THE
BARROWS FIRM**

## CERTIFICATE OF SERVICE

The undersigned certifies that, on this 20th day of November 2024, a true and correct copy of the foregoing instrument has been served on all parties and counsel of record in compliance with the Fed. R. App. P. 25 (b) and (c) and transmitted to the Clerk of the Court via the Court's electronic-filing system and to:

Conghua Yan                                      *Via U.S. Mail and email*
2140 E. Southlake Blvd, Suite L-439
Southlake, Texas 76092
Arnold200@gmail.com

Pro Se Appellant


Dated: November 20, 2024.            */s/ J. Nathaniel James*
                                              J. Nathaniel James

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies this Brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because the Brief contains 11,693 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), as computed by the word-processing system used to prepare this Brief.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because this Brief was prepared in proportionally spaced typeface using Microsoft Word for Microsoft 365 MSO in 14-point Times New Roman font (other than footnotes, which are in 12-point Times New Roman per 5th Cir. R. 32.1).

Dated: November 20, 2024.          */s/ J. Nathaniel James*
                                    J. Nathaniel James

1451915.8