# No. 24-10543

# In the United States Court of Appeals
## FOR THE FIFTH CIRCUIT

CONGHUA YAN,

*Plaintiff - Appellant*

v.

THE STATE BAR OF TEXAS, a private company; THE BARROWS FIRM, a private company; LESLIE STARR BARROWS, in Individual Capacity, as Member of the State Bar of Texas; WILLIAM ALBERT PIGG, in Individual Capacity, as Member of the State of Texas; SAMANTHA YBARRA, in Individual Capacity, as Member of the State Bar of Texas; LUIS JESUS MARIN, in Individual Capacity, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; DANIEL EULALIO MARTINEZ, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; RACHEL ANN CRAIG, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; LORI L. DEANGELIS, in Individual Capacity, as member of the State Bar of Texas, and Official Capacity as Associated Judge; U.S. BANK,

*Defendants - Appellees*

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
4:23-CV-00758, Judge Mark Pittman

## BRIEF OF DEFENDANT-APPELLEE U.S. BANK

TYLER J. HILL
MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, TX 75201
(214) 466-4160

MELISSA D. HILL
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6318

*Counsel for Defendant/Appellee*
U.S. BANK

# CERTIFICATE OF INTERESTED PERSONS

## No. 24-10543, *Yan v. State Bar of Texas*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Defendant-Appellees: | Counsel for Defendant-Appellees: |
|---|---|
| Leslie Barrows | Jon-William Nathaniel James, Roland Johnson, and Caroline Cyrier of Harris, of Finley & Bogle, P.C. |
| Barrows Firm | Jon-William Nathaniel James, Roland Johnson, and Caroline Cyrier of Harris, of Finley & Bogle, P.C. |
| Rachel Craig | Amanda Marie Kates, Royce Lemoine, and Michael Graham, of State Bar of Texas |
| Lori Deangelis | David Keith Hudson, of Tarrant County Criminal District Attorney, Civil Division |
| Luis Jesus Marin | Amanda Marie Kates, Royce Lemoine, and Michael Graham, of State Bar of Texas |
| Daniel Eulalio Martinez | Amanda Marie Kates, Royce Lemoine, and Michael Graham, of State Bar of Texas |
| William Pigg | William Pigg, of Pigg Law Firm |

| State Bar of Texas | Amanda Marie Kates, Royce Lemoine, and Michael Graham, of State Bar of Texas |
| U.S. Bank | Tyler Hill and Melissa Hill, of Morgan, Lewis & Bockius LLP |
| Samantha Ybarra | Jon-William Nathaniel James, Roland Johnson, and Caroline Cyrier of Harris, of Finley & Bogle, P.C. |

| **Plaintiff-Appellant:** | **Counsel for Plaintiff-Appellant:** |
| --- | --- |
| Conghua Yan | *Pro Se* |

Dated: November 26, 2024       s/ Melissa D. Hill

                                        MELISSA D. HILL

                                        *Counsel for U.S. Bank*

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Defendant-Appellee U.S. Bank ("U.S. Bank") does not request oral argument on this appeal. This appeal involves the application of well settled principles of law, and the relevant issues and applicable law have been thoroughly briefed and adjudicated by the U.S. District Court for the Northern District of Texas (the "District Court"). U.S. Bank submits that oral argument is unnecessary to aid the Court in rendering a decision in this matter.

If, however, the Court grants oral argument, U.S. Bank respectfully requests an opportunity to argue in response.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS .........................................i

STATEMENT REGARDING ORAL ARGUMENT ........................... iii

TABLE OF AUTHORITIES ................................................................ iii

ISSUES PRESENTED....................................................................1

STATEMENT OF THE CASE............................................................2

I.     U.S. Bank Administers An ERISA-Governed 401(k) Plan, Which Sets Forth Procedures For Reviewing Domestic Relations Orders. .....................2

II.    Yan Commences A Divorce Proceeding In State Court, Which Enters A Domestic Relations Order That Counsel Sends To U.S. Bank. .................4

III.   U.S. Bank Reviews The Domestic Relations Order In Accordance With The Plan's QDRO Procedures And Determines That It Qualifies As A QDRO...................................................6

IV.   Yan Files A 434-Paragraph Third Amended Complaint That Names Eleven Defendants, And U.S. Bank Successfully Moves For Dismissal Under Rule 12(b)(6).........................................8

SUMMARY OF THE ARGUMENT ....................................................11

ARGUMENT ...................................................................................16

I.     Standard of Review........................................................16

II.    The District Court Correctly Dismissed Yan's Claims Brought Under Criminal Statutes. ..................................................16

III.   The District Court Correctly Applied The Elements Of A Civil RICO Violation To Order Dismissal Of Yan's RICO Claim. ...............................18

     A.     "Pattern of Racketeering Activity." ..................................19

     B.     "Connected to the Acquisition, Establishment, Conduct, or Control of an Enterprise." ..................................................21

IV.   Yan Cannot Shield His Section 1983 Claim From Dismissal By Invoking On Appeal Talk Of "Conspiracy" That Is Absent In the Complaint. ..................................................23

# TABLE OF CONTENTS
### (continued)

V. The District Court Correctly Ruled That Yan Failed To State A Claim For Fiduciary Breach Under ERISA. ...........................................................27

    A.    The Complaint Contains No Facts In Support Of Yan's Claim For Fiduciary Breach Under 29 U.S.C. § 1056(d)(3)(H)(i), Which Yan Abandons On Appeal. ......................................................27

    B.    Yan's Improper Attempt To Raise For The First Time On Appeal A Fiduciary Breach Claim Under 29 U.S.C. § 1056(d)(3)(G)(i)(II) Fails Under Established Court Precedent. ........28

    C.    In Any Event, The Supreme Court's Plan Document Rule Precludes Yan From Stating A Claim For Fiduciary Breach Claim Under 29 U.S.C. § 1056(d)(3)(G)(i)(II). ................................31

CONCLUSION .................................................................................................36

CERTIFICATE OF SERVICE ..........................................................................37

CERTIFICATE OF COMPLIANCE ..................................................................38

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abraham v. Singh*,
  480 F.3d 351 (5th Cir. 2007) ....................................................................20, 21

*Armbrister v. McFarland*,
  No. 3:18-CV-1211-B-BH, 2018 WL 6004310 (N.D. Tex. Oct. 30, 2018) ..17, 23

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)......................................................................................16

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)......................................................................................16

*Bell v. Health-Mor, Inc.*,
  549 F.2d 342 (5th Cir. 1977) ........................................................................16

*Blue v. UAL Corp.*,
  160 F.3d 383 (7th Cir. 1998) ........................................................................33

*Boggs v. Boggs*,
  520 U.S. 833 (1997)........................................................................................3

*Brown v. Cont'l Airlines, Inc.*,
  647 F.3d 221 (5th Cir. 2011) ........................................................................33

*Calhoun v. Att'y Gen. of Tex.*,
  No. 4:20-cv-00016-P-BP, 2020 WL 6120475 (N.D. Tex. Sept. 30, 2020)........17

*Cinel v. Connick*,
  15 F.3d 1338 (5th Cir. 1994) ........................................................................24

*Davis v. City of Alvarado*,
  835 F. App'x. 714 (5th Cir. 2020) .................................................................21

*Delta Truck & Tractor, Inc. v. J.I. Case Co.*,
  855 F.2d 241 (5th Cir. 1988) ...................................................................18, 19

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Fairley v. PM Mgmt.—San Antonio AL, L.L.C.*,
 724 F. App'x. 343 (5th Cir. 2018) ...................................................................25

*Farquhar v. Steen*,
 611 F. App'x 796 (5th Cir. 2015) ....................................................................10

*Flagg Bros., Inc. v. Brooks*,
 436 U.S. 149 (1978) .........................................................................................23

*Geiger v. Jowers*,
 404 F.3d 371 (5th Cir. 2005) ...........................................................................28

*Harris v. Hubbert*,
 588 F.2d 167 (5th Cir. 1979) ...........................................................................23

*Heinze v. Tesco Corp.*,
 971 F.3d 475 (5th Cir. 2020) ...........................................................................16

*Ibrahim v. Dep't of Interior*,
 No. 22-30537, 2023 WL 3409044 (5th Cir. 2023)...........................................10

*In re Burzynski*,
 989 F.2d at 741 ................................................................................................22

*In re Great Lakes Dredge & Dock Co.*,
 624 F.3d 201 (5th Cir. 2010) ...........................................................................16

*In re Taxotere (Docetaxel) Prod. Liab. Litig.*,
 837 F. App'x 267 (5th Cir. 2020) ....................................................................10

*Jones v. Chevron Phillips Chem. Co. LP Health & Welfare Tr.*,
 No. A-14-CV-0761-DAE, 2014 WL 7236398 (W.D. Tex. Dec. 17, 2014).......16

*Kelly v. Foti*,
 77 F.3d 819 (5th Cir. 1996) .............................................................................30

*Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*,
 555 U.S. 285 (2009)....................................................................................33, 34

*Laird v. Shell Oil Co.*,
770 F.2d 508 (5th Cir. 1985) ............................................................30

*Lee v. Butts*,
No. 11-Civ-2358, 2012 WL 3115006 (S.D.N.Y. Aug. 1, 2012) ......................17

*Livadas v. Bradshaw*,
512 U.S. 107 (1994)............................................................23

*Meyers v. Tex. Health Res.*,
No. 3:09-CV-1402-D, 2009 WL 3756323 (N.D. Tex. Nov. 9, 2009)................2

*Miletello v. R M R Mech., Inc.*,
921 F.3d 493 (5th Cir. 2019) ........................................................3, 33

*Orix Credit All., Inc. v. Wolfe*,
212 F.3d 891 (5th Cir. 2000) ............................................................34

*Owens v. Marstek, L.L.C.*,
548 F. App'x. 966 (5th Cir. 2013) ......................................................30

*Pin v. Texaco, Inc.*,
793 F.2d 1448 (5th Cir. 1986) ..........................................................29

*Portis v. First Nat. Bank of New Albany, Miss.*,
34 F.3d 325 (5th Cir. 1994) ............................................................30

*Priester v. Lowndes County*,
354 F.3d 414 (5th Cir. 2004) ........................................................23, 26

*Ramey v. Davis*,
942 F.3d 241 (5th Cir. 2019) ........................................................18, 22

*Ray v. Comm'r of Internal Revenue*,
13 F.4th 467 (5th Cir. 2021) ........................................................29, 30

*Richard v. Hoechst Celanese Chem. Grp., Inc.*,
355 F. 3d 345 (5th Cir. 2003) ..........................................................25

*Sappore v. Arlington Career Inst.*,
  No. 3:09-CV-1671-N, 2010 WL 446076 (N.D. Tex. Feb. 8, 2010)...................17

*Schiller v. Physicians Res. Grp. Inc.*,
  342 F.3d 563 (5th Cir. 2003) .............................................................................10

*Slavin v. Curry*,
  574 F.2d 1256 (5th Cir. 1978) ...........................................................................26

*Templet v. HydroChem Inc.*,
  367 F.3d 473 (5th Cir. 2004) .............................................................................10

*Thomas v. State*,
  294 F. Supp. 3d 576 (N.D. Tex. 2018) ...............................................................26

*Villanueva v. McInnis*,
  723 F.2d 414 (5th Cir. 1984) .............................................................................26

*Wampler v. Sw. Bell Tel. Co.*,
  597 F.3d 741 (5th Cir. 2010) .............................................................................16

*Wilson v. Kimberly-Clark Corp.*,
  254 F. App'x. 280 (5th Cir. 2007) ........................................................................2

*Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*,
  90 F.3d 118 (5th Cir. 1996) ........................................................................20, 22

*XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*,
  513 F.3d 146 (5th Cir. 2008) .............................................................................29

**CONSTITUTIONAL PROVISIONS & STATUTES**

18 U.S.C.
  § 664..................................................................................................*passim*
  § 1027................................................................................................*passim*
  § 1341................................................................................................*passim*
  § 1343................................................................................................*passim*
  § 1349................................................................................................*passim*

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

42 U.S.C. § 1983 ...............................................................................*passim*

Employee Retirement Income Security Act of 1974
    29 U.S.C. § 1056...........................................................................*passim*
    29 U.S.C. § 1144.................................................................................34

Racketeer Influenced and Corrupt Organizations Act
    18 U.S.C. § 1962...........................................................................*passim*
    18 U.S.C. § 1964.................................................................................18

U.S. Const. amend. XIV ..................................................................13, 23

**RULES**

Fed. R. Civ. P.
    12...................................................................................................*passim*
    59.......................................................................................................10

**ISSUES PRESENTED**

1.      Did the District Court correctly rule that Yan failed to state a claim against U.S. Bank under criminal law statutes 18 U.S.C. §§ 664, 1027, 1341, 1343, and 1349, none of which provides a private cause of action?

2.      Did the District Court correctly rule that Yan failed to state a civil claim under the Racketeer Influenced and Corrupt Organizations Act (RICO) against U.S. Bank because the Complaint does not allege that U.S. Bank engaged in a "pattern of racketeering activity" "connected to the acquisition, establishment, conduct, or control of an enterprise," which are prima facie elements of the claim?

3.      Did the District Court correctly rule that Yan failed to state a Section 1983 claim against U.S. Bank, where the Complaint neither ascribes state action to U.S. Bank nor plausibly alleges that it acted in a conspiracy with state actors to deprive Yan of constitutional rights?

4.      Did the District Court correctly rule that Yan failed to state a claim for fiduciary breach under the Employee Retirement Income Security Act of 1974 ("ERISA"), where the face of the Complaint confirms that U.S. Bank acted in conformity with the governing ERISA plan documents when it reviewed a domestic relations order, confirmed that it is a Qualified Domestic Relations Order ("QDRO"), and disbursed plan benefits pursuant to that QDRO?

## STATEMENT OF THE CASE

**I.     U.S. Bank Administers An ERISA-Governed 401(k) Plan, Which Sets Forth Procedures For Reviewing Domestic Relations Orders.**

The Plan is an ERISA defined contribution plan that provides 401(k) benefits to eligible employees.  Electronic Record on Appeal ("ROA").1783.[1]  U.S. Bank's Benefits Administration Committee serves as Administrator of the Plan.  ROA.1787 at § 2.1.6.

Appendix C of the Plan governs QDROs and, relevant here, expressly precludes the Plan from honoring any right to payment under a domestic relations order unless it constitutes a QDRO.  ROA.1875 at § 1.1.  A QDRO is an exception to ERISA's general prohibition on the assignment or alienation of employee benefits under covered plans.  29 U.S.C. § 1056(d)(3)(A).  Specifically, a QDRO is a type of domestic relations order; a domestic relations order is "any judgment, decree, or order that concerns 'the provision of child support, alimony payments, or marital property rights to a spouse, former spouse, child, or other dependent of a participant' and is 'made pursuant to a State domestic relations law (including a community

---

[1] Although Yan failed to include the Plan among his numerous exhibits to the Complaint, the District Court was permitted to consider it when reviewing U.S. Bank's Motion to Dismiss.  *See Wilson v. Kimberly-Clark Corp.*, 254 F. App'x. 280, 284 (5th Cir. 2007) (district court properly considered an ERISA plan that the defendant attached to its motion to dismiss even though it was not enclosed with the complaint); *Meyers v. Tex. Health Res.*, No. 3:09-CV-1402-D, 2009 WL 3756323, at *3 (N.D. Tex. Nov. 9, 2009) (same).

property law).'" *Boggs v. Boggs*, 520 U.S. 833, 846 (1997) (quoting 29 U.S.C. § 1056(d)(3)(B)(ii)). A QDRO, in turn, "creates or recognizes an alternate payee's right to, or assigns to an alternate payee the right to, a portion of the benefits payable with respect to a participant under a plan." *Id.* (citing 29 U.S.C. § 1056(d)(3)(B)(i)). "Under a QDRO, the alternate payee is considered a beneficiary of the relevant plan" and "may be a 'spouse, former spouse, child, or other dependent of a participant.'" *Miletello v. R M R Mech., Inc.*, 921 F.3d 493, 495 (5th Cir. 2019) (quoting 29 U.S.C. § 1056(d)(3)(K)).

To constitute a QDRO under the Plan, a domestic relations order must specify:

i.      the name and mailing address of the Participant and the Alternate Payee;[2]

ii.     the amount of the Participant's Plan account to be disbursed to each such Alternate Payee;

iii.    the payment method for disbursing the funds; and

iv.    that it applies to the Plan.

ROA.1875 at §§ 1.4.1-1.4.4.

To determine whether a domestic relations order satisfies these criteria, the Plan requires U.S. Bank to notify the Plan Participant and Alternate Payee of its

---

[2] A Plan Participant's spouse or former spouse, among others, qualifies as an "Alternate Payee." ROA.1875 at § 1.2.

receipt of the order and to provide the parties an opportunity to make comments or objections concerning whether the domestic relations order constitutes a QDRO. ROA.1877 at §§ 2.2.2, 2.2.3. Thereafter, U.S. Bank renders a decision as to whether the order is a QDRO, and that "determination shall be communicated in writing to the Participant and all persons claiming to be Alternate Payees[.]" ROA.1877-78 at §§ 2.2.4, 2.2.6. If the order is deemed to be a QDRO, "the Plan **shall** pay all amounts required to be paid pursuant to the domestic relations order to the Alternate Payee[.]" ROA.1878 at §§ 2.2.6, 2.3 (emphasis added).

Plaintiff-Appellant Conghua Yan ("Yan"), who identifies as a "professional IT expert for the banking sector," maintained an account with the Plan and thus was subject to the Plan's QDRO provisions. ROA.1032, 1052 at ¶¶ 7, 94.

## II. Yan Commences A Divorce Proceeding In State Court, Which Enters A Domestic Relations Order That Counsel Sends To U.S. Bank.

Yan is married to Fuyan Wang. ROA.1047 at ¶ 71. On October 15, 2021, Yan initiated divorce proceedings in the 325th District Court, Tarrant County, Texas (the "State Court") before Judge Judith G. Wells and Associate Judge Lori L. DeAngelis. ROA.1049 at ¶ 79. Leslie Starr Barrows ("Barrows") represented Ms. Wang in the divorce proceeding, and William Albert Pigg ("Pigg") served as counsel for Yan. ROA.1046, 1049 at ¶¶ 70, 83.

According to the Complaint, on April 13, 2022, the State Court conducted a hearing at which it "ordered that Plaintiff needs to pay the fees for drafting a QDRO

and Plaintiff needs to directly pay Leslie Starr Barrows and William Albert Pigg $25,000 each from his out-of-state 401K account." ROA.1051-52 at ¶¶ 90, 93 (emphasis omitted). Yan asserts that, after the hearing, Barrows "contacted Plaintiff's 401K administrator, U.S. Bank," but he does not provide any details regarding that alleged communication or confirm whether Barrows in fact spoke with (as opposed to merely "contacted") a U.S. Bank representative. ROA.1052-53 at ¶ 94.

On April 26, 2022, Barrows filed with the State Court a "garnishment court order" that Yan alleges was part of "a scheme and an artifice … to defraud and obtain money from Plaintiff's 401K account through false and fraudulent pretenses." ROA.1053, 1069 at ¶¶ 96, 160. The proposed order stated that "'[o]n April 13, 2022, the [State] Court heard Respondent's request for Spousal Support inter alia,' and 'Yan was ordered/required to pay spousal support,'" which, according to Yan, "were material deceptions" because there supposedly "was no 'request for Spousal Support' heard, and Plaintiff was not ordered to pay spousal support." ROA.1069 at ¶ 162.

Notwithstanding Yan's allegations that the proposed order was an "artifice," on May 26, 2022, Judge Wells entered an Order For Garnishment Of U.S. Bank 401(k) Savings Plan (the "Domestic Relations Order"). ROA.1053-54, 1070 at ¶¶ 97-98, 163. The face of the Domestic Relations Order stated that "this Court intends

this order to be a Domestic Relations Order," and it "required" Yan "to pay spousal support to Fuyan Wang … in the balance of $25,000.00."  ROA.1903-04.  To those ends, the Domestic Relations Order:

i. identifies Yan as the "Participant" and Ms. Wang as the "Alternate Payee," and lists their mailing addresses and phone numbers;

ii. specifies the amount ($25,000) to be disbursed by the Plan;

iii. orders "that the retirement account at U.S. Bank pay to Fuyan Wang, $25,000.00 from the U.S. Bank 401(k) Savings Plan of Conghua Yan to satisfy this obligation"; and

iv. states that it applies to the Plan.

ROA.1903-04.  The Domestic Relations Order, therefore, provides the exact information enumerated in the Plan's QDRO provisions.  After Judge Wells entered the Domestic Relations Order, counsel mailed it to U.S. Bank.  ROA.1054 at ¶ 99.

### III. U.S. Bank Reviews The Domestic Relations Order In Accordance With The Plan's QDRO Procedures And Determines That It Qualifies As A QDRO.

Under the Plan's QDRO Procedures, the review process of a domestic relations order requires notifying the Plan Participant of its receipt of the order, providing the Plan Participant an opportunity to make comments or objections, issuing a determination regarding whether the order constitutes a QDRO, and notifying the Plan participant and Alternate Payee of that determination.  *Supra* §

Statement of the Case, § A. Consistent with that process, the Complaint acknowledges that in July 2022, U.S. Bank "notified" Yan of its receipt of the Domestic Relations Order (ROA.1054 at ¶ 100); Yan was permitted to submit to U.S. Bank an "objection letter to the U.S. Bank employment retirement fund" (ROA.1054-55 at ¶¶ 100, 101); U.S. Bank thereafter "determined that they should treated [sic] the 'domestic relations order' as 'qualified,'" and notified Yan of its determination (ROA.1106-07 at ¶¶ 407, 409). The Complaint further acknowledges that, throughout the review process, U.S. Bank regularly communicated with Yan—through "mails and emails"—regarding its examination of the Domestic Relations Order. ROA.1106-07 at ¶ 407.

The Complaint alleges that U.S. Bank's QDRO determination was the result of Barrows "[u]tilizing her status as an attorney and member of the State Bar of Texas" to "mislead" and "deceive" U.S. Bank into approving the Domestic Relations Order as a QDRO. ROA.1055-56 at ¶ 103. Yan, however, concedes that his then-attorney, Pigg, "consented to the U.S. Bank dispensing fund [sic]" pursuant to the QDRO. ROA.1056 at ¶ 104; *see also* ROA.1118-20 (8/29/22 email from Pigg to Barrows stating, "US Bank approved the QDRO, so you'll be getting your money in due course").

After U.S. Bank approved the QDRO and disbursed the funds to Ms. Wang, there was apparently a dispute between Yan and Pigg that led Pigg to withdraw as

Yan's counsel in the State Court action. ROA.1057 at ¶ 108. Yan then filed

grievance actions with the Office of the Chief Disciplinary Counsel against Pigg as

well as Barrows, which were subsequently dismissed, and Yan's appeals thereof

were denied in spring 2023. ROA.1057-59 at ¶¶ 110, 113-18.

## IV. Yan Files A 434-Paragraph Third Amended Complaint That Names Eleven Defendants, And U.S. Bank Successfully Moves For Dismissal Under Rule 12(b)(6).

Yan filed this action in July 2023 and, upon amending his pleading three times

within two months, determined to name U.S. Bank as the eleventh defendant in the

434-paragraph Complaint.[3] ROA.1029. The Complaint alleges that Pigg and

Barrows acted improperly in the State Court action, and that the State Bar of Texas

and justices who compose it somehow orchestrated an elaborate "RICO conspiracy"

against Yan and violated various criminal and civil statutes. ROA.1048 at ¶ 75.

None of these brazen allegations relate to U.S. Bank. The only substantive action

alleged in the Complaint to have been carried out by U.S. Bank is that it reviewed

the Domestic Relations Order in compliance with the Plan's QDRO procedures,

determined that it qualified as a QDRO, and disbursed funds pursuant to it.

_____

[3] By filing this action in the U.S. District Court of the Northern District of Texas, Yan violated the Plan's Choice of Venue clause, which requires that "[a]ll litigation in any way related to the Plan (including **but not limited to** any and all claims brought under ERISA, such as claims for benefits and claims for breach of fiduciary duty) must be filed in the United States District Court for the District of Minnesota in Hennepin County." ROA.1858 at § 11.9 (emphasis added). U.S. Bank expressly reserves its right to seek dismissal of this action because it is improperly venued.

ROA.1055-56, 1106-07 at ¶¶ 103-104, 407-409.  Such allegations fall woefully short of stating a plausible claim against U.S. Bank.

On January 11, 2024, U.S. Bank moved for dismissal under Federal Rule of Civil Procedure 12(b)(6).  ROA.1744-45.  On April 23, 2024, the District Court granted U.S. Bank's motion and ordered dismissal with prejudice because "none [of Yan's claims against U.S. Bank] come close to presenting a plausible claim that entitles Yan to relief."  ROA.2091.  Specifically, the District Court:

- dismissed Yan's claims under 18 U.S.C. §§ 664, 1027, 1341, 1343, and 1349 because "[t]hose are criminal statutes and do not create civil causes of action";

- dismissed Yan's civil RICO claim because he "fails to show the required 'pattern of racketeering activity,' let alone that his allegations are 'connected to the acquisition, establishment, conduct, or control of an enterprise,'" both of which are prima facie elements;

- dismissed Yan's 42 U.S.C. § 1983 claim because he does not allege that U.S. Bank acted under the color of state law to deprive him of any Constitutional rights; and

- dismissed Yan's ERISA fiduciary breach claim because he "never articulates any facts that would suggest U.S. Bank violated its fiduciary duty … or otherwise failed to comply with applicable laws";

ROA.2091-92.  On these well-reasoned bases, the District Court granted U.S. Bank's

Motion to Dismiss in its entirety, dismissing each one of Yan's claims against U.S.

Bank with prejudice.  ROA.2091-93.

On May 20, 2024, Yan filed a "Motion to Alter or Amend a Judgment and to

Revise an Order," which the District Court denied.[4]  ROA.2095.

Yan thereafter filed this appeal.[5]

---

[4] In the Notice of Appeal, Yan references the District Court's Order denying his Motion to Alter or Amend a Judgment, but his brief on appeal does not raise any argument whatsoever challenging that decision.  Accordingly, Yan has waived that branch of his appeal. *Ibrahim v. Dep't of Interior*, No. 22-30537, 2023 WL 3409044, at *1 (5th Cir. 2023) ("*pro se* litigants must still adequately brief issues in order to preserve them on appeal," and ruling that a *pro se* appellant "waived any argument regarding [claims that he] … fail[ed] to brief").  In any event, relief under Federal Rule of Civil Procedure 59(e), which governs motions to alter or amend judgments, is an "extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004).  To prevail, a movant must show: "(1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear legal error or to prevent manifest injustice." *Farquhar v. Steen*, 611 F. App'x 796, 800 (5th Cir. 2015).  Yan cannot point to any new controlling law or evidence or legal error that warrants the "extraordinary remedy" under Rule 59(e).  Thus, even had he not waived his right to appeal under Rule 59(e), the District Court's Order denying Yan's motion to alter judgment should still be affirmed. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 568 (5th Cir. 2003) (affirming denial of a Rule 59(e) motion because the plaintiff presented no "newly discovered evidence that was unavailable prior to the district court's final judgment"); *Templet*, 367 F.3d at 480 (affirming denial of a Rule 59(e) motion because "the district court's decision is not manifestly unjust in law or fact, nor does it ignore newly discovered evidence"); *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 837 F. App'x 267, 277 (5th Cir. 2020) (affirming denial 59(e) motion because "[n]one of these plaintiffs satisfied the standard for altering a judgment").

[5] In his appellate brief, Yan restates his claim that the Court lacks jurisdiction because the District Court supposedly did not issue a final judgment.  Appellant's Br. at 95-97.  Yan raised this same argument in a motion (Dkt. 30), which the Court

## SUMMARY OF THE ARGUMENT

This case arises from a divorce proceeding Yan commenced in October 2021. Apparently dissatisfied with how it turned out, Yan filed this lawsuit against a slew of Defendants ranging from the counsel in his divorce action and the state court judges who presided over it, to the State Bar of Texas. On September 25, 2023, Yan elected to amend his pleading for a third time to add an eleventh defendant, U.S. Bank, which sponsors and administers an ERISA-governed 401(k) Plan in which Yan participates.

The Complaint is littered with wild allegations of malfeasance by Yan's and his spouse's divorce attorneys, a "decade-long and widespread pattern of RICO racketeering activity" "within the family court system," (ROA.1032, 1034 at ¶¶ 6-7, 18), and a "pattern of concealment" by the State Bar to cover-up the alleged "RICO racketeering activities" (ROA.1033 at ¶ 15). The only substantive action ascribed to U.S. Bank, however, is that it reviewed the Domestic Relations Order from Yan's divorce and determined that it qualified as a QDRO pursuant to the Plan's QDRO provisions. On that allegation alone, Yan purports to assert against U.S. Bank claims arising under criminal laws, the civil RICO statute, Section 1983, and for fiduciary

---

ruled on by advising Yan: "the request for jurisdictional determination is unnecessary as a preliminary review has already been completed" (Dkt. 34). U.S. Bank submits this brief in accordance with the Court's Order.

breach.  In the 434 paragraphs and nine exhibits attached to the Complaint, Yan fails to state a single viable claim for relief for any of these causes of action.

U.S. Bank filed a Rule 12(b)(6) motion to dismiss on January 11, 2024.  The District Court granted U.S. Bank's motion in its entirety, and dismissed Yan's claims with prejudice because, as U.S. District Judge Mark T. Pittman ruled: "none come close to presenting a plausible claim that entitles Yan to relief."  ROA.2091.  On appeal, Yan offers no basis for reversing Judge Pittman's well-reasoned decision.

**First**, Yan's claims under 18 U.S.C. §§ 664, 1027, 1341, 1343, and 1349 fail as a matter of law because those are criminal statutes that do not provide a private civil right of action.  Yan does not, because he cannot, offer any argument on appeal to the contrary, and in fact abandons those claims by failing to brief any argument in support of them.

**Second**, Yan seeks to plead a civil RICO claim against U.S. Bank because it determined that the Domestic Relations Order is a QDRO.  Civil RICO claims require, among other things, a showing that the defendant committed multiple predicate crimes that, together, constitute a "pattern of racketeering activity" "connected to the acquisition, establishment, conduct, or control of an enterprise." *Infra* Argument, § III.  Yan pleaded none of those elements in the Complaint, and thus the District Court correctly dismissed the claim.  On appeal, Yan purports that he was not required to plead those elements because US. Bank is "alleged as [a]

person" ("not as an enterprise"), and his civil RICO claim is brought under subsections (c) and (d) of 18 U.S.C. § 1962 (not subsections (a) and (b)). This Court has repeatedly held that, whether the defendant is a person or an enterprise and irrespective of which subsection of § 1962 the claim is brought, a civil RICO plaintiff must allege a "pattern of racketeering activity" "connected to the acquisition, establishment, conduct, or control of an enterprise." *Infra* Argument, § III, B. Because the Complaint contains no such allegations, the Court should affirm dismissal.

**Third**, the District Court dismissed Yan's claim under 42 U.S.C. §1983 ("Section 1983") for a supposed violation of the Fourteenth Amendment of the U.S. Constitution because he does not allege that U.S. Bank, a private entity, acted under the color of state law to deprive Yan of any constitutional right. Yan tries to side-step the District Court's ruling by claiming, **in his appellate brief**, that he alleged in his Complaint a conspiracy between U.S. Bank and co-Defendants which, according to Yan, would free him from having to ascribe state action to U.S. Bank. The Complaint is barren of any allegations that 1) U.S. Bank entered into an agreement with state actors to commit an illegal act, or that 2) Yan suffered a deprivation of Constitutional rights as a result, both of which are required to state a Section 1983 claim under a theory of conspiracy. Indeed, the Complaint does not even allege that his 401(k) Plan Administrator had any communications with the

state court judges named in this action, let alone struck an agreement with them to commit an illegal act intended to deprive Yan of his Constitutional rights. Absent any such allegations, or facts ascribing state action to U.S. Bank, the District Court's dismissal of Yan's Section 1983 claim must be affirmed.

**Fourth**, and finally, Yan nebulously alleges that U.S. Bank "breached its fiduciary duty under 29 U.S.C. § 1056(d)(3)(H)(i)." That statutory provision requires a plan administrator to "separately account" for funds "payable to the alternate payee" during its review of a putative QDRO. Yan was not the alternate payee (his spouse was) and, in any event, the Complaint does not allege that U.S. Bank ever failed to provide an accounting to the alternate payee (or to Yan) or otherwise violated 29 U.S.C. § 1056(d)(3)(H)(i), and nor does he offer any basis for concluding that a violation of that statute could constitute a breach of fiduciary duty under ERISA. As with his claims under the criminal law statutes, Yan offers no argument on appeal opposing the District Court's dismissal of his fiduciary breach claim premised on 29 U.S.C. § 1056(d)(3)(H)(i).

Instead, Yan claims that his fiduciary breach claim is in fact brought under a different subsection of ERISA, 29 U.S.C. § 1056(d)(3)(G)(i)(II). Yan is wrong. The Complaint does not allege that U.S. Bank violated that provision of the statute, nor did Yan present this argument to the District Court in his opposition to U.S. Bank's motion to dismiss. Under settled precedent of this Court, an appellant cannot amend

his complaint on appeal or otherwise raise an argument for the first time on appeal that was not properly preserved before the District Court. The Court should disregard any new claim by Yan concerning 29 U.S.C. § 1056(d)(3)(G)(i)(II).

In any event, this newly invoked provision calls for a plan administrator to determine whether a domestic relations order qualifies as a QDRO and to notify the plan participant and alternate payee of its determination. Here, the face of the Complaint confirms that U.S. Bank did just that pursuant to the Plan's QDRO procedures, which incorporate the requirements of 29 U.S.C. § 1056(d)(3)(G)(i)(II). Pursuant to the U.S. Supreme Court's Plan Document Rule—which holds that plan fiduciaries cannot be held liable under ERISA for acting in conformity with plan documents—Yan is foreclosed from stating a claim for breach of fiduciary duty premised on 29 U.S.C. § 1056(d)(3)(G)(i)(II) (even if one was alleged in the Complaint, which it was not).

For these reasons, as detailed herein, U.S. Bank respectfully requests the Court affirm the District Court's dismissal with prejudice of all claims asserted against U.S. Bank.

# ARGUMENT

## I.    Standard of Review.

The Court reviews a grant of a motion to dismiss de novo.  *Wampler v. Sw. Bell Tel. Co.*, 597 F.3d 741, 744 (5th Cir. 2010).  To survive a motion to dismiss, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In making this determination, courts accept as true well-pleaded facts and construe the allegations in the light most favorable to the plaintiff, but they "do not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (quoting *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010)).  Where, as here, the appellant has failed to allege "enough facts to state a claim to relief that is plausible on its face," the court will affirm dismissal.  *See Twombly*, 550 U.S. at 570.

## II.    The District Court Correctly Dismissed Yan's Claims Brought Under Criminal Statutes.

18 U.S.C. §§ 664, 1027,1341, 1343, and 1349 are criminal statutes that do not provide a private cause of action.[6]  Indeed, it is settled law that "[p]rivate citizens do

---

[6] *See, e.g.*, *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977) (affirming dismissal under 18 U.S.C. § 1341 because no private right of action exists); *Jones v. Chevron Phillips Chem. Co. LP Health & Welfare Tr.*, No. A-14-CV-0761-DAE, 2014 WL 7236398, at *3 (W.D. Tex. Dec. 17, 2014) (granting motion to dismiss

not have the right to bring a private action under a federal criminal statute," *Sappore v. Arlington Career Inst.*, No. 3:09-CV-1671-N, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010), and "cannot enforce criminal statutes in a civil action," *Armbrister v. McFarland*, No. 3:18-CV-1211-B-BH, 2018 WL 6004310, at *4 (N.D. Tex. Oct. 30, 2018). The District Court agreed and dismissed these claims with prejudice, explaining: "Yan attempts to sue U.S. Bank under 18 U.S.C. §§ 664, 1027, 1341, 1343, and 1349. … Those are criminal statutes and do not create civil causes of action." *See* ROA.2091.

On appeal, Yan does not dispute that these criminal statutes do not give rise to a private right of action. Rather, he contends that he never pleaded these claims as causes of action and charges that the District Court "failed to thoroughly review Yan's Complaint." *See* Appellant's Br. at 82. The very face of the Complaint expressly enumerates 18 U.S.C. §§ 664, 1027,1341, 1343, and 1349 under Yan's "Claim for Relief U.S[.] Bank." *See* ROA.1105-06. Yan's misreading of his own pleading and baseless attack of the District Court does nothing to salvage these

claims brought under 18 U.S.C. §§ 664 and 1027 because they are criminal statutes that do not create a private right of action); *Lee v. Butts*, No. 11-Civ-2358, 2012 WL 3115006, at *3 (S.D.N.Y. Aug. 1, 2012) (dismissing 18 U.S.C. § 664 claim because it "is a federal penal statute and … courts have declined to permit attendant claims for civil liability"); *Calhoun v. Att'y Gen. of Tex.*, No. 4:20-cv-00016-P-BP, 2020 WL 6120475, at *4 (N.D. Tex. Sept. 30, 2020) (dismissing claim alleging a violation of 18 U.S.C. § 1349 because "the law is settled that there is no private right of action for violation of criminal statutes").

claims, and, in any event, he has waived them by failing to brief any argument in support on appeal. *See Ramey v. Davis*, 942 F.3d 241, 248 (5th Cir. 2019) (quotations omitted)) ("[A] party waives any argument that it fails to brief on appeal."). For the unrebutted reasons set forth herein, the Court should affirm dismissal of Yan's claims asserted under 18 U.S.C. §§ 664, 1027, 1341, 1343, and 1349.

## III. The District Court Correctly Applied The Elements Of A Civil RICO Violation To Order Dismissal Of Yan's RICO Claim.

The Complaint next purports to assert a claim against U.S. Bank under 18 U.S.C. § 1964, which provides a private right of action for individuals injured as a result of violations of the RICO statute (18 U.S.C. § 1962). "Reduced to its three essentials, a civil RICO claim must involve: (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988). In the Complaint, Yan merely claims that U.S. Bank disbursed spousal support funds pursuant to its review of the Domestic Relations Order. *See* ROA.1055-56, 1106-07 at ¶¶ 103, 407-409. As the District Court ruled, "a release of spousal support funds is not a RICO violation," and it dismissed with prejudice Yan's civil RICO claim because he "fail[ed] to show the required 'pattern of racketeering activity,' let alone that his allegations are 'connected to the acquisition, establishment, conduct, or control of an enterprise.'" *See* ROA.2091-92.

Yan does not, because he cannot, dispute that the Complaint is barren of any plausible allegations satisfying the essential elements of a civil RICO claim against U.S. Bank. Instead, Yan argues that the District Court erred because the elements on which it relied to order dismissal are not in fact elements of his claim. *See* Appellant's Br. at 86. Yan is wrong.

### A. "Pattern of Racketeering Activity."

Yan contends that, because U.S. Bank is "alleged as [a] person"—and "not as an enterprise," he was not required to plead that U.S. Bank engaged in a "pattern of racketeering activity." Appellant's Br. at 84, 90. The law is clear that even if the defendant is a "person," a civil RICO plaintiff must plausibly allege that the defendant engaged in a pattern of racketeering activity:

> a civil RICO claim must involve: (1) a **person** who engages in (2) a **pattern of racketeering activity** (3) connected to the acquisition, establishment, conduct, or control of an enterprise.

*Delta Truck & Tractor, Inc*., 855 F.2d at 242 (emphasis in original) (affirming grant of motion to dismiss a civil RICO claim for failure to allege a pattern of racketeering activity). Indeed, Yan acknowledges in his brief that he "alleged USBank [sic] for [a] §§ 1962(c)(d) offense." *See* Appellant's Br. at 86. That statute states: "It shall be unlawful for any **person** employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or

participate, directly or indirectly, in the conduct of such enterprise's affairs through a **pattern of racketeering activity**[.]" 18 U.S.C. § 1962(c) (emphasis added).

A "pattern of racketeering activity" requires a showing that the defendant engaged in at least "two or more predicate criminal acts that are (1) related and (2) 'amount to or pose a threat of continued criminal activity.'" *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007). "To establish a pattern of racketeering activity," "a plaintiff 'must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity.'" *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996). Yan does not plausibly allege that U.S. Bank committed any predicate criminal acts, let alone two or more related to a "continued criminal activity." If anything, the Complaint alleges that U.S. Bank was a victim—not a perpetrator—of a fraud. That supposed fraud was allegedly committed by "[t]hree [co-]Defendants," which "used interstate mail, emails, and phone calls to defraud an employment retirement fund located in the state of Minnesota [i.e., the Plan], with the aim of conspiratorially dispensing the fund for their own use." *See* ROA.1057 at ¶ 107. None of these wild allegations asserted against **co-Defendants** supports an inference that **U.S. Bank** engaged in a "pattern of racketeering activity" and thus Yan's claim fails.

## B. "Connected to the Acquisition, Establishment, Conduct, or Control of an Enterprise."

Undeterred, Yan asserts that the District Court also erred when it ruled that a civil RICO claim requires a showing that the pattern of racketeering activity was "connected to the acquisition, establishment, conduct, or control of an enterprise." Appellant's Br. at 85-86. According to Yan, this prima facie element is required only for civil RICO offenses pleaded under § 1962(a), (b), but not for one brought under § 1962(c), (d). *Id.* From that, Yan again lashes out at the District Court, baselessly declaring that its purported error "raises concerns about professional ethics" and "constitutes an abusive waste of appellate judicial resources." *Id.* at 86. Yan's bombastic accusations are entirely without merit because they are premised on his misreading of the law.

As the District Court correctly ruled, civil RICO claims—whether pleaded under subparagraphs (a), (b), (c), or (d) of 18 U.S.C. § 1962—require that the racketeering activity be "connected to the acquisition, establishment, conduct, or control of an enterprise." *See Davis v. City of Alvarado*, 835 F. App'x. 714, 720 (5th Cir. 2020) (citing *Abraham v. Singh*, 480 F.3d at 355) ("Regardless of subsection, RICO claims under § 1962 have three common elements: '(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'"). Where, as here, a plaintiff

alleged that defendants violated 18 U.S.C. § 1962(c) and (d) of the RICO statute,

this Court held:

> Subsection 1962(c) prohibits persons employed by or associated with any enterprise from conducting or participating in the enterprise's affairs through a pattern of racketeering. Subsection 1962(d) prohibits a conspiracy to violate 18 U.S.C. § 1962(a), (b), or (c). Under both subsections, RICO claims require 1) a person who engages in 2) a pattern of racketeering activity, 3) connected to the acquisition, establishment, conduct, or control of an enterprise.

*Word of Faith World Outreach Ctr. Church, Inc.*, 90 F.3d at 121–22. "Thus, RICO

claims **under all four subsections** necessitate: '1) a person who engages in 2) a

pattern of racketeering activity, 3) connected to the acquisition, establishment,

conduct, or control of an enterprise.'" *In re Burzynski*, 989 F.2d at 741 (emphasis

added).

Yan's misstatement in his appellate brief of the elements of a civil RICO

claim, and his failure to allege in his Complaint those essential elements, mandate

affirming the District Court's Order of dismissal. *See Davis*, 835 F. App'x.at 721

(affirming grant of a motion to dismiss a civil RICO claim because the plaintiff "has

not plausibly alleged a pattern of racketeering activity"); *In re Burzynski*, 989 F.2d

at 741 (affirming dismissal under Rule 12(b)(6) of a civil RICO claim pleaded under

18 U.S.C. § 1962(a), (b), (c), and (d) because the plaintiff failed to plead a "pattern

of racketeering activity").

**IV. Yan Cannot Shield His Section 1983 Claim From Dismissal By Invoking On Appeal Talk Of "Conspiracy" That Is Absent In the Complaint.**

"Fourteenth Amendment claims are brought as private causes of action under Section 1983, which applies to private parties only when they acted under the color of state law" to "deprive[] [the plaintiff] of a right secured by the Constitution[.]" *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). Yan's Complaint does not allege that U.S. Bank, a private entity, acted under the color of state law to deprive him of any constitutional right. In such instances, courts routinely grant motions to dismiss Section 1983 claims.[7] Accordingly, the District Court appropriately dismissed Yan's Section 1983 claim. *See* ROA.2092 at 17.

Boxed in by his failure to allege state action, Yan deviates from the allegations in his Complaint and asserts on appeal that a supposed conspiracy among Defendants excuses his failure to allege that U.S. Bank acted under the color of state law.

---

[7] *See Harris v. Hubbert*, 588 F.2d 167, 168 (5th Cir. 1979) (affirming dismissal under Rule 12(b)(6) of Fourteenth Amendment and Section 1983 claims because plaintiff failed to allege "state involvement in order to bring activities within the ambit of ... the Fourteenth Amendment"); *Armbrister*, 2018 WL 6004310, at *4 ("Plaintiff makes no allegations that Defendants are state actors. She alleges no facts to support a finding that they are state actors or that the individual Defendants … engaged in anything but private conduct. … Accordingly, Plaintiff's claims under § 1983 should be dismissed for failure to state a claim."); *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (affirming dismissal under Rule 12(b)(6) of a Section 1983 claim because "the complaint does not allege an agreement between [a private citizen] and [state officials] to commit an illegal act, nor does it allege specific facts to show an agreement").

Specifically, in his brief, Yan attempts to amend his pleading to ascribe state action to U.S. Bank by ensnarling it in a wild conspiracy with Texas state court judges and his wife's divorce attorney, Ms. Barrows.  Appellant's Br. at 87, 90.

To state a Section 1983 claim under a theory of conspiracy, Yan would need to, among other things, plead facts showing that 1) U.S. Bank entered into an agreement with state actors to commit an illegal act, and 2) Yan suffered an "actual deprivation of constitutional rights."  *See Cinel v. Connick*, 15 F.3d 1338, 1343-44 (5th Cir. 1994).  In *Cinel*, this Court dismissed a Section 1983 claim precisely because the appellant failed to allege an "agree[ment] to undertake a scheme to deprive Appellant of his constitutional rights."  So, too, here, where the Complaint is devoid of any allegations that U.S. Bank struck an agreement with the Texas state court judges Defendants or any state actor.  While Yan baldly claims in his appellate brief that U.S. Bank is "alleged as a co-conspirator under § 1983," tellingly, he provides no citation to the Complaint.  Appellant's Br. at 87.  Nor could he.

In the Complaint, Yan does not even allege that U.S. Bank communicated with either of the State Court Judge Defendants (Judge DeAngelis or Judge Wells), let alone struck an agreement with them to commit an illegal act.  Further, Ms. Barrows is not a "public defendant" but rather an attorney for a "private company," (ROA.1035 at ¶ 9) and, in any event, the Fifth Circuit has squarely rejected that

"wrongful action by counsel qualifies as 'state action' under § 1983." *See Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F. 3d 345, 353 (5th Cir. 2003).

To be clear, the only substantive action ascribed to U.S. Bank in the Complaint is that it reviewed the Domestic Relations Order entered by a Texas state court, determined that it constitutes a QDRO, and disbursed $25,000 from Yan's retirement account to his wife, as the QDRO expressly required. *See* ROA.1055-56, 1106-07 at ¶¶ 103-104, 407-409. None of these unremarkable allegations supports an inference that U.S. Bank acted in a conspiracy. Indeed, it settled law that a private actor's compliance with a court order (which, in this case, required disbursement of $25,000 for spousal support) does not constitute state action. *Richard*, 355 F. 3d at 353. In fact, even accepting as true Yan's conclusory assertion that the Domestic Relations Order that U.S. Bank complied with was somehow improper, "[Fifth Circuit] precedent establishes that even if a court wrongly decides a case, the fact that a private party complies with [a] wrong [court] decision does not constitute state action." *Id.* In *Fairley v. PM Mgmt.—San Antonio AL, L.L.C.*, 724 F. App'x. 343 (5th Cir. 2018), this Court rejected the argument that the defendant was a state actor merely because it followed an allegedly incorrect state court order. *Id.*, 345.

But even if Yan had plausibly alleged an agreement between U.S. Bank and state actors to commit an illegal act (which he clearly did not), "it remains necessary to prove an actual deprivation of a constitutional right; a conspiracy to deprive is

insufficient." *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984) (citing *Slavin v. Curry*, 574 F.2d 1256, 1261 (5th Cir. 1978), modified on other grounds, 583 F.2d 779 (1978)).  Here, the Complaint contains no allegations that Yan was deprived of a constitutional privilege, or any legally protected right for that matter.  His grievance over having to pay spousal support to his wife pursuant to a court order in no way suffices.  "Without a deprivation of a constitutional right or privilege, [U.S. Bank] has no liability under 1983." *Villanueva*, 723 F.2d at 418.

Thus, Yan's bald reference in his brief to "conspiracy" cannot shield his Section 1983 claim from dismissal.  His failure to allege any agreement between U.S. Bank and state actors to commit an illegal act, or a deprivation of any constitutional right, renders without effect his talk of "conspiracy" on appeal. *See Priester*, 354 F.3d at 420 (affirming the lower court's dismissal of a Section 1983 claim under Rule 12(b)(6) where, as here, "the complaint does not allege an agreement between [a private actor] and [state actors] to commit an illegal act, nor does it allege specific facts to show an agreement"); *Thomas v. State*, 294 F. Supp. 3d 576, 611 (N.D. Tex. 2018) (dismissing a Section 1983 claim because the plaintiff failed to sufficiently allege that the defendants conspired with a state actor to commit an illegal act, and thus "failed to sufficiently allege that these defendants conspired with a state actor").  The Court should affirm dismissal of Yan's Section 1983 claim.

**V.  The District Court Correctly Ruled That Yan Failed To State A Claim For Fiduciary Breach Under ERISA.**

    **A.  The Complaint Contains No Facts In Support Of Yan's Claim For Fiduciary Breach Under 29 U.S.C. § 1056(d)(3)(H)(i), Which Yan Abandons On Appeal.**

Yan alleges in the Complaint that U.S. Bank "breached its fiduciary duty under 29 U.S.C. § 1056(d)(3)(H)(i)."  ROA.1106 at ¶ 406.  That statute requires a plan administrator to "separately account" for funds "payable to the alternate payee" during review of a putative QDRO.  *See* 29 U.S.C. § 1056(d)(3)(H)(i).  The Complaint does not allege that U.S. Bank failed to "separately account for [segregated amounts]" or failed to conduct an accounting with respect to the Domestic Relations Order.  Nor does Yan offer any factual or legal basis for contending that a violation of 29 U.S.C. § 1056(d)(3)(H)(i), even if adequately pleaded, amounts to a fiduciary breach under ERISA.  Further, Yan is not identified as the alternate payee in the Domestic Relations Order, and thus does not possess standing to even allege a violation of 29 U.S.C. § 1056(d)(3)(H)(i).  ROA.1903.

Accordingly, the District Court dismissed Yan's claim because he "never articulates any facts that would suggest U.S. Bank violated its fiduciary duty (under that statute [29 U.S.C. § 1056(d)(3)(H)(i)] or otherwise)."  ROA.2092.

On appeal, Yan abandons his supposed breach of fiduciary duty claim premised on 29 U.S.C. § 1056(d)(3)(H)(i) by claiming he never pleaded such a claim (Appellant's Br. at 88), despite it being referenced throughout his Complaint.

ROA.1106. Yan's decision to not brief any argument in support of his claim mandates affirming the District Court's dismissal of it. *See Geiger v. Jowers*, 404 F.3d 371, 374, n.6 (5th Cir. 2005) ("pro se litigants have no general immunity from the rule that issues, and arguments not briefed on appeal are abandoned").

### B. Yan's Improper Attempt To Raise For The First Time On Appeal A Fiduciary Breach Claim Under 29 U.S.C. § 1056(d)(3)(G)(i)(II) Fails Under Established Court Precedent.

Having been made aware by the District Court's decision that 29 U.S.C. § 1056(d)(3)(H)(i) cannot support a claim for fiduciary breach under ERISA, Yan's appeal swaps out that statutory provision for a new one: 29 U.S.C. § 1056(d)(3)(G)(i)(II). Though Yan's appellate brief surmises that he alleged in his Complaint that "USBank breaching [sic] 29 U.S.C. § 1056(d)(3)(G)(i)(II) fiduciary duty," Appellant's Br. at 88, the Complaint is barren of any allegations against U.S. Bank for breach of fiduciary duty under 29 U.S.C. § 1056(d)(3)(G)(i)(II).

All claims asserted against U.S. Bank in the Complaint are set forth in the section heading titled "Nineth Claim for Relief," and absent from that list is any mention of 29 U.S.C. § 1056(d)(3)(G)(i)(II) (or even fiduciary breach, for that matter). *See* ROA.1105. Nor does Yan reference 29 U.S.C. § 1056(d)(3)(G)(i)(II) in the body of the Ninth Claim for Relief, let alone plausibly allege that U.S. Bank violated it in breach of its fiduciary duties under ERISA. In his 424-paragraph pleading, the only mention of 29 U.S.C. § 1056(d)(3)(G)(i)(II) is in Paragraph 58

where he cites it to (incorrectly) allege that "[t]he only power ERISA grants to a pension plan administrator is the power to review an existing order to determine whether it is a qualified domestic relations order under the Act." *See* ROA.1044 at ¶ 58. U.S. Bank is not alleged to be a "pension plan administrator" (which it is not), nor is it alleged to have undertaken any action or omission in violation of 29 U.S.C. § 1056(d)(3)(G)(i)(II). U.S. Bank is not mentioned anywhere at all in Paragraph 58 of the Complaint. Yan cannot amend the Complaint on appeal (for no less than a fourth time) to raise a new claim that is not pleaded in his pleading. *See Pin v. Texaco, Inc.*, 793 F.2d 1448, 1451 (5th Cir. 1986) (refusing to consider on appeal allegations not alleged in the complaint because "[t]he brief on appeal, of course, is not the appropriate place to amend a complaint"). Yan's demonstrably false assertion in his appellate brief that he alleged in his Complaint a claim which he unquestionably did not must be disregarded.

Indeed, it is equally settled that "[a]n argument not raised before the district court cannot be asserted for the first time on appeal." *XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 153 (5th Cir. 2008); *Ray v. Comm'r of Internal Revenue*, 13 F.4th 467, 481–82 (5th Cir. 2021) (same). To preserve an argument for appeal, it "must be raised to such a degree that the trial court may rule on it." *Ray*, 13 F.4th at 481–82. Neither in his Complaint nor in his brief in opposition to U.S.

Bank's motion to dismiss did Yan raise before the District Court any claim against U.S. Bank for breach of fiduciary duty under § 1056(d)(3)(G)(i)(II).

At most, Yan made a scant, singular reference to this provision in the body of his Complaint and opposition brief, respectively; in neither instance did Yan claim—as he nevertheless attempts to do on appeal—that his fiduciary breach cause of action is premised on § 1056(d)(3)(G)(i)(II). "A party must press, not merely intimate, an argument, in order to preserve it for appeal," *Kelly v. Foti*, 77 F.3d 819, 823 (5th Cir. 1996), and "present the issue so that it places the opposing party and the court on notice that a new issue is being raised," *Portis v. First Nat. Bank of New Albany, Miss.*, 34 F.3d 325, 331 (5th Cir. 1994). Yan failed to do so. "Not having raised the [] issue in the trial court, [Yan] is barred from raising it on appeal." *Laird v. Shell Oil Co.*, 770 F.2d 508, 511 (5th Cir. 1985). Accordingly, the Court should disregard Yan's claim on appeal regarding § 1056(d)(3)(G)(i)(II). *Ray*, 13 F.4th at 481–82 (refusing to consider on appeal an argument that the appellant "barely argued" below and thus had not been preserved for appeal); *Owens v. Marstek, L.L.C.*, 548 F. App'x. 966, 972 (5th Cir. 2013) ("We do not reach any of these arguments because [appellants] waived them by failing to raise them before the district court.").

**C.** **In Any Event, The Supreme Court's Plan Document Rule Precludes Yan From Stating A Claim For Fiduciary Breach Claim Under 29 U.S.C. § 1056(d)(3)(G)(i)(II).**

Even if the Court were to consider Yan's reconstructed fiduciary breach claim that he raises for the first time on appeal, it matters not because Yan cannot state a claim for fiduciary breach under 29 U.S.C. § 1056(d)(3)(G)(i)(II). That subsection of the statute sets forth notice requirements that a plan administrator must comply with when reviewing a domestic relations order; specifically, it provides:

> In the case of any domestic relations order received by a plan— … (II) within a reasonable period after receipt of such order, the plan administrator shall **determine** whether such order is a qualified domestic relations order and **notify** the participant and each alternate payee of such determination.

29 U.S.C. § 1056(d)(3)(G)(i)(II) (emphasis added). Nowhere in the Complaint does Yan allege that U.S. Bank failed to provide him or the Alternate Payee with requisite notice regarding its review of the QDRO or otherwise violated 29 U.S.C. § 1056(d)(3)(G)(i)(II). To the contrary, the Complaint acknowledges that U.S. Bank provided notice of its QDRO review in accordance with Plan's QDRO procedures, which incorporate the requirements of 29 U.S.C. § 1056(d)(3)(G)(i)(II).

As noted above, the Plan's QDRO procedures call for U.S. Bank to notify the Plan Participants of its receipt of a domestic relations order, provide the Plan Participant an opportunity to comment or object, and then issue a determination as to whether the order constitutes a QDRO and notify the Plan participant and the

Alternate Payee(s) of the determination. *Supra* Statement of the Case, § A. The Complaint alleges that U.S. Bank "notified" Yan of its receipt of the Domestic Relations Order (ROA.1054-55 at ¶ 100), permitted him to submit an "objection letter to the U.S. Bank employment retirement fund" (ROA.1054-55 at ¶¶ 100, 101), "determined that they should treated [sic] the 'domestic relations order' as 'qualified,'" and delivered notification of its decision (ROA.1106-07 at ¶¶ 407, 409).[8] By Yan's own admissions, U.S. Bank followed the Plan's QDRO procedures in accordance with 29 U.S.C. § 1056(d)(3)(G)(i)(II).

Further, the documents referenced throughout, and thereby incorporated in, the Complaint confirm that U.S. Bank's determination that the domestic relations order is a QDRO was correct. To be deemed a QDRO, the Plan instructs that the domestic relations order must: specify that it applies to the Plan, identify the name and address of the Participant and Alternate Payee; and state the amount to be distributed by the Plan. *See* ROA.1875. The Domestic Relations Order entered by the State Court contains these precise terms. *See* ROA.1903-04. There are simply no allegations in the Complaint from which to infer that U.S. Bank's QDRO determination was in any way incorrect.

---

[8] The Complaint further acknowledges that, throughout the review period, U.S. Bank sent Plaintiff "emails and mails" in which it reminded Plaintiff that it had "an obligation to comply with a 'signed order.'" ROA.1107 at ¶ 408.

"The Supreme Court has observed that '[a] QDRO enquiry [by a plan administrator] is relatively discrete, given the specific and objective criteria for a domestic relations order that qualifies as a QDRO.'" *Brown v. Cont'l Airlines, Inc.*, 647 F.3d 221, 224 (5th Cir. 2011) (internal citation omitted); *see also Blue v. UAL Corp.*, 160 F.3d 383, 385 (7th Cir. 1998) ("ERISA does not require, or even permit, a [retirement plan] to look beneath the surface of the order. Compliance with a QDRO is obligatory[.]").  Upon correctly determining that the Domestic Relations Order qualified as a QDRO and notifying Yan of its determination, the Plan disbursed the funds to the Alternate Payee identified therein (Ms. Wang), as it was required to do.  *See Miletello*, 921 F.3d at 495 ("[if] the DRO is determined to be a QDRO, the plan administrator must pay the segregated amounts to the person entitled to them under the QDRO").  Thus, the face of Yan's pleading also confirms that U.S. Bank's QDRO determination was in accordance with the Plan.

Under the U.S. Supreme Court's "Plan Document Rule," fiduciaries cannot be held liable under ERISA for disbursing benefits "in conformity with the plan documents."  *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 300 (2009) (applying the Plan Document Rule to dismiss a fiduciary breach claim where the plan administrator disbursed funds in accordance with the plan document).  The Plan Document Rule eviscerates any attempt by Yan to allege that U.S. Bank breached its fiduciary duties.

The District Court ruled that the Complaint fails to "allege an independent fiduciary claim under [ERISA]" because "U.S. Bank's invocation of the Plan Document Rule for this point persuades[.]"[9]  *See* ROA.2093, n.4.  Yan does not address the U.S. Supreme Court's decision in *Kennedy* or the Plan Document Rule it promulgated.  Instead, he points to a DOL advisory opinion from 1999 (i.e., a decade before the Supreme Court handed down *Kennedy*), which he contends permitted U.S. Bank to ignore the Domestic Relations Order entered by the State Court.  *See* Appellant's Br. at 90 (citing *Advisory Opinion 1999-13A*, U.S. Department of Labor, Employee Benefit Administration (Sept. 29, 1999)).  That advisory opinion, which was not pleaded anywhere in the Complaint, considered

---

[9] Buried in his 100-page appellate brief, Yan confusingly claims the District Court erred by failing to apply ERISA preemption, a supposed error which he charges amounts to a "manifest miscarriage of justice."  Appellant's Br. at 39.  But it is **Defendants** that may raise ERISA preemption to dismiss state law claims that "relate to" an employee benefits plan. 29 U.S.C. § 1144(a).  Yan does not assert any state law claims against U.S. Bank.

Yan also claims in his brief that he "pleaded for prospective injunctive and declaratory relief (ROA.1076-1077 [¶¶ 186-198], ROA.1087-1089 [¶¶ 255-269]) to enjoin ongoing ERISA and constitutional violations, prevent state conspirator-actors from issuing unconstitutional interlocutory QDROs, and stop the prepayment of attorneys' fees."  Appellant's Br. at 41-42.  None of those supposed claims are asserted against U.S. Bank. *See* ROA.1076-1077 (¶¶ 186-198), ROA.1087-1089 (¶¶ 255-269).  In any event, Yan does not plausibly allege a "justiciable controversy" as required to state a claim for declaratory relief. *See Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000).  Further, Yan did not raise this argument before the District Court, and therefore cannot raise it on appeal. *See supra* Argument, § 5, B.

how a plan administrator should respond where it: "received within a very short period of time five domestic relations orders from the same lawyer"; "[e]ach order made no provision for any assignment of these participant's benefits in [the] defined benefit pension plan"; after its review of these five domestic relations orders, the plan administrator received "16 other orders that had unusual characteristics similar to those of the original five orders"; and during the review process, "each participant asserted that his order was not one of the 'fraudulent QDROs.'" *See* ROA.2039-40; *Advisory Opinion 1999-13A*, U.S. Department of Labor.

Yan does not allege any of these facts in his Complaint. He does not claim that U.S. Bank received any (let alone 20) other domestic relations order from the attorney Defendants in this case, that the Domestic Relations Order here failed to provision for an assignment of benefits, or that U.S. Bank during its review fielded any calls regarding "fraudulent QDROs." Factually inapposite, Yan also fails to offer any legal basis for why a DOL advisory opinion can supersede Supreme Court precedent. In any event, that advisory opinion concluded: "the plan administrator must determine that the order is qualified under the requirements of section 206(d)(3) of ERISA. It is the view of the Department that the plan administrator is **not** required by section 206(d)(3) or any other provision of Title I to review the correctness of a determination by a competent State authority pursuant to State

domestic relations law that the parties are entitled to a judgment of divorce." *See* ROA.2041 (citing Advisory Opinion 92-17A (Aug. 21, 1992)) (emphasis added).

The advisory opinion does nothing to support a finding that U.S. Bank breached its fiduciary duties under ERISA. Whether construed as a claim for violation of 29 U.S.C. § 1056(d)(3)(H)(i), 29 U.S.C. § 1056(d)(3)(G)(i)(II), or other subsections of ERISA, Yan fails to assert a cognizable claim for fiduciary breach against U.S. Bank.

## **CONCLUSION**

For the foregoing reasons, U.S. Bank respectfully asks the Court to affirm the rulings of the District Court dismissing with prejudice all claims asserted against U.S. Bank.

Dated: November 26, 2024

Respectfully submitted,

s/ Melissa D. Hill

TYLER J. HILL
MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, TX 75201
(214) 466-4160

MELISSA D. HILL
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6318

*Counsel for Defendant/Appellee*
U.S. BANK

## CERTIFICATE OF SERVICE

I certify that on, on the date indicated herein, a true and correct copy of the foregoing was filed electronically and served on Pro Se Plaintiff Conghua Yan and counsel of record for all other parties through this Court's CM/ECF system.

Dated:  November 26, 2024          s/ Melissa D. Hill
                                   MELISSA D. HILL

                                   *Counsel for U.S. Bank*

## CERTIFICATE OF COMPLIANCE

1.     This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), and 5th Cir. R. 32.1, this document contains 9,055 words.

2.     This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5), and 5th Cir. R. 32.1 and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 MSO in Times New Roman size 14-point font.

Dated:  November 26, 2024        s/ Melissa D. Hill
                                           M<small>ELISSA</small> D. H<small>ILL</small>

                                         *Counsel for U.S. Bank*