# Case No. 24-10543

## IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

Conghua Yan,

    *Plaintiff - Appellant*

v.

State Bar of Texas, et al.,

    *Defendants - Appellees*

On Appeal from the United States District Court for the
Northern District of Texas, Fort Worth Division
Civil Action No. 4:23-CV-00758-P, The Hon. Mark T Pittman, Presiding

# APPELLANT'S UNOPPOSED MOTION TO SUBMIT JUDICIAL NOTICE

Coming now, Appellant Conghua Yan ("Yan" or "Appellant") hereby requests the Court take the unopposed submission of judicial notice of the documents listed below in connection with his Opening Brief, pursuant to Federal Rule of Evidence 201.

I. ARGUMENTS AND AUTHORITIES

A. Federal Rule of Evidence allows judicial notice of newly available public documents.

"[I]t is appropriate in ruling on a motion to dismiss to take "judicial notice of publicly available documents and transcripts."[1]" *La. Highway St. Gabriel, LLC v. LVS II Spe I, LLC (In re La. Highway St. Gabriel, LLC)*, CASE NO. 20-10824, 5-6 (Bankr. M.D. La. Jun. 21, 2021).

"The Court takes judicial notice of the facts … as they are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from [a source] whose accuracy cannot reasonably be questioned." See FED. R. EVID. 201(b)" *George v. SI Grp.*, No. 20-40427, 4 n.[2] (5th Cir. Nov. 2, 2021).

B. This notice contains facts that became newly available after around January 1-9, 2025, subsequent to Yan submitting the reply brief.

---

[1] *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (citing *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007)). *See also Basic Capital Management, Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (holding that Fed. R. Evid. 201(d) expressly provides that a court 'may take judicial notice at any state of the proceeding,' and Fifth Circuit precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion)." *La. Highway St. Gabriel* at 7 n.18.

The following document was available on Defendant, the State Bar of Texas website after around January 1-9, 2024, for the public meeting held on January 9, 2025.

- Appendix A: AGENDA [2]: STATE BAR OF TEXAS EXECUTIVE COMMITTEE Thursday, January 9, 2025 – 10:00 a.m. CST (Public comments is allowed under agenda item 17). (hereafter "*Agenda*").

C. The Chief Disciplinary Counsel committed an overt act under *18 U.S.C. § 1962(d)*, conspiring to conceal information from public view for the purpose of controlling damage to the racketeering scheme.

"If conspirators have a plan which calls for some conspirators to perpetrate the crime and ***others to provide support, the supporters are as guilty as the perpetrators***. … "[P]lainly a person may conspire for the commission of a crime by a third person."…A person, moreover, may **be liable for conspiracy even though** he *was incapable* **of committing the** *substantive offense*."" *[Salinas v. United States, 522 U.S. 52, 64 (1997)](.)*.

"RICO is to be **read broadly**. … RICO is to "be **liberally construed** to **effectuate its remedial purposes**," … The statute's "**remedial purposes**" are **nowhere more evident** than in the provision of a private action for those injured by racketeering activity. … Far from effectuating these purposes, the **narrow readings**

---

[2] https://www.texasbar.com/AM/Template.cfm?Section=Meeting_Agendas_and_Minutes&Template=/CM/ContentDisplay.cfm&ContentID=66487

offered by the dissenters and the court below **would in effect eliminate § 1964(c)** from the statute." *Sedima* at 497-98.

Conspiracy is serious business, control damage or attempt to conceal a conspiracy are statements made "in furtherance of" conspiracies. Pursuant to the precedents, the Seventh Circuit's pronouncement stated:

> "Under the reasonable basis standard, <u>a statement may be susceptible to alternative interpretations and still be "in furtherance of the conspiracy</u>." Shoffner, 826 F.2d at 628. Yet, <u>the statement need not have been made exclusively, or even primarily, to further the conspiracy in order to be admissible under the coconspirator exception</u>. United States v. Johnson, 200 F.3d 529, 533 (7th Cir. 2000); United States v. Powers, 75 F.3d 335, 340 (7th Cir. 1996). Rather, <u>the record need only contain some reasonable basis for concluding that the statement in question furthered the conspiracy in some respect</u>. Stephenson, 53 F.3d at 845." U.S. v. Vallone, No. 04 CR 0372, 4 (N.D. Ill. Feb. 19, 2008).

> "The Government has a relatively low burden of proof on the issue of whether a statement is made "in furtherance" of a conspiracy. Shoffner, 826 F.2d at 628. Such statements can <u>take on a variety of forms</u>, and the Seventh Circuit has upheld the admission of a wide assortment of coconspirators statements. For instance, <u>statements used to recruit potential coconspirators</u>, id., <u>update others on a conspiracy's progress</u>, United States v. Potts, 840 F.2d 368, 371 (7th Cir. 1987), <u>control damage to an ongoing conspiracy</u>, United States v. Van Daal Wyk, 840 F.2d 494, 499 (7th Cir. 1988), <u>plan or review co-conspirators' exploits</u>, United States v. Molt, 772 F.2d 366, 369 (7th Cir. 1985), and <u>attempt to conceal the conspiracy</u>, United States v. Kaden, 819 F.2d 813, 820 (7th Cir. 1987), have been approved as statements made "in furtherance of" conspiracies. In turn, the court recognizes that "<u>conspiracy is serious business, and talk about it among or by the conspirators should not be presumed to be unrelated to the</u>

accomplishment of the conspiracy's goals." United States v. Pallais, 921 F.2d 684, 688 (7th Cir. 1990)." U.S. v. Vallone, No. 04 CR 0372, 4-5 (N.D. Ill. Feb. 19, 2008).

"Statements that are "part of the information flow between conspirators intended to help each perform his role" are statements "in furtherance." United States v. Gajo, 290 F.3d 922, 929 (7th Cir. 2002); United States v. Hunt, 272 F.3d 488, 495 (7th Cir. 2001). … Statements designed to conceal a conspiracy also are deemed to be "in furtherance" where ongoing concealment is a purpose of the conspiracy. Gajo, 290 F.3d at 928-29. Therefore, "statements made to keep coconspirators informed about the progress of the conspiracy, to recruit others or to control damage to the conspiracy are in furtherance of the conspiracy. Stephenson, 53 F.3d at 845." U.S. v. Vallone, No. 04 CR 0372, 5 (N.D. Ill. Feb. 19, 2008).

"We **agree with the Seventh Circuit**'s pronouncement that statements "in furtherance" of a conspiracy can take many forms, including statements seeking to control damage to an ongoing conspiracy and statements made in an attempt to conceal the criminal objectives of the conspiracy. See United States v. Doerr, 886 F.2d 944, 951 (7th Cir. 1989);" U.S. v. Broussard, 80 F.3d 1025, 1039 (5th Cir. 1996).

The Fifth Circuit ruled that, a statement is made in furtherance of the conspiracy if it advances the ultimate goal of the conspiracy. See *United States v. Phillips*, 219 F.3d 404, 419 (5th Cir. 2000). The Fifth Circuit "have repeatedly cautioned "that the 'in furtherance' requirement is not to be construed too strictly lest the purpose of the [conspiracy statement non-hearsay] exception be defeated."" United States v. Fairley, 880 F.3d 198, 214 (5th Cir. 2018).

*Agenda* at page 3, paragraph 17, "Discussion: Report from Chief Legal Counsel," deliberately omits this appeal case from the public disclosure. It lists every case except Yan's RICO case. "*Turnbull v. Commission for Lawyer Discipline*, et al. (No. 24-50260) (5th Cir.)," a successor to Yan's appeal, is included, but Yan's appeal, the predecessor, is not. This *Agenda*, posted on the State Bar of Texas website and considered a public statement, hides essential information about a significant racketeering issue from the public.

The Chief Disciplinary Counsel has a duty to disclose all ongoing legal matters to the EXECUTIVE COMMITTEE under Texas Opening Meeting Act, and the State Bar of Texas must receive public comments at open meeting. Withholding information deceive the public. Disclosure is a ministerial duty; concealment is not.

"An overt act **may be in itself entirely legal**. It is **sufficient** if it be an act done in the furtherance of a conspiracy." *Horwitz v. United States*, 63 F.2d 706, 709 (5th Cir. 1933). Up to today, Chief Disciplinary Counsel have not disclosed Yan's appeal to the committee members through open meetings at all, they cannot claim to be a Texas state agency while operating like a deep state agency.

Statements designed to conceal a conspiracy also are deemed to be "in furtherance" where ongoing concealment is a purpose of the conspiracy; Statements used to control damage to an ongoing conspiracy or attempt to conceal the

conspiracy have been approved as statements made "in furtherance of" conspiracies. The *Agenda* is a newly discovered evident statement to achieve the goal of in furtherance of conspiracies. The State Bar of Texas and its affiliates have tried every possible way to conceal the its racketeering crime to the public, as they did during various proceedings.

Various forms of prospective relief are needed to stop the ongoing embezzlement of ERISA funds and to bring public awareness to the future predicate acts. Many Texas victims were not informed that it was unlawful to divert their ERISA funds before the divorce decree was rendered, and *future victims will likely be fall into the same conspiracy*. There are 9,600 divorce cases pending in Tarrant County family court alone, with an estimated 130,000+ cases statewide. Over a decade, this accumulates to well more than one million cases. Even a small fraction of litigants falling victim to this ERISA fund embezzlement, each losing at least $10,000, presents an unimaginable situation.

<u>Any further overt acts</u> performed by <u>any associate</u> of the State Bar of Texas to dispose Yan's petition is a serious matter involving concealment and damage control.

## CONCLUSION

Yan respectfully requests that this Court grant his motion to submit this judicial notice and accept the Appendix A: *Agenda* as part of the record.

Respectfully submitted,

                                                                <u>/s/ Conghua Yan</u>
Conghua Yan, Pro Se Plaintiff
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092]
[214-228-1886] [arnold200@gmail.com]

# UNSWORN DECLARATION UNDER PENALTY OF PERJURY

*28 U.S.C. § 1746*

My name is Conghua Yan. I am over the age of 18, and I am fully competent to execute this unsworn declaration. I am the movant in this Motion. I am the pro se litigant filing the Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 13, 2025.

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff

# CERTIFICATE OF CONFERENCE

On January 9, 2025, Yan conferred with all Appellees.

Appellees the State Bar of Texas; Luis Jesus Marin; Daniel Eulalio Martinez; Rachel Ann Craig; William Albert; Lori L. Deangelis; U.S. Bank; Barrows Firm; Leslie Starr Barrows; Samantha Ybarra graciously unopposed this request.

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092]
[214-228-1886] [arnold200@gmail.com]

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document has been served in a manner in compliance with Rule 25(b) and (c) of the Fed. R. App. P., on January 13, 2025, on all registered counsel of record, and has been transmitted to the Clerk of the Court.

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092]
[214-228-1886] [arnold200@gmail.com]
July 26, 2024

# Appendix A

# AGENDA
## STATE BAR OF TEXAS
## EXECUTIVE COMMITTEE
**Thursday, January 9, 2025 – 10:00 a.m. CST**

**Texas Law Center – Stewart Morris Board Room**
**1414 Colorado St.**
**Austin, TX 78701**

The presiding officer will be physically present at the meeting location listed above.

**<u>Members of the Public:</u>**
<u>View the meeting via PC, Mac, iOS or Android Device:</u>
www.youtube.com/statebaroftexas

**Public comments will be received under agenda item 3.**
Those who wish to address the Executive Committee in-person during this meeting should fill out a speaker card at the beginning of the meeting and submit it to a staff member onsite. To sign up to speak remotely, please email boardofdirectors@texasbar.com or call (512) 427-1400 or (800) 204-2222 (toll free) before 5 p.m. CST on Wednesday, January 8, 2025. Please provide the agenda item number you wish to speak on.

Written comments regarding agenda items must be received by 5 p.m. CST on Monday, January 6, 2025, for timely distribution to the Executive Committee members before the meeting. Please submit written comments by email to boardofdirectors@texasbar.com and indicate the agenda item you are referring to.

Link to the January 9, 2025, Executive Committee Agenda and Materials:
www.texasbar.com/bodmaterials

> **Under the Americans with Disabilities Act, an individual with a disability must have an equal opportunity for effective communication and participation in public meetings. Upon request, the State Bar of Texas will provide reasonable modifications and equal access to communications. For assistance, please contact Tami Knoll at (512) 427-6850 or (800) 204-2222 (toll free) at least two working days prior to the scheduled meeting so that appropriate arrangements can be made. Individuals with speech or hearing disabilities can contact Ms. Knoll by routing through Relay Texas at phone number 7-1-1 or another designated phone number provided at relaytexas.com.**

1. **Call to Order** — Steve Benesh

2. **Roll Call** — Trey Apffel

3. **Remarks from the General Public***
   *(Members of the public will have an opportunity to comment during the meeting.)*

4. **Report from Executive Director** — Trey Apffel **(Materials)**
   **Discussion:** General Report

5. **Report from President** — Steve Benesh **(Materials)**
   A. **Discussion:** General Report

   B. **Action:** Consider and discuss approval of minutes of the September 5, 2024, Executive Committee meeting

6. **Report from Chair of the Board** — Paul K. Stafford
   **Discussion:** General Report

7. **Report from President-elect** — Santos Vargas **(Materials)**
   A. **Discussion:** General Report

   B. **Budget Committee**
      **Action:** Consider and discuss recommendation of Board approval of SBOT 2025-26 proposed budget for publication in the *Texas Bar Journal*

8. **Report from Immediate Past President** — Cindy Tisdale
   **Discussion:** General Report

9. **Executive Committee**
   A. **Nominations & Elections Subcommittee** — Cindy Tisdale/Kennon Lily Wooten **(Materials)**
      1) **Discussion:** General Report
      2) **Action:** Consider and discuss approval of the recommendation of nominees for 2025-26 SBOT president-elect candidacy:
         Deborah L. Cordova (Edinburg)
         G. David Smith (Rockwall)

   B. **Policy Manual Subcommittee** — Matthew J. Hill **(Materials)**
      1) **Discussion:** General Report
      2) **Action:** Consider and discuss approval of increasing the CLE speaker meal reimbursement maximum in section 7.03.08(c)(3) from $40 to $60

10. **Audit & Finance Committee** — Forrest Huddleston **(Materials)**
    A. Financial Reports and General Review of Financial Statements

    B. Update on Internal Audits

    C. Financial Audit for Fiscal Year ending May 31, 2024

11. **Minimum Continuing Legal Education Committee** — Stuart Colburn **(Materials)**
    1) **Discussion:** General Report
    2) **Action:** Consider and discuss approval of the MCLE Committee's recommendation to change Section 2.1.2 of the Texas MCLE Regulations on accredited CLE activities to include credit for attorneys participating in arbitration, alternative dispute resolution, mediation, transactional, client counseling and negotiation competitions
    3) **Action:** Consider and discuss approval of the MCLE Committee's recommendation to amend Section 1.3 of the Texas MCLE Regulations to change the title of the Texas Center for Legal Ethics required course from "The Guide to the Basics of Law Practice," to the current title of "The Justice James A. Baker Guide to Ethics and Professionalism"

12. **Ad Hoc Committee to Select At-Large Directors** — Elizabeth Sandoval Cantu
    **Discussion:** General Report

13. **Section Representatives to the Board** — Judge Jerry Bullard
    **Discussion:** General Report

14. **Discussion:** Supreme Court Liaison — Senior Justice Debra Lehrmann

15. **Discussion:** Texas Young Lawyers Association — Hisham Masri **(Materials)**

16. **Discussion:** Report from General Counsel — Ross Fischer

17. **Discussion:** Report from Chief Legal Counsel — Chris Ritter
    A. **Closed Session:** As authorized by Texas Government Code Section 551.071 for the purpose of consulting with legal counsel regarding *Boudreaux v. Louisiana State Bar Association*, 86 F.4th 620 (5th Cir. 2023), *Alford v. State Bar of Texas* (No. 4:24-cv-01679) (S.D. Tex.); *Turnbull v. Commission for Lawyer Discipline, et al*. (No. 24-50260) (5th Cir.) and (No. 15-24-00095-CV) (15th Court of Appeals); *Robins v. State Bar of Texas, et al*. (No. 202418660) (129th District Court, Harris County); *Philip Ireland v. State Bar of Texas et al*. (No CV22279) (Freestone County, Tex.); *Winningham v. SBOT, et. al*. (No. 4:24-cv-881-O-BP)(N.D. Tex.); and *Jacob Barreras v. State Bar of Texas* (No. 3:24-cv-00302-MJT) (W.D. Tex.), and legal matters related to 1415 Lavaca; and as authorized by Texas Government Code Section 551.074 to deliberate regarding personnel matter(s)

    B. **End of Closed Session/Return to Open Session**

    C. **Action,** if needed, on items discussed in closed session

18. **Adjourn** — Steve Benesh

If, during the course of the meeting covered by this notice, the Executive Committee should determine that a closed session of the Executive Committee should be held or is required in relation to any item included in this notice, then such closed session as authorized by Texas Open Meetings Act (Tex. Gov't Code Ch. 551) will be held by the Executive Committee at that date, hour and place given in this notice or as soon after the commencement of the meeting covered by this notice as the Executive Committee may conveniently meet in such closed session concerning any and all subjects and for any and all purposes permitted by Sections 551.071 – 551.084, inclusive, of the Texas Open Meetings Act. The Executive Committee reserves the right to take action in open session on any item discussed in closed session.

Items on the agenda will not necessarily be discussed or considered in the order they are printed on the agenda above. Comments from the public may be taken throughout the Executive Committee meeting.

---

**SBOT MISSION**
The mission of the State Bar of Texas is to support the administration of the legal system, assure all citizens equal access to justice, foster high standards of ethical conduct for lawyers, enable its members to better serve their clients and the public, educate the public about the rule of law and promote diversity in the administration of justice and the practice of law.