# Case No. 24-10543

## *IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT*

Conghua Yan,

    *Plaintiff - Appellant*

v.

State Bar of Texas, et al.,

    *Defendants - Appellees*

On Appeal from the United States District Court for the
Northern District of Texas, Fort Worth Division
Civil Action No. 4:23-CV-00758-P, The Hon. Mark T Pittman, Presiding

# APPELLANT'S REPLY TO SBTX RESPONSE TO MOTION TO SUBMIT JUDICIAL NOTICE

Coming now, Appellant Conghua Yan ("Yan" or "Appellant") hereby requests the Court take the reply to APPELLEES, The State Bar of Texas, Luis Jesus Marin, Daniel Eulalio Martinez, and Rachel Ann Craig's Response to Appellant's Unopposed Motion to Submit Judicial Notice.

## I.  FACTS

Appellant Conghua Yan requested a conference regarding his proposed motion to Appellees via email on January 9, 2025. The same email was copied to all Appellees. The STBX Appellees replied with an unopposed position on January 10. On January 13, the last Appellee replied, also indicating an unopposed position. Appellant Conghua Yan submitted his motion to this Court on January 13, 2025, and served a copy to all Appellees. Afterwards The STBX Appellees changed their position.

The STBX Appellees' response at note 2, further indicated that The STBX has **concealed Case number 24-10543** to the committee and the public after March 21, 2024.

## II.  ARGUMENTS AND AUTHORITIES

A. A court may take judicial notice of matters of newly available public record in de novo review, considering a motion to dismiss.

"[I]t is clearly proper in deciding a [Rule 12] motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007); accord *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

B. This *18 USC § 664* case is a Texas family court Enron scandal involving STBX affiliates, every newly developed conspiracy statement is conspirators' continuing offense, need to be considered by this Court.

Appellant has alleged an ongoing, decade-long, statewide scheme of ERISA fund embezzlement pattern, both open end and close end. The goal of this Texas family courts conspiracy, comparable in scale to Enron, is to unlawfully divert money from family court litigants' ERISA funds to enrich family law attorneys' revenue using unappealable temporary orders. This scandal is ongoing and shows no signs of stopping unless some prospective reliefs are granted.

"Webster defines the word 'unlawful' as follows: 'Not lawful; contrary to law; illegal; not permitted by law.' * * * The word 'unlawful' as defined by Bouvier in his Law Dictionary is 'That which is contrary to law.' Another definition is: 'Unlawful implies that an act is done or not done as the law allows or requires.'" *Punchard v. State*, 122 Tex. Crim. 134, 138 (Tex. Crim. App. 1932).

"The same act cannot be both lawful and unlawful." *Corbitt v. New Jersey*, 439 U.S. 212, 233 (1978). "Acts generally lawful may become unlawful when done to accomplish an unlawful end, and a constitutional power cannot be used by way of

condition to attain an unconstitutional result." *Gomillion v. Lightfoot*, 364 U.S. 339, 347 (1960).

"("A conspiracy is a partnership in criminal purposes ... [and] an overt act of one partner may be the act of all without any new agreement specifically directed to that act."); … (the liability of an individual conspirator **continues** until the conspiracy accomplishes its goals or that conspirator withdraws, the latter of which requires an affirmative action)" *U.S. v. All Star Industries*, 962 F.2d 465, 478 (5th Cir. 1992). "In order to withdraw, a conspirator must show that he acted affirmatively to defeat or disavow the purpose of the conspiracy." *United States v. Killian*, 639 F.2d 206, 209 (5th Cir. 1981).

"Because conspiracy is a **continuing** offense, "a defendant who has joined a conspiracy **continues to violate the law through every moment of the conspiracy's existence**, and he becomes responsible for the acts of his co-conspirators in pursuit of their common plot." … A defendant's **membership in the ongoing unlawful scheme continues** until he withdraws…. we presume that Congress intended to preserve the common-law rule that **affirmative defenses** are matters for **the defendant to prove**." *United States v. Romans*, 823 F.3d 299, 320 (5th Cir. 2016).

"[SBTX counsels'] participation …. is apparent. Once [they] became involved in the scheme, [they] had to do some affirmative act of withdrawal before she may disclaim responsibility for the subsequent acts of her co-schemers." *United States v. Martino*, 648 F.2d 367, 397 (5th Cir. 1981). "In order to withdraw from a conspiracy an individual must take affirmative action, either making a clean breast to the authorities or communicating his withdrawal in a manner reasonably calculated to reach co-conspirators."" *United States v. Gonzalez*, 797 F.2d 915, 917 (10th Cir. 1986). None of the STBX affiliates have reported to the authorities, and STBX is continuing to offer attorney licenses to the Defendants.

"It is well-established that, as a participant in the … conspiracy, [Defendant] is legally liable for all the actions of her coconspirators in furtherance of this crime. … Conspiracy is, therefore, a continuing offense and, in accordance with this principle, "[t]he district court had the authority to order restitution for the losses caused by the entire fraud scheme, not merely for the losses caused by the specific acts. "" *U.S. v. Chaney*, 964 F.2d 437, 453 (5th Cir. 1992).

"Direct evidence of a conspiracy is unnecessary; each element may be inferred from circumstantial evidence." *United States v. Casilla*, 20 F.3d 600, 603 (5th Cir. 1994). "The agreement may be inferred from a "concert of action." …only `slight' evidence is needed to connect an individual to that conspiracy." ""Knowledge of a

conspiracy and voluntary participation in a conspiracy may be inferred from a `collection of circumstances.'"" *U.S. v. Jensen*, 41 F.3d 946, 955 (5th Cir. 1995).

"Evidence of ... a conspiracy can be actual knowledge, overt actions with another, such as arming oneself in anticipation of apprehension, or **inferred from the knowledge of the alleged co-conspirator of the impropriety of the actions taken by the other co-conspirator.**" *Doe v. McKesson*, 922 F.3d 604, 610 (5th Cir. 2019).

Since 2022 SBTX CDC counsels have taken numerous overt actions and themselves possess enough knowledge of the alleged co-conspirator's impropriety in the actions. SBTX CDC counsels blatantly disregarded **two** Board of Disciplinary Appeals decisions, knowing the two back-to-back reversal rates from the Board of Disciplinary Appeals is 0.36%. These acts were "actionable wrong." See *Griese-Traylor Corp. v. First National Bank*, 572 F.2d 1039 (5th Cir. 1978).

SBTX has done nothing affirmative to stop the ongoing scheme or to communicate this ongoing scheme to any authority.

"A representation is `false' or `fraudulent' if it relates to a material fact and is known to be untrue or is made with reckless indifference as to its truth or falsity, and is made or caused to be made with intent to defraud. A statement or representation may also be `false' or `fraudulent' when it constitutes **a half truth**, or **effectively**

**conceals a material fact**, with intent to defraud." *United States v. Chavis*, 772 F.2d 100, 109-10 (5th Cir. 1985). The January 2025 meeting agenda contained a **half truth**, **effectively concealed a material fact of Yan's case.**

The January 2025 meeting agenda is further evidence of "statements seeking to control damage to an ongoing conspiracy and statements made in an attempt to conceal the criminal objectives of the conspiracy". See *U.S. v. Broussard* 80 F.3d 1025 (5th Cir. 1996),

All the *18 USC § 1961* predicate acts defined for *18 USC §§ 1962-1964* purposes carry the same weight. The SBTX should recognize that they cannot use racketeering income incurred from *18 USC § 933* or *§ 1083*, or from dealing in a controlled substance, to operate the State Bar of Texas enterprise. What makes them think they can continue to use racketeering income incurred from *18 USC § 664*, to operate the State Bar of Texas enterprise and to keep status quo? The revenue obtained from *18 USC § 664* is as unlawful as cocaine sale revenue of Mexico Cartel. If a Mexico Cartel cannot keep their cocaine sale revenue, Texas family lawyers should not keep embezzled ERISA funds as well. Indeed, the entire Texas legal system has done nothing to date. Judicial independence does not last long in the absence of judicial integrity.

## CONCLUSION

Yan respectfully requests that this Court grant his motion to submit this judicial notice.

Respectfully submitted,

/s/ Conghua Yan  
Conghua Yan, Pro Se Plaintiff

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092]
[214-228-1886] [arnold200@gmail.com]

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document has been served in a manner in compliance with Rule 25(b) and (c) of the Fed. R. App. P., on January 23, 2025, on all registered counsel of record, and has been transmitted to the Clerk of the Court.

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092]
[214-228-1886] [arnold200@gmail.com]
