# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
September 29, 2025
Lyle W. Cayce
Clerk

No. 24-10543

Conghua Yan,

        *Plaintiff—Appellant*,

versus

The State Bar of Texas, *a private company*; The Barrows Firm, *a private company*; Leslie Starr Barrows, *in Individual Capacity, as Member of the State Bar of Texas*; William Albert Pigg, *in Individual Capacity, as Member of the State of Texas*; Samantha Ybarra, *in Individual Capacity, as Member of the State Bar of Texas*; Luis Jesus Marin, *in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC*; Daniel Eulalio Martinez, *in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC*; Rachel Ann Craig, *in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC*; Lori L. Deangelis, *in Individual Capacity, as member of the State Bar of Texas, and Official Capacity as Associated Judge*; U.S. Bank,

        *Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-758

_____

Before Elrod, *Chief Judge*, and Clement and Haynes, *Circuit Judges*.

No. 24-10543

Per Curiam:*

Pro se plaintiff Conghua Yan sued a number of defendants alleging a "decade-long and widespread pattern" of "racketeering activity" conducted by the State Bar of Texas, seven of its members, and several other entities. Every defendant except William Albert Pigg moved to dismiss. Pigg, instead, filed an answer denying Yan's allegations.

The district court dismissed the claims against the defendants that had filed motions to dismiss, without mentioning Pigg or the claims against him.[1] The district court purported to dismiss the case on the basis that "all other Defendants have been terminated at this juncture." It also entered a "Final Judgment." But Pigg's liability was not adjudicated, or even addressed, elsewhere in the record.

Yan filed a motion to alter the judgment because the district court did not address all the issues raised in his complaint. The district court denied the motion without a written order. Yan filed a timely notice of appeal.

"In general, federal appellate courts have jurisdiction pursuant to 28 U.S.C. § 1291 to hear appeals from 'final decisions,' although in limited circumstances, an appellate court's jurisdiction may extend to reviewing nonfinal or interlocutory orders." *Witherspoon v. White*, 111 F.3d 399, 401 (5th Cir. 1997). For a judgment to be final, it "must adjudicate the rights and liabilities of all parties properly before the court." *Id.* We construe ambiguous language about which parties or claims are being dismissed consistent with the district court's intent. *Id.* at 401–02. "However, when the record clearly indicates that the district court failed to adjudicate the rights and liabilities of

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Yan alleged distinct claims against Pigg under the Racketeer Influenced and Corrupt Organizations Act, the Sherman Antitrust Act, and 42 U.S.C. § 1983.

all parties, the order is not and cannot be presumed to be final, irrespective of the district court's intent." *Id.* at 402. "Merely labeling a judgment as final does not make it so." *Id.* at 401.

Here, the district court did not adjudicate the rights and liabilities of Pigg, a party properly before the court, so the underlying judgment is not a final judgment. *See id.* at 403 (dismissing for lack of jurisdiction an appeal of a purported final judgment that did not adjudicate the rights and liabilities of all parties). But that does not end the analysis.

Federal Rule of Civil Procedure 54(b) permits district courts to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." But "when the district court fails to clearly indicate that a judgment disposing of less than all parties was entered pursuant to Rule 54(b), the judgment is not considered final." *Witherspoon*, 111 F.3d at 403.

Here, as in *Witherspoon*, the record lacks a clear indication that the district court intended to enter partial judgment under Rule 54(b). *See id.* To the contrary, the district court stated that "all other Defendants have been terminated at this juncture" and styled the judgment as a "Final Judgment."

Accordingly, we DISMISS this appeal for lack of jurisdiction and REMAND to the district court for further proceedings. *See Witherspoon*, 111 F.3d at 403; *Arvie v. Lastrapes*, No. 92-4976, 1993 WL 241546, at *2 (5th Cir. June 18, 1993) (per curiam) (dismissing appeal of nonfinal judgment for lack of jurisdiction and remanding for further proceedings) (unpublished but precedential under 5TH CIR. R. 47.5.3); *see also Edwards v. Oliver*, 31 F.4th 925, 932 (5th Cir. 2022) (dismissing interlocutory appeal for lack of appellate jurisdiction and remanding for further proceedings). All pending motions before our court in this appeal are also DISMISSED.